GARY T. LAFAYETTE (Cal. Bar No. 88666)
(Email: glafayette@lkclaw.com)
BRIAN H. CHUN (State Bar No. 215417)
(Email: bchun@lkclaw.com)
BARBARA L. LYONS (Cal. Bar No. 173548)
(Email: blyons@lkclaw.com)
**LAFAYETTE & KUMAGAI LLP**
1300 Clay Street, Ste. 810
Oakland, CA 94612
Telephone: (415) 357-4600
Fax: (415) 357-4605

Attorneys for Defendant
EQUILON ENTERPRISES LLC dba
SHELL OIL PRODUCTS US

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MARCO DIMERCURTO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated,

Plaintiffs,

v.

EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, and DOES 1 THROUGH AND INCLUDING 25,

Defendants.

Case No. ____________

**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

**[FEDERAL QUESTION (LABOR RELATIONS MANAGEMENT ACT); DIVERSITY (CLASS ACTION FAIRNESS ACT OF 2005)]**

(Contra Costa Superior Court Case No. C19-01144)

State Court action filed: June 4, 2019
Process served: June 14, 2019

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441(a) and 1446, and 29 U.S.C. § 185(c), EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US ("Equilon" or "Defendant") hereby removes to this Court the state court action pending in the Superior Court of the State of California, County of Contra Costa, entitled *MARCO DIMERCURTO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated, Plaintiffs, v. EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, and DOES 1 THROUGH AND INCLUDING 25, Defendants*, Case No. C19-01144 (the "Action").

**PROCEDURAL BACKGROUND AND GROUNDS FOR REMOVAL**

1. Plaintiffs MARCO DIMERCURTO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL (individually and collectively, "Plaintiffs") commenced the Action against Equilon by filing a Class Action Complaint (the "Complaint") in the Contra Costa Superior Court on June 4, 2019. Equilon is the only Defendant named in the Action.

2. As shown herein, the Action is a civil action of which this Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005's ("CAFA's") diversity jurisdiction provisions (28 U.S.C. § 1332(d)), and is one which may be removed to this Court by Equilon pursuant to 28 U.S.C. § 1441(a).

3. In addition, where Plaintiffs allege that an Equilon "standby shift policy" gives rise to their claims for unpaid wages, they are in fact challenging application of a collective bargaining agreement between the United Steel Worker and Equilon. Therefore, their suit raises a federal question of preemption under section § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and this Court has federal question jurisdiction (28 U.S.C. § 1331) on that further, independent basis.

**TIMELINESS OF REMOVAL**

4. Equilon was served with the Summons, Complaint and related case documents in the Action through its registered agent Corporation Service Company on June 14, 2019. True and

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

correct copies of the Summons, Complaint and related case documents served upon Equilon are attached hereto as **Exhibit A.**

5. On July 11, 2019, Equilon filed and served an Answer to the Complaint in the Contra Costa County Superior Court. A true and correct copy of Equilon's Answer to the Complaint is attached hereto as **Exhibit B**.

6. The Complaint and Answer constitute the only pleadings that have been filed in the Action as of the filing date of this this Notice of Removal.

7. This Notice of Removal has been filed within thirty (30) days after Equilon was served with summons and complaint and is therefore timely under 28 U.S.C. §1446(b)(1).

**JOINDER IN OR CONSENT TO CAFA REMOVAL**

8. No other defendants have been named in the Action. Therefore, 28 U.S.C. § 1453(b), which requires all defendants' joinder in or consent to removal under CAFA, does not apply.

**SERVICE ON PLAINTIFFS' COUNSEL AND TRIAL COURT**

9. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies a copy of this Notice of Removal and all supporting pleadings will be promptly served on Plaintiffs' counsel and filed with the Clerk of the Contra Costa Superior Court. Thereupon, all procedural requirements under 28 U.S.C. § 1446 will be satisfied.

**VENUE**

10. Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1446(a), because the state court from which the Action is removed is located in this District.

**ORIGINAL JURISDICTION**

**UNDER THE CLASS ACTION FAIRNESS ACT (28 U.S.C. § 1332(d))**

11. CAFA vests a district court with original jurisdiction of a class action where: (a) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest or costs" (28 U.S.C. § 1332(d)(2)); and (b) "any member of a class of Plaintiffs is a citizen of a State

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

different from any Defendant (28 U.S.C. § 1332(d)(2)(A); *see Luther v. Countrywide Home Loans Servicing LP*, 553 F.3d 1031, 1033-1034 (9th Cir. 2008) ("complete diversity is not required")); (c) the primary defendants are not "States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief" (28 U.S.C. § 1332(d)(5)(A)); and (d) "the number of members of all proposed plaintiff classes is in the aggregate" at least 100 (28 U.S.C. § 1332(d)(5)(B)). The Action satisfies all four criteria for CAFA removal of a class action.

**A. Class Action.**

12. The Complaint concerns alleged breaches of Equilon's duty to pay refinery operators "reporting time" pay for "standby" shifts, *i.e.*, hours during which Equilon allegedly requires operators to be on call to come into work if needed. (Complaint (Exh. A), ¶¶ 1 at 2:6-12.)

13. Plaintiffs' Complaint includes the following four causes of action:

(a) A First Cause of Action for Failure to Pay Reporting Time Pay (California Industrial Welfare Commission Wage Order No. 1-2001) (Complaint (Exhibit A), ¶¶ 34-38 at 8:23-9:19). Plaintiffs claim up to four hours pay for each work day on which they were scheduled for standby shifts.

(b) A Second Cause of Action for Failure to Pay All Wages Earned at Termination (California Labor Code §§ 200-203). (*Id.*, ¶¶ 39-43 at 9:20-10:9.) Based on same the alleged failure to pay reporting time wages, Plaintiff Martin Synigal alleges that Equilon owes him and other separated operators 30 days' wages as penalties under California Labor Code § 203 for failure to timely pay all wages due on termination. (*Id.*, ¶¶ 40-43 at 9:260-10:9.).

(c) A Third Cause of Action for Failure to Furnish Accurate Wage Statements (California Labor Code §§ 226 and 226.3). (*Id.*, 44-49 at 10:10-11:7). Plaintiffs assert that Equilon is liable for penalties under California Labor

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

Code §§ 226(e) and/or 226.3 and/or Wage Order 1-2001 for furnishing inaccurate wage statements (*i.e.*, wage statements that do not include reporting time pay).

(d) A Fourth Cause of Action for violation of the Unfair Competition Law (California Business and Professions Code §§ 17200 *et seq*.). (*Id.*, ¶¶ 50-54 at 11:8-24). 49-59 at 11:4-13:3). Plaintiffs' Fourth Cause of Action is derivative of the First and Second Causes of Action, and enlarges the otherwise applicable three-year statute of limitations to four years. (Cal. Bus. & Prof. Code § 17208.)

14. Plaintiffs bring the Action as a putative class action. (Complaint (Exh. A), ¶ 1 at 2:6-8, ¶¶ 25-33 at 6:18-8:22.)

15. Plaintiffs pray for compensatory, economic, and/or special damages (Complaint, Prayer, ¶¶ C-D at 12:3-5), for unpaid wages (*id.*, ¶ E at 12:6-7), for penalties "in accordance with California law" (*id.*, ¶ F at 12:8), for restitution and "restitutionary disgorgement" under California Business and Professions Code §§ 17200 *et seq*. (*id.*, ¶ H at 12:11-13), and for interest and attorneys' fees under California Labor Code §§ 226 and 1194 and California Code of Civil Procedure § 1021.5 (*id.*, ¶ I at 12:14-16).

**B. Class Size.**

16. Plaintiffs define their proposed class as:

> All operators working at the refinery of Equilon Enterprises LLC dba Shell Oil Products US in Martinez, California at any time from four years prior to the filing of this complaint up to and continuing until the time that judgment is entered in this case.

(Complaint (Exh. A), ¶ 25 at 6:20-23.)

17. Plaintiffs allege that the Class has more than 100 members. (Complaint (Exh. A), ¶ 27 at 6:28-7:2.)

18. At present, Equilon employs over 300 operators at the Martinez refinery. (Declaration of Christine Hillier in Support of Defendant's Notice of Removal, dated July 12,

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

2019 (“Hillier Decl..”), ¶ 14 at 4:26.)

19. Based on the foregoing, the number of class members is at least 100, and the Action meets CAFA’s numerosity requirement. 28 U.S.C. § 1332(d)(5)(B).

**C. CAFA Amount in Controversy.**

20. The alleged amount in controversy, exclusive of interest and costs, exceeds $5,000,000 in the aggregate. “In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint.” *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (citation omitted). In a wage and hour case, the amount in controversy “is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.” *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018).

21. Although Plaintiffs do not specify a total amount in controversy, the Complaint’s allegations demonstrate that this case satisfies the $5,000,000 CAFA threshold (28 U.S.C. § 1332(d)(2)). *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) (a plaintiff should not be able to “prevent … removal by failing to reveal information showing removability and then objecting to removal when the defendant has discovered that information on its own”; declarations by Vice President of Human Resources and General Counsel sufficed to establish amount in controversy in excess of $5,000,000). Furthermore, a defendant noticing removal need only include a “plausible allegation that the amount in controversy exceeds the jurisdictional threshold.” *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, ___, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014). “Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.” *Ibid.*

22. Plaintiffs have identified a large class of putative Class members, whose claims “shall be aggregated to determine whether the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.” 28 U.S.C. § 1332(d)(6).

23. For reporting time pay, the applicable statute of limitations is four years (three under the Labor Code for unpaid wages (Cal. Civ. Proc. Code 338(a)), extended by one year for the UCL claim (Cal. Bus. & Prof. Code § 17208)). Plaintiffs claim "reporting time" pay for "standby" shifts, *i.e.*, shifts for which they contend they were required to be available but did not necessarily work. Reporting time pay is one-half day's wage, payable at the worker's usual daily rate, up to a maximum of four hours. As operator shifts are 12 hours, Plaintiffs' reporting time claim is for four hours per Class member per standby shift.

24. For the period from June 4, 2015 to the present, base hourly pay rates for Martinez refinery operators have ranged from $30.26 to $48.45. (Hillier Decl., ¶ 16 at 5:8-9.) As of June 4, 2015, the range was $30.26 to $42.63. (*Id.* at 5:9-10.) On February 1, 2016, base wages increased by 3%, to a range of $31.17 to $43.91. (*Id.* at 5:10.) Base wages increased by a further 3% on February 1, 2017, to a range of $32.11 to $45.23. (*Id.* at 5:11.) There was a further 3.5% base wage increase, to a range of $33.23 to $46.81, on February 1, 2018. (*Id.* at 5:11-12.) A further 3.5% increase took the base wage range to $34.39 to $48.45 effective February 1, 2019. (*Id.* at 5:12-13 and Exh. B at p. 1.)

25. Beginning with the September 23, 1997 Supplemental Agreement, operators have received a night shift differential of $1/hour for each 12-hour shift worked between 6 p.m. and 6 a.m. (Hillier Decl., ¶ 17 at 5:14-16 and Exh. A at p. 79.) As half of an operator's scheduled shifts are night shifts, their average hourly wages, exclusive of overtime or other premiums, are $.050 more than their base wages. (*Id.* at 5:16-17.)

26. Based on the above, Equilon calculates the amount in controversy on Plaintiffs' wage claims by using the midpoint of the above base wage range ($39.355) and adding the half of the night shift differential ($0.50), for a total of $39.855. (Hillier Decl., ¶ 18 at 5:18-20.)

27. The figure Equilon uses for estimation purposes is likely lower than a true mean average would be, because:

- Wages have increased at a higher rate in the past two years than in the preceding two years;

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

- As standby schedules generally are set early in the year along with vacation schedules, and as newly hired operators generally are not qualified for specific refinery units or tasks, new operators generally are not subject to standby; and
- As there is very little turnover in operator positions at the refinery, the operator workforce is skewed to higher-seniority workers and commensurately higher wages.

(Hillier Decl., ¶ 19 at 5:21-6:3.)

28. For Plaintiffs' First Cause of Action, they assert that they and the Class members are due "reporting time" pay equal to one half day's wages, up to four hours, for each standby shift. (Complaint, ¶ 35 at 9:1-5, ¶ 37 at 9:13-16.) Multiplying the above adjusted midpoint wage times four hours times the total number of standby shifts ($39.855 * 12,243 * 4) yields a total of $1,951,779.06 as the amount in controversy on the "reporting time pay" claim. (Hillier Decl., ¶ 20 at 6:6-8.)

29. Based on the alleged failure to pay reporting time pay, Plaintiffs contend in their Second Cause of Action contend that for each operator separated from employment during the past four years, Equilon owes (or will owe) 30 days' wages. (Complaint, ¶ 43 at 10:6-9.) Operator turnover at Martinez is fairly low. (Hillier Decl., ¶ 21 at 6:11-12.) In an average year, Equilon recruits fewer than 30 new operators, who fill positions that open up because of both promotions and separations. (*Id.* at 6:12-13.) For example, in 2017, there were a total of 18 operator separations. (*Id.* at 6:13-14.) In 2016, there were 14 operator separations. (*Id.* at 6:14.) Therefore, for purposes of estimating the waiting time pay claim, Equilon uses an estimated 16 separations per year, or a total of 64 separations over the four-year period prior to Plaintiffs' filing of the Complaint. (*Id.* at 6:14-16.) Multiplying the same adjusted midpoint average wage ($39.855) by 12 hours (the usual shift length) yields a daily wage of $478.26 per operator. (*Id.* at 6:17-18.) That sum, multiplied by 30 days, yields a total of $14,347.80 per terminated operator. Multiplying that amount by 64 (the estimated number of separated operators) yields a total of $918,259.20 ($38.855 * 12 * 30 * 64) for the putative Class claim on the Second Cause of

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

Action. (*Id.* at 6:19-21.)

30. Based on the alleged nonpayment of reporting time pay, Plaintiffs allege that Equilon is liable for penalties under California Labor Code § 226(e) (providing for a penalty of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)"). (Complaint, ¶ 49 at 11:5-6.) As stated, Equilon presently employs over 300 operators, and that number is fairly constant over time. (Hillier Decl., ¶ 22 at 6:26-27.) Equilon pays its employees bi-weekly, so there are 26 pay periods each year. (*Id.* at 6:28.) For each operator, a year's worth of penalties would equal $2,550 ($50 + ($100 * 25)). (*Id.* at 6:28-7:1.) Multiplying $2,550 times 300 (the number of operators) yields an estimated total of $765,000 in Labor Code § 226(e) penalties claimed on the Third Cause of Action. (*Id.* at 7:1-3.)

31. Plaintiffs also claim California Labor Code § 226.3 penalties on their Third Cause of Action. (Complaint, ¶ 49 at 11:5-6.) In addition, in Paragraph 29.f, they include whether Equilon "violated" section 226.3 as a common class issue. (*Id.* at 7:27,) There, Equilon calculates a per-person penalty amount in controversy is $25,250, based on a $250 penalty for one pay period and $1,000 for each later pay period in the one-year penalty period. (Hillier Decl., ¶ 23 at 7:5-7.) Multiplying this amount by the 300 estimated members of the Class yields an amount in controversy on the Labor Code § 226.3 penalty claim of $7,575,000.00 ($250 + ($1,000 * 25) * 300). (*Id.* at 7:7-9.)

32. Plaintiffs further allege in Paragraph 49 of the Complaint that they are entitled to "the penalties set forth in Labor Code section … 226.3." (See also Complaint, ¶ 29.f (alleging that "Whether Shell violated Labor Code sections 226.226.3" is a class issue).) Labor Code section 225.3 provides for "a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation." Notwithstanding any future dispute over the availability of penalties on the theories alleged, by purporting to invoke section 226.3, Plaintiffs place at

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

issue up to $25,250 ($250 + ($1,000 * 25)) *per class member*, or at least $7,575,000 ($25,250 * 300). (Hillier Decl., ¶ 23 at 7:5-9.)

33. Altogether, the monetary relief Plaintiffs seek on their three theories of recovery, exclusive attorneys' fees, are:

(a) $1,951,779.06 in unpaid reporting time wages; plus

(b) $918,259.20 in waiting time penalties for alleged failures to pay all wages due on termination; plus

(c) $765,000.00 in wage statement penalties under Labor Code § 226(e); plus

(d) $7,750,000.00 in wage statement penalties under Labor Code § 226.3.

34. Based on the above calculations, the total amount of wages and penalties in controversy is $11,210,038.26.

35. Plaintiffs also seek attorneys' fees and costs pursuant to California Labor Code §§ 226(e) and 1194 and California Code of Civil Procedure § 1021.5. (Complaint, ¶ 47 at 10:24-25 and Prayer, ¶ I at 12:14-15.) Attorneys' fees, both pre- and post-removal, are included in calculating the amount in controversy. *Fritsch v. Swift Transp. Co of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 1998). A 25% benchmark is common in wage and hour class actions. *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1029 (9th Cir. 1998); *Victoria E. Lucas v. Michael Kors (USA), Inc*., No. CV 18-1608 MWF (MRWx), 2018 WL 2146403, at *12 (C.D. Cal. May 9, 2016). Therefore, if Plaintiffs were to recover on all of their wage and penalty claims, their counsel's attorneys' fees claim could easily amount to $2,802,509.57. Therefore, the total amount in controversy is $14,012,547.82.

36. Based on the foregoing, the amount in controversy in this litigation exceeds the sum of $5,000,000, exclusive of interest and costs, and this matter meets the CAFA amount in controversy threshold.

**D. CAFA Diversity.**

37. Diversity exists under 28 U.S.C. § 1332(d)(2)(A) where "any member of a class of plaintiffs is a citizen of a State different from any defendant."

**1. Plaintiffs' Citizenship.**

38. All four named Plaintiffs are citizens of the State of California. (Complaint (Exh. A), ¶¶ 10-13 at 4:5-13.)

39. The class of operators Plaintiffs seek to represent only includes individuals who have worked at Equilon's refinery in Martinez, Contra Costa County, California within the past four years. (Complaint (Exh. A), ¶ 25 at 6:19-23.)

**2. Defendant's Citizenship.**

40. Plaintiffs concede that Equilon was formed under Delaware law and has its principal place of business in Houston, Texas. (Complaint, ¶ 14 at 4:14-17.) In fact, Equilon is a limited liability company. (Declaration of Linda Meagher in Support of Defendant's Notice of Removal, dated July 11, 2019 ("Meagher Decl."), ¶ 3 at 2:10-11.)

41. For CAFA diversity purposes, an "unincorporated association" is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10); see *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) ("§ 1332(d)(10) ... departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members."). Therefore, for CAFA diversity purposes, a limited liability company is treated as an "unincorporated association," and is a citizen of its state of organization and if applicable, the state where it has its principal place of business. *Ramirez v. Carefusion Resources, LLC*, No. 18-CV-2852-BEN-MSB, 2019 WL 2897902, at *2 (S.D. Cal. July 5, 2019).

42. Equilon was organized in the State of Delaware and has its principal place of business in Houston, Texas. (Meagher Decl., ¶ 3 at 2:10-11.) CAFA diversity exists, because Equilon is a citizen of the States of Delaware (under whose laws it was organized) and Texas (where it has its principal place of business).

43. Diversity would still exist even if this Court were to consider Equilon's citizenship under the general diversity statute (28 U.S.C. § 1332(a)(1)). For general diversity purposes, a

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

limited liability company "is a citizen of every state of which its owners/members are citizens." *Johnson v Columbia Props. Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006).

44. Equilon has three members: SOPC Holdings East LLC, SOPC Holdings West LLC, and TMR Company. (*Id.*, ¶ 4 at 2:12-13.)

45. SOPC Holdings East LLC is limited liability company, organized in the State of Delaware and having its principal place of business in Houston, Texas. (*Id.*, ¶ 5 at 2:14-15.) SOPC Holdings East LLC has three members: SOPC Holdings West LLC, Shell Oil Company, and TMR Company. (Meagher Decl., ¶ 6 at 2:16-17.)

46. SOPC Holdings West LLC is limited liability company, organized in the State of Delaware and having its principal place of business in Houston, Texas. (*Id.*, ¶ 7 at 2:18-19.) SOPC Holdings West LLC has two members: Shell Oil Products Company LLC and Shell Oil Company. (*Id.*, ¶ 8 at 2:20-21.)

47. Shell Oil Products Company LLC is limited liability company, organized in the State of Delaware and having its principal place of business in Houston, Texas. (*Id.*, ¶ 9 at 2:2-23.) Shell Oil Products Company LLC has only one member: Shell Oil Company. (*Id.*, ¶ 10 at 2:24.)

48. Shell Oil Company is a corporation, incorporated in the State of Delaware and having its principal place of business in Houston, Texas. (*Id.*, ¶ 11 at 2:25-26.) Shell Oil Company's corporate offices are in Houston Texas. (*Id.*, ¶ 11 at 2:26-27.)

49. TMR Company is a corporation, incorporated in the State of Delaware and having its principal place of business in Houston, Texas. (*Id.*, ¶ 12 at 3:1-3.) TMR Company's corporate offices are in Houston Texas. (*Id.*, ¶ 12 at 3:2-3.)

50. Accordingly, based on the citizenship of its members, Equilon is a citizen of Delaware and Texas.

51. Diversity of citizenship exists under 28 U.S.C. § 1332(a)(1) and (d)(2)(A), inasmuch as Plaintiffs are citizens of California, and Equilon is a citizen of Delaware and Texas.

52. Based on the foregoing, this Court has jurisdiction over the Action under the

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

CAFA.

**ORIGINAL FEDERAL QUESTION JURISDICTION (28 U.S.C. § 1331) UNDER § 301 OF THE FEDERAL LABOR RELATIONS MANAGEMENT ACT (29 U.S.C. § 185(a))**

53. Federal district courts have "original jurisdiction of all civil actions arising under the … laws … of the United States." 28 U.S.C. § 1331.

54. Under section 301 of the Federal Labor Relations Management Act (29 U.S.C. §§ 141-187) (the "LMRA"), a district court has original jurisdiction over a suit for violation of a collective bargaining agreement "without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(c). By enacting the LMRA, Congress gave federal courts a "mandate ... to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209, 105 S. Ct. 1904, 85 L. Ed. 2d 206 (1985). LMRA section 301 (29 U.S.C. § 185) "displace[s] entirely any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983) (internal quotation marks omitted). "[I]f a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law." *Id.* at p. 23 (citation omitted). Even if plaintiffs plead a right that inheres in states law, rather than breach of a collective bargaining agreement (a "CBA"), a claim arises under federal law, and the LMRA applies, if the claim is "substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 387, 107 S. Ct. 2425, 2427, 96 L. Ed. 2d 318 (1987).

55. All four Plaintiffs, and all of the putative Class members are, or during the relevant period were, members of the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC (the "USW"). (Hillier Decl., ¶ 6 at 2:27-28.) Plaintiffs attempt to plead around their status as USW members by broadly alleging problems with Equilon's "standby shift *policy*." (Complaint (Exh.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

A), ¶ 9 at 3:27-28 (italics added).) However, the operative collective bargaining agreements ("CBAs") between Equilon and the USW define the parties' respective rights and obligations with respect to Martinez refinery operators' work hours, including but not limited to the parties respective rights, duties, and limitations with respect to standby work.

56. Among other things, the USW agreed that each unit at the Martinez refinery would promulgate its own standby guidelines. (Hillier Decl., ¶ 8 and Exh. A at pp. 81, 84-85; see also *id.*, ¶ 10 at 3:20-27 and Exh. C at p. 36 (continuing standby provisions in 2019 CBA by inclusion of September 27, 1997 12-Hour Shift Agreement), ¶ 11 at 3:28-4:3 and Exh. D (exemplar standby coverage and requirement guidelines, providing *inter alia* that "Standby personnel are to cover only unexpected absences and emergencies cases," that "Standby personnel are only to be called when team resources/coverage falls below required staffing numbers," and that "Standby personnel are not to be used as extra operator job coverage").)

57. The CBA establishes and limits both Equilon's ability to require operators to be on standby, and operators' obligations and compensation for standby shifts, and the rates of compensation for operators Equilon calls in to work. In particular, the CBA's agreed-upon terms clearly differentiate between standby status, which imposes on Equilon an affirmative duty to reach call and operator if they are required on a short notice basis, and an operator's actual *reporting*, *i.e.*, *presenting* himself or herself for work. As a general matter:

- Mandatory standby processes only apply when a department or work group is unable to fill a vacancy on a voluntary basis.
- The mandatory standby process is designed to apply when there is a short notice, unscheduled absence, *i.e.*, an operator absence of which the refinery is notified either during the preceding shift or later.
- As to shift scheduling generally, operators work 12-hour shifts. Over a 28-day cycle, they work three- or four-day series of night shifts (6 p.m. to 6 a.m.), alternating with day shifts (6 a.m. to 6 p.m.), with at least two days off in between. Within each 28-day cycle, each operator has at least one full

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

unscheduled week, known as a "long change." Equilon may only place an operator on standby during a "long change" week.

- Equilon may not place an operator who is on paid time off or other approved leave on standby.
- Even if an operator is on standby, they need not affirmatively call in, and need only report to work if actually called out.
- An operator who is called out on a standby basis receives the greater of (a) five hours' straight time pay, or (b) wages for actual time worked at one and one half (1.5) times the applicable rate.

(Hillier Decl., ¶ 12 at 4:4-22; see also *id.*, ¶ and Exh. C at p. 6 (compensation for special calls).)

58. As the Action implicates the parameters of any standby requirements Equilon may impose on USW members, the nature of the standby duties (*e.g.*, whether an operator must "report"—*i.e.*, *presenting* himself or herself for work, how often, for how long, and what opportunities (if any) they have to trade standby time with others at the refinery), and the sufficiency of already applicable compensation guidelines, the claims Plaintiffs purport to assert are substantially dependent on interpretation of CBA's standby terms.

59. Based on the foregoing, this Court has subject matter jurisdiction of this action under the LMRA.

WHEREFORE, Defendant Equilon removes the above action now pending in the Superior Court of the State of California for the County of Contra Costa to this Court.

DATED: July 12, 2019.

LAFAYETTE & KUMAGAI LLP

By: */s/ Barbara L. Lyons*
Barbara L. Lyons
Attorneys for Defendant
EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US

# EXHIBIT "A"

 # Service of Process Transmittal

06/14/2019
CT Log Number 535681733

**TO:** Rachel Marshall
Shell Oil Company
150 North Dairy Ashford, Bldg. F, 6th Fl.
Houston, TX 77079

**RE:** **Process Served in California**

**FOR:** Equilon Enterprises LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** MARCO DIMERCURIO, ET AL., PLTFS. vs. EQUILON ENTERPRISES LLC, ETC. AND DOES 1 THROUGH AND INCLUDING 25, DFTS.

**DOCUMENT(S) SERVED:** SUMMONS, COMPLAINT, NOTICE, ATTACHMENT(S)

**COURT/AGENCY:** Contra Costa County - Superior Court - Concord, CA
Case # C1901144

**NATURE OF ACTION:** Employee Litigation

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:** By Process Server on 06/14/2019 at 15:04

**JURISDICTION SERVED :** California

**APPEARANCE OR ANSWER DUE:** WITHIN 30 CALENDAR DAYS AFTER THIS SUMMONS AND LEGAL PAPERS ARE SERVED ON YOU

**ATTORNEY(S) / SENDER(S):** KRISTINA L. HILLMAN
WEINBERG, ROGER & ROSENFELD, APC
1001 MARINA VILLAGE PARKWAY, SUITE 200
ALAMEDA, CA 94501
510-337-1001

**ACTION ITEMS:** CT has retained the current log, Retain Date: 06/15/2019, Expected Purge Date: 06/20/2019

Image SOP

Email Notification, Rachel Marshall rachel.marshall@shell.com

Email Notification, Rachel Marshall SHLOIL-Service-of-Process@shell.com

Email Notification, Robin Johnson robin.l.johnson@shell.com

**SIGNED:** C T Corporation System
**ADDRESS:** 818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:** 213-337-4615

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

6/14/19 @2:30

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
JUN - 4 2019

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, and DOES 1 THROUGH and INCLUDING 25

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
Contra Costa County, Wakefield Taylor Courthouse
725 Court Street, Martinez, CA 94553

CASE NUMBER: *(Número del Caso):* C19-01144

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kristina L. Hillman/Jannah V. Manansala/Alexander S. Nazarov, Weinberg, Roger & Rosenfeld
1001 Marina Village Parkway, Suite 200, Alameda, CA 94501; Tel.: (510) 337-1001; Fax: (510) 337-1023

DATE: *(Fecha)* JUN - 4 2019 Clerk, by *(Secretario)* S. Gonzalez, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Equilon Enterprises LLC dba Shell Oil Products US

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify)*: limited liability company
4. ☒ by personal delivery on *(date)*: 6/14/19

By Fax
First Legal
200 Webster #201
Oakland, CA 94607
415-626-3111

COPY

Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov

KRISTINA L. HILLMAN, Bar No. 208599
JANNAH V. MANANSALA, Bar No. 249376
ALEXANDER S. NAZAROV, Bar No. 304922
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: courtnotices@unioncounsel.net
khillman@unioncounsel.net
jmanansala@unioncounsel.net
anazarov@unioncounsel.net

By Fax
First Legal
200 Webster #201
Oakland, CA 94607
415-626-3111

Attorneys for Plaintiffs MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF CONTRA COSTA

MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated,

Plaintiffs,

v.

EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, and DOES 1 THROUGH AND INCLUDING 25,

Defendants.

Case No. C19-01144

**CLASS ACTION COMPLAINT**

1. Failure To Pay Reporting Time Pay (IWC Wage Order No. 1-2001);
2. Failure To Pay All Wages Earned At Termination (Labor Code §§ 200-203);
3. Failure To Provide Accurate Itemized Wage Statements (Labor Code §§ 226-226.3);
4. Violations of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*)

**DEMAND FOR JURY TRIAL**

COPY

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

COMES NOW, PLAINTIFFS MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL ("Plaintiffs"), on behalf of themselves and a class of all others similarly situated as defined herein (the "Class"), allege on knowledge as to themselves and otherwise on information and belief, as follows:

**NATURE OF ACTION**

1. This class action on behalf of operators at the Shell refinery in Martinez, California challenges a form of wage theft—the practice of scheduling refinery operators for mandatory "standby" shifts but failing to pay required reporting time pay. Standby shifts require operators to be available for work at the refinery just like regular shifts, but differ from regular shifts in that operators must wait to be contacted by their employer within an unreasonably short time before the start of the scheduled standby shift to find out whether they actually need to work the standby shift.

2. Defendant Equilon Enterprises LLC dba Shell Oil Products US ("Shell") requires its operators at its refinery in Martinez, California to work regular 12-hour shifts. In addition to their regular 12-hour shifts, operators at Shell's Martinez refinery must regularly be available for designated 12-hour standby shifts twice a day.

3. Shell requires operators at its Martinez factory to be at the ready to receive calls during two 1.5-hour time periods when assigned to cover standby shifts, which commence 30 minutes prior to the start of the scheduled standby shift and end an hour after the standby shift has started. If an operator cannot be reached during these 1.5-hour time periods, the operator is considered absent without leave and is subject to disciplinary action. If an operator is asked to work the scheduled standby shift during one of these 1.5-hour time periods, the operator must report for duties at the refinery in Martinez within a time period not to exceed 2 hours. If an operator is not contacted at all during these 1.5-hour time periods, the operator is not compensated at all by Shell, although the operator's activities have been significantly constrained.

4. These standby shifts impose tremendous costs on employees. Because Shell requires operators to be available for standby shifts, operators cannot commit to other activities such as, for example, other jobs or classes during those scheduled standby shifts and the period

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

that commences prior to the standby shifts during which they must be at the ready to receive a call and come into the worksite if asked. If operators have children or care for elders, they must make contingent childcare or elder care arrangements. They also cannot commit to social plans with friends or family.

5. Further, because Shell operators at its Martinez refinery must wait to be called 30 minutes prior to the start of each of the two scheduled standby shifts, they are inconvenienced not only for the periods of the scheduled standby shifts they must cover, but also for the 30-minute time periods before the standby shifts commence. During the time period operators must be at the ready to answer a call starting 30 minutes prior to a scheduled standby shift, they cannot do things incompatible with answering a phone call, such as sleeping, taking a class, going camping, or being at any location without cell service including, for example, elevators and numerous rural areas.

6. Even if Shell does not ultimately call an employee asked to cover standby shifts and does not require the employee to work a standby shift, the employee has still suffered tremendous inconvenience and has forgone the opportunity to take other work that could have been scheduled for the day or evening, take a class, go camping in an area with limited cell reception, and make out-of-town plans, amongst other restrictions.

7. In short, the requirement of having to be at the ready for standby shifts twice a day and arrive at work within 2 hours of a call they must answer significantly limit employees' ability to earn other income, take classes, care for dependent family members, and enjoy time for recreation.

8. Pursuant to Wage Order 1-2001, an employee is entitled to reporting time pay when he or she "is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work." The amount of reporting time pay that must be paid "is half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay...."

9. Notwithstanding Shell's standby shift policy, Shell compensates operators only when actually required to work during the standby shift. Shell does not credit its operators at its

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

Martinez, California refinery for "reporting to work" when the employee is scheduled for a standby shift and is not told that they have to work during the standby shift. These practices have resulted, and continue to result, in Shell not paying its employees required reporting time pay.

**PARTIES**

10. Plaintiff Marco DiMercurio is a citizen of the State of California, currently residing in the County of Contra Costa. He works as an operator at Shell's Martinez refinery.

11. Plaintiff John Langlitz is a citizen of the State of California, currently residing in the County of Solano. He works as an operator at Shell's Martinez refinery.

12. Plaintiff Charles Gaeth is a citizen of the State of California, currently residing in the County of Solano. He works as an operator at Shell's Martinez refinery.

13. Plaintiff Malcolm Synigal is a citizen of the State of California, currently residing in the County of Contra Costa. He previously worked as an operator at Shell's Martinez refinery and separated from Shell's employment days prior to the filing of this complaint in June 2019.

14. Shell is a Delaware corporation doing business in California and is a "person" as defined by California Labor Code section 18 and by California Business and Professions Code section 17201. Shell is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Shell's headquarters is in Houston, Texas.

15. The true names and capacities of defendants DOES 1 through 25, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 25, inclusive, when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as DOE is negligently, wantonly, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately and legally caused injuries and damages to Plaintiffs and the Class as herein alleged.

16. Plaintiffs are also informed and believe and thereon allege that DOES 1 to 25, at all relevant times herein, were the agents, principals, and/or alter egos of Shell and that they are

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

therefore liable for the acts and omissions of Shell.

17. At all times pertinent hereto, each of the said DOE defendants participated in the doing of acts hereinafter alleged to have been done by Shell and, furthermore, were the agents, servants, and/ or employees of Shell, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action as the claims involve alleged violations of California law.

19. Venue is appropriate in the County of Contra Costa, and this Court has personal jurisdiction over Shell by reason of the facts that (a) Shell is a citizen of the State of California; (b) Shell has transacted and conducted substantial business in the State of California and in the County of Contra Costa; (c) the acts alleged herein occurred in the State of California, including in the County of Contra Costa; (d) Plaintiffs' injury occurred in the State of California and the County of Contra Costa; and (e) the events giving rise to the claims at issue in this lawsuit arose in within the County of Contra Costa in California.

## CALIFORNIA'S REPORTING TIME PAY REQUIREMENT

20. Pursuant to its authority under Labor Code section 1173, the Industrial Welfare Commission promulgated Wage Order 1-2001. Wage Order 1-2001 applies to Shell's refinery in Martinez, California.

21. Wage Order 1-2001 mandates that employees be paid reporting time pay as follows: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

22. Unpredictable work schedules take a toll on employees. Without the security of a definite work schedule, workers who must be "on-call" or on "standby" are forced to make childcare arrangements, elder-care arrangements, encounter obstacles in pursuing their education,

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

experience adverse financial effects, and deal with stress and strain on their family life. The "on-call" or "standby" shifts also interfere with employees' ability to obtain supplemental employment in order to ensure financial security for their families.

**FACTS SPECIFIC TO PLAINTIFFS**

23. Plaintiffs have worked and continue to work as operators at Shell's refinery in Martinez, California. During the course of their employment, Plaintiffs were asked to cover designated, 12-hour standby shifts twice a day. When assigned to cover standby, Plaintiffs and other operators had to be at the ready to receive a call for the period 30 minutes prior to the start of a standby shift until one hour after the standby shift commenced. Shell considered Plaintiffs and the other operators at its Martinez refinery as absent without leave and subjected them to discipline if they failed to answer a call during this time period. Shell expected Plaintiffs and other operators at its Martinez refinery to arrive at work no less than two hours later if called and asked to cover a standby shift. During their employment with Shell, Plaintiffs have frequently been scheduled to cover standby shifts, which always involved a scheduled start times and set scheduled ending times.

24. Unless Plaintiffs or other operators were asked to work a standby shift, Shell did not provide them with any compensation, including reporting time pay.

**CLASS ALLEGATIONS**

25. Plaintiffs bring this action on behalf of themselves and the following ascertainable class of similarly situated persons: All operators working at the refinery of Equilon Enterprises LLC dba Shell Oil Products US in Martinez, California at any time from four years prior to the filing of this complaint up to and continuing until the time that judgment is entered in this case (the "Class").

26. This class action is brought pursuant to California Code of Civil Procedure § 382. Plaintiffs reserve the right to modify the description of the Class and to later designate subclasses based on the results of discovery or otherwise.

27. **Numerosity**: The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number and identities of the

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

members of the Class are presently unknown, there are at least more than 100 members of the Class.

28. **Ascertainability**: The identities of the members of the Class are readily ascertainable by review of Shell's records, including, but not limited to, payroll records, timekeeping records, schedules, and other documents and other business records that Shell is required by law to maintain.

29. **Commonality/Predominance**: There are predominant common questions of law and fact and a coherent community of interest amongst Plaintiffs and the claims of the Class, concerning Shell's treatment of them, including but not limited to:

a. Whether the reporting time pay requirement that an employee "report for work" requires that Plaintiffs and the Class physically report for work.

b. Whether Shell's requirements that its operators (1) be at the ready to receive a call or face discipline during two 1.5 hour time periods that commence a half hour before two separate standby shifts and ends an hour after the shifts' start time, and (2) arrive at work within two hours if asked to work a standby shift triggers California's reporting time pay obligations.

c. Whether Shell's requirements that its operators (1) be at the ready to receive a call during 1.5 hour time periods that commence a half hour before each standby shift starts and ends an hour after that shift start time twice a day when on standby coverage and (2) arrive at work within two hours if asked to work the standby shift and (3) be subject to discipline if they fail to satisfy either requirement violates California policy as expressed by the state legislature's enactment of Labor Code sec. 96(k) prohibiting discipline for employees engaging in lawful off duty conduct.

d. Whether Shell violated and continues to violate Wage Order 1-2001.

e. Whether Shell violated Labor Code sections 200-203.

f. Whether Shell violated Labor Code sections 226, 226.3.

g. Whether Shell violated Cal. Bus & Professions Code section 17200.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

30. **Typicality:** Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class sustained damages arising out of the same policies, procedures, and/or business practices of Shell.

31. **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who has substantial experience in prosecuting complex wage and hour class action claims.

32. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the Class is impracticable. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damage suffered by each individual of the Class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Moreover, an important public benefit will be realized by addressing the matter as a class action. The cost to the court system of adjudication of such individual litigation would be substantial. Individual litigation would also present the potential for inconsistent or contradictory judgments. Adjudication of individual Class members' claims with respect to Shell would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede the ability of other individual members of the Class to protect their interests.

33. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class proceeding.

**FIRST CAUSE OF ACTION**
**FOR FAILURE TO PAY REPORTING TIME PAY**
**(IWC Wage Order No. 1-2001)**
**(By Plaintiffs on Behalf of Themselves and the Class Against Shell and DOES 1 Through 25)**

34. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the preceding paragraphs of this complaint as though set forth in full at this point.

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

35. Wage Order 1-2001 provides that "[e]ach workday an employee is required to report for work and does report, but is not put to, work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

36. As set forth herein, Shell scheduled Plaintiffs and the Class for standby shifts that required them to be at the ready to receive a call, starting from 30 minutes prior to the scheduled start time of a standby shift to an hour after the schedule start time of such shift and face discipline if they did not answer such call. Shell also required Plaintiffs and the Class to arrive at work within two hours if asked during this 1.5-hour period to work the scheduled standby shift. Failure to answer a call or arrive at work within the time frame subjected Plaintiffs and the Class to discipline.

37. Shell has failed to pay required reporting time pay to Plaintiff and the Class, as Plaintiff and the Class were not paid reporting time pay or any compensation for having to be at the ready to work a standby shift. Shell compensated only operators asked to come to work and work the standby shift.

38. As a direct and proximate result of Shell's actions as set forth herein, Plaintiffs and the Class have been damaged in that Plaintiffs and the Class have not been paid all required reporting time pay.

**<u>SECOND CAUSE OF ACTION</u>**
**FAILURE TO PAY ALL WAGES EARNED AT TERMINATION**
**(Labor Code § 200 - 203)**
**(By Plaintiff Malcolm Synigal on Behalf of Himself and the Class Against Shell and DOES 1 Through 25)**

39. Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein.

40. Labor Code sections 201 and 202 require that Shell pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

The penalty cannot exceed 30 days of wages.

41. Members of the Class who have separated from Shell's employment were not paid required reporting time pay within 24 hours after a discharge, or 72 hours after a resignation, as applicable.

42. Shell's failure to pay required reporting time pay upon termination was willful.

43. As a direct and proximate result of Shell's willful conduct in not paying members of the Class all earned wages at the time their employment with Shell ended, each member of the Class whose employment with Shell ended is entitled to 30 days' wages as a penalty under Labor Code section 203.

**THIRD CAUSE OF ACTION**
**FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**
**(Labor Code §§ 226, 226.3)**
**(By Plaintiffs and the Class Against Shell and DOES 1 Through 25)**

44. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference all prior paragraphs as if fully set forth herein.

45. Pursuant to the Labor Code and the applicable Wage Order, employers must provide accurate itemized wage statements at the time employees are paid, showing accurate information for such things as total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, etc.

46. Plaintiffs and the Class were not provided with accurate itemized wage statements, as required by law. The wage statements provided did not accurately include correct numbers for total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, and other information required by law. Reporting time pay was not accurately reported on the wage statements.

47. Plaintiffs and the Class could not easily and promptly determine from their wage statements that they had been properly paid. Reporting time pay was not accurately reported or calculated, such that no calculations could be performed to derive the accurate times, rates, and pay that should have been part of their compensation. The information to make such determinations could not be readily ascertained by the wage statement, standing alone, or without

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

reference to other documents or information.

48. As a result of Shell's failure to provide accurate itemized wage statements as required by law, Plaintiffs and the Class have been injured in the manner set forth in the Labor Code.

49. Plaintiff and the Class are entitled to the penalties set forth at Labor Code section 226(e) and/or 226.3 and/or the applicable wage order, to injunctive relief to ensure compliance with the law, to costs of suit, and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against Shell and DOES 1 Through 25)**

50. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully set forth herein.

51. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair, or fraudulent business act or practice.

52. The actions of Shell, as herein alleged, amount to conduct which is unlawful and a violation of law. As such, said conduct constitutes an unlawful business practice, in violation of Bus. & Prof. Code sections 17200 *et seq*.

53. The actions of Shell, as herein alleged, offend established public policy and constitute an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

54. Shell's conduct as herein alleged has damaged Plaintiffs and other operators by denying them wages earned, due and payable. Plaintiffs and other operators have thus suffered injury in fact and loss of money. Under section 17200 Plaintiffs seek restitution of all monies not paid to them and other operators at Shell's Martinez, California by Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the Class, pray for judgment against Shell as follows:

A. For an order certifying the proposed Class;

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

B. For the attorneys appearing on the above caption to be named class counsel and for Plaintiffs to be appointed class representatives;

C. For compensatory damages in an amount according to proof with interest thereon;

D. For economic and/or special damages in an amount according to proof with interest thereon;

E. For payment of unpaid wages in accordance with California labor and employment law;

F. For payment of penalties in accordance with California law;

G. For Shell to be found to have engaged in unfair and/or unlawful competition in violation of Bus. & Prof. Code sections 17200, *et seq.*;

H. For Shell to be ordered and enjoined to make restitution to Plaintiffs and the Class, including restitutionary disgorgement, pursuant to Business and Professions Code sections 17200 *et seq.*;

I. For interest, attorneys' fees, and costs of suit under Labor Code sections 226 and 1194 and Code of Civil Procedure section1021.5 and other applicable code sections; and

J. For all such other and further relief that the Court may deem just and proper.

Dated: June 3, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: Jannah Manansala
JANNAH V. MANANSALA

Attorneys for Plaintiffs MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL

147746\1028630

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: June 3, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: Jannah Manansala
JANNAH V. MANANSALA

Attorneys for Plaintiffs MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Kristina L. Hillman/Jannah V. Manansala/Alexander S. Nazarov
State Bar Nos. 208599/249376/304922 Email: jmanansala@unioncounsel.net
WEINBERG, ROGER & ROSENFELD
1001 Marina Village Parkway, Suite 200, Alameda, CA 94501
TELEPHONE NO.: (510) 337-1001 FAX NO.: (510) 337-1023
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

FILED
JUN - 4 2019

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME: Wakefield Taylor Courthouse

CASE NAME:
Marco DiMercurio, et al. v. Equilon Enterprises LLC dba Shell Oil

**CIVIL CASE COVER SHEET**
☑ Unlimited (Amount demanded exceeds $25,000)
☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: C19-01144
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

By Fax
First Legal
200 Webster #201
Oakland, CA 94607
415-626-3111

3. Remedies sought (check all that apply): a. ☑ monetary b. ☑ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action (specify): 4
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 4, 2019
JANNAH V. MANANSALA
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

COPY

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUPERIOR COURT - MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA 94553

DIMERCURIO VS EQUILON ENTERPRISES LLC

MSC19-01144

NOTICE OF ASSIGNMENT TO DEPARTMENT THIRTY-NINE FOR CASE MANAGEMENT DETERMINATION

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION SHEET, AND A BLANK CASE MANAGEMENT STATEMENT ARE TO BE SERVED UPON ALL OPPOSING PARTIES, ALL PARTIES SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT.

1. This matter has been assigned to Department 39, Judge E. Weil presiding, for all purposes; Department 39 is designated as the complex litigation department of the Court and as such (a) hears all cases wherein a designation of complex case has been made and (b) conducts hearings, in cases that this court determines, on a preliminary basis may be complex, to determine whether the case should remain in the complex litigation program.

2. All counsel are required to appear in Dept. 39 on 08/07/19 at 8:30 a.m.
   (a) If the case has been designated as complex, and no counter-designation has been filed, the Court will hold its first case management conference at that time.
   (b) If the case has been assigned to Department 39 on a preliminary basis the Court will hold a hearing to determine if the matter is, or is not, complex. If the matter is determined to be complex, the Court will then proceed with the first case management conference.

3. Each party shall file and serve a Case Management Conference Statement five (5) days before this hearing and be prepared to participate effectively in the Conference, including being thoroughly familiar with the case and able to discuss the suitability of the case for private mediation, arbitration or the use of a special master or referee.

4. Prior to the conference counsel for plaintiff shall meet and confer with counsel for each other party in an effort to precisely define the the issues in the case, discuss the possiblity of early mediation, the identities of possible other parties, and their respective plans for discovery.

5. Until the time of the conference the following INTERIM ORDERS shall be in effect:

A. Plaintiff shall diligently proceed in locating and serving each and every defendant. It is the Court's intention that each party be served in sufficient time to have entered an appearance within the time allowed by law and to attend the first conference.
B. All discovery shall be stayed excepting as all parties to the action might otherwise stipulate or the Court otherwise order.
C. No party shall destroy any writing or other evidence in its possession or under its control which bears in any way upon the matters which are the subject of this litigation.

D. Within the time for any party to file an answer or demurrer such party may alternatively file a notice of general appearance. In such event the time for filing of an answer or demurrer shall be extended to twenty (20) days following the first conference unless the Court shall, at that time, set a different schedule.

E. Counsel for each party shall do a conflict check to determine whether such counsel might have a possible conflict of interest as to any present or contemplated future party.

BY ORDER OF THE COURT

*Superior Court of California, County of Contra Costa*

# UNLIMITED JURISDICTION

## Civil Actions

## PACKET

What you will find in this packet:

- **Interpreter Request** (MC-300e&s)
- **Notice To Plaintiffs** (CV-655a-INFO)
- **Notice To Defendants** (CV-655d-INFO)
- **ADR Case Management Stipulation and Order** (CV-655b)
- **Case Management Statement** (CM-110)
- **Alternative Dispute Resolution (ADR) Information** (CV-655c-INFO)

***You Can Get Court Forms FREE at: www.cc-courts.org/forms***

## Superior Court of California, County of Contra Costa

## Interpreter Request

If you need an interpreter, please complete the form below and submit it to any Filing Window or courtroom.

Case Number: ______________________________

**Case Type:**

- ☐ Criminal
- ☐ Traffic
- ☐ Civil Harassment
- ☐ Conservatorship
- ☐ Proceedings to terminate parental rights
- ☐ Dependent Adult Abuse
- ☐ Juvenile
- ☐ Small Claims – ($10,000 or less)
- ☐ Civil - ☐ $25,000 ☐ over $25,000
- ☐ Civil – Other ____________________
- ☐ Family Law
- ☐ Unlawful Detainer
- ☐ Guardianship
- ☐ Elder Abuse

Party Requesting Interpreter: ______________________________________________

Is interpreter for a witness? ☐ Yes ☐ No

Phone Number(s) where party can be reached: ______________________________________

Date of Hearing: ____________________________ Time of Hearing: ________________

Department: __________ Location: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Language Needed: ☐ Spanish ☐ Mandarin ☐ Cantonese ☐ Vietnamese

☐ Other: __________________________________________

To avoid the risk that your hearing will have to be postponed, please submit this form a minimum of one week in advance.

Current information about this program is available at our website:
www.cc-courts.org/interpreter

## Superior Court of California, County of Contra Costa

### Solicitud Para Intérprete

Si necesita un intérprete, favor completar este formulario y presentarlo en cualquier ventanilla para archivar documentos o con la secretaria del tribunal.

Número de Caso: ____________________________

**Tipo de Caso:**

- ☐ Criminal
- ☐ Tráfico
- ☐ Acoso Civil
- ☐ Conservador
- ☐ Casos para Terminar Derechos de Madre o Padre
- ☐ Abuso de Adultos Incapacitados
- ☐ Tribual de Menores
- ☐ Demanda Civil – ($10,000 o menos)
- ☐ Demanda Civil - ☐ $25,000 ☐ más de $25,000
- ☐ Civil – otro tipo ________________
- ☐ Casos de Familia
- ☐ Juicio de Desalojo
- ☐ Tutela
- ☐ Abuso de Personas Mayores

Persona que Necesita Intérprete: ____________________________________________

☐ Marque aquí si esta persona es un testigo

Número Telefónico: ____________________________________________

Fecha de la Audiencia Judicial: ______________________ Hora: ________________

Departmento: _________ Ciudad: ☐ Martinez ☐ Pittsburg ☐ Richmond ☐ Walnut Creek

Idioma Solicitado: ☐ Español ☐ Mandarín ☐ Cantonés ☐ Vietnamita

☐ Otro Idioma: ______________________________

Para evitar la posibilidad que su audiencia sea aplazada, favor the presentar este formulario al menos una semana antes de la fecha de su audiencia.

Información actualizada acerca de este servicio se encuentra en nuestra página web: www.cc-courts.org/interpreter

Superior Court of California, County of Contra Costa

## NOTICE TO PLAINTIFFS

In Unlimited Jurisdiction Civil Actions

**AFTER YOU FILE YOUR COURT CASE:**

1. **Have the forms the clerk gives you served on all defendants in this case:**
   a. The Complaint
   b. The Summons
   c. The Notice of Case Management Conference (shows hearing date and time)
   d. The Notice to Defendants (Local Court Form CV-655d-INFO)
   e. Blank: Case Management Statement (Judicial Council Form CM-110)
   f. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
   g. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

2. Within 60 days of the date you filed the complaint **you must prove that the forms have been served on (delivered to) the defendants correctly** by filing the ***Proof of Service*** form (POS-010) (completed by the person who did the service) with the court.

3. **Go to the case management conference on the date indicated on** The Notice of Case Management Conference.

4. **Consider using mediation, arbitration, or neutral case evaluation (ADR) to resolve the dispute.** All parties must answer questions about ADR on the *Case Management Statement* form. For more information, see the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov

5. **You may delay the first case management conference while you try to resolve the dispute in ADR.** If all parties agree to use ADR, complete and file the Stipulation and Order to Attend ADR and Continue First Case Management Conference 90 Days form to tell the court you want to use this option.

All civil actions *(except juvenile, probate, family, unlawful detainer, extraordinary writ, and asset forfeiture*[1]*)* and personal injury cases where a party is claiming damages[2] must meet the Civil Trial Delay Reduction time limits for filing documents and moving their cases forward. These time limits are listed in California Rule of Court 3.110 and Local Court Rules; Title Three. If parties miss these deadlines, a judge might issue an order (*Order to Show Cause*) for them to explain in court why they should not have to pay a fine or have their case dismissed.

**VIEW LOCAL COURT RULES AT: (WWW.CC-COURTS.ORG/RULES)**

---

[1] *Health and Safety Code §11470 et seq.*

[2] *Including claims for emotional distress and/or wrongful death.*

Superior Court of California, County of Contra Costa

# NOTICE TO DEFENDANTS

In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

a. The Summons
b. The Complaint
c. The Notice of Case Management (shows hearing date and time)
d. Blank: Case Management Statement (Judicial Council Form CM-110)
e. Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)
f. Alternative Dispute Resolution (ADR) Information (Local Court Form CV-655c-INFO)

 **WHAT DO I DO NOW?** 

**You must:**

1. **Prepare your response** YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the *Case Management Statement*** *(CM-110)*

3. **File and serve your court papers on time** Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time** by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial** If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers. For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or email adrweb@contracosta.courts.ca.gov.

**IMPORTANT! The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.**

**COURT FEES:** You must pay court fees the first time you file your papers. If you also file a motion, you must pay another fee. If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Law Library (1020 Ward Street, Martinez, CA) or download them for free at: www.courtinfo.ca.gov/forms/

## WHAT KIND OF RESPONSES CAN I FILE?

1. If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an ANSWER.
2. If you have a claim in the same case against the plaintiff, you may file a CROSS-COMPLAINT.
3. If you want to ask the court to do something on your behalf, you may file a MOTION *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a. For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do not check number 2).

b. For contract claims, use Judicial Council PLD-C-010 (do not check number 3a).

c. Be sure to deny every claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #__ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a. For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b. For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1. Demurrer *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed)*;
2. Motion to Strike *(the complaint is unclear; does not follow the law, "doesn't matter", etc.)*;
3. Motion to Transfer *(the complaint is in the wrong court or there's a more appropriate court)*;
4. Motion to Quash Service of Summons *(you were not legally served)*;
5. Motion to Stay *(put the case on hold)*; or
6. Motion to Dismiss *(stops the case)*.

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:** (925) 825-5700
- **Bay Area Legal Aid:** (800) 551-5554
- **Contra Costa County Law Library** Martinez: (925) 646- 2783 Richmond: (510) 374-3019
- **Ask the Law Librarian:** www.247ref.org/portal/access_law3.cfm

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF CONTRA COSTA

______________________________

______________________________
Plaintiff(s) / Cross Plaintiff(s)

vs.

______________________________

______________________________
Defendant(s) / Cross Defendant(s)

***ADR Case Management Stipulation and Order***
***(Unlimited Jurisdiction Civil Cases)***

**CASE NO:** ______________

- ALL PARTIES STIPULATING TO ADR AND DELAYING THEIR CASE MANAGEMENT CONFERENCE 90 DAYS MUST **SUBMIT THE ORDER FOR THE JUDGE'S SIGNATURE AND FILE THIS FORM AT LEAST 15 DAYS BEFORE THEIR CASE MANAGEMENT CONFERENCE.** (NOT AVAILABLE IN COMPLEX LITIGATION CASES.)
- PARTIES MUST ALSO **SEND A COPY OF THIS FILED STIPULATION AND ORDER TO THE ADR OFFICE:** EMAIL adrweb@contracosta.courts.ca.gov FAX: (925) 608-2109 MAIL: P.O. BOX 911, MARTINEZ, CA 94553

**Counsel and all parties agree to delay their case management conference 90 days to attend ADR and complete pre-ADR discovery as follows:**

1. Selection and scheduling for Alternative Dispute Resolution (ADR):
   a. The parties have agreed to ADR as follows:
      i. ☐ Mediation (☐ Court-connected ☐ Private)
      ii. ☐ Arbitration (☐ Judicial Arbitration (non-binding) ☐ Private (non-binding) ☐ Private (binding))
      iii. ☐ Neutral case evaluation
   b. The ADR neutral shall be selected by *(date)*: ______________ *(no more than 14 days after filing this form)*
   c. ADR shall be completed by *(date)*: ______________ *(no more than 90 days after filing this form)*
2. The parties will complete the following discovery plan:
   a. ☐ Written discovery: (☐ Additional page(s) attached)
      i. ☐ Interrogatories to:
      ii. ☐ Request for Production of Documents to:
      iii. ☐ Request for Admissions to:
      iv. ☐ Independent Medical Evaluation of:
      v. ☐ Other:
   b. ☐ Deposition of the following parties or witnesses: (☐ Additional page(s) attached)
      i. ______________________________
      ii. ______________________________
      iii. ______________________________
   c. ☐ No Pre-ADR discovery needed
3. The parties also agree: ______________________________
4. Counsel and self-represented parties represent they are familiar with and will fully comply with all local court rules related to ADR as provided in Title Three; Chapter 5, will pay the fees associated with these services, and understand that if they do not, without good cause, comply with this stipulation and all relevant local court rules, they may be subject to sanctions.

| | | | |
|---|---|---|---|
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |
| Counsel for Plaintiff *(print)* | Fax | Counsel for Defendant *(print)* | Fax |
| Signature | | Signature | |

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for ______________ is vacated and rescheduled for __________ at (8:30 a.m. / ________ ) **Plaintiff / Plaintiff's counsel must notify all parties of the new case management conference.**

**Dated:** ______________________

______________________________
**Judge of the Superior Court**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br><br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: | |
| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | |
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: |

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: Time: Dept.: Div.: Room:

Address of court *(if different from the address above)*:

☐ **Notice of Intent to Appear by Telephone, by** *(name)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court, rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:

☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
   a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
      (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
      (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
   b. **Referral to judicial arbitration or civil action mediation** (if available).
      (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
      (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
      (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (*date*):<br>☐ Agreed to complete mediation by (*date*):<br>☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (*date*):<br>☐ Agreed to complete neutral evaluation by (*date*):<br>☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (*date*):<br>☐ Agreed to complete judicial arbitration by (*date*):<br>☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (*date*):<br>☐ Agreed to complete private arbitration by (*date*):<br>☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (*date*):<br>☐ Agreed to complete ADR session by (*date*):<br>☐ ADR completed on (*date*): |

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:
(2) Name of court:
(3) Case number:
(4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):* ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

_______________________________ ▶ _______________________________
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

- Choose ADR on the *Case Management Form (*CM-110);
- File a *Stipulation and Order to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
- Agree to ADR at your first court appearance.

*Questions? Email adrweb@contracosta.courts.ca.gov or call (925) 608-2075*

### MEDIATION

Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties email, fax or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediators regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

### PRIVATE MEDIATION

Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

**JUDICIAL ARBITRATION (non-binding)**
In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties email, fax or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 60 days. Parties must use the ADR-102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

**PRIVATE ARBITRATION (non-binding and binding)**
Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

**SETTLEMENT MENTOR CONFERENCE**
Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

**NEUTRAL CASE EVALUATION**
In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties email, fax or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that evaluators regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

**TEMPORARY JUDGE**

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

**SPECIAL MASTER**

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

**COMMUNITY MEDIATION SERVICES**

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at adrweb@contracosta.courts.ca.gov

# EXHIBIT "B"

GARY T. LAFAYETTE (Cal. Bar No. 88666)
(Email: glafayette@lkclaw.com)
SUSAN T. KUMAGAI (Cal. Bar No. 127667)
(Email: skumagai@lkclaw.com)
BARBARA L. LYONS (Cal. Bar No. 173548)
(Email: blyons@lkclaw.com)
**LAFAYETTE & KUMAGAI LLP**
1300 Clay Street, Ste. 810
Oakland, CA 94612
Telephone: (415) 357-4600
Fax: (415) 357-4605

Attorneys for Defendant
EQUILON ENTERPRISES LLC dba
SHELL OIL PRODUCTS US

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF CONTRA COSTA**

MARCO DIMERCURTO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated,

Plaintiffs,

v.

EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US, and DOES 1 THROUGH AND INCLUDING 25,

Defendants.

Case No. C19-0144

**EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US'S ANSWER TO CLASS ACTION COMPLAINT**

COMES NOW Defendant EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US ("Equilon" or "Defendant") and answers the June 4, 2019 unverified Class Action Complaint of MARCO DIMERCURTO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated (individually and collectively, "Plaintiffs") as follows:

**GENERAL DENIAL**

1. Pursuant to Code of Civil Procedure § 431.30, subd. (d), Equilon denies, generally and specifically, each and every allegation and purported cause of action in the Complaint. Equilon further denies, generally and specifically, that Plaintiffs, or any of them, or any person any Plaintiff purportedly seeks to represent, has been damaged in the manner or sums alleged, or in any way at all, by reason of any act or omission of Equilon, and generally denies that injunctive relief is warranted.

**AFFIRMATIVE DEFENSES**

In further answer to the Complaint, and as separate and additional defenses, Xerox asserts as follows:

FIRST AFFIRMATIVE DEFENSE

2. As a first and separate affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

SECOND AFFIRMATIVE DEFENSE

3. As a second, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part by the applicable statutes of limitations, including but not limited to Code of Civil Procedure sections 337, 338, 339; and 340; Business and Professions Code section 17208, and Labor Code section 2699.

THIRD AFFIRMATIVE DEFENSE

4. As a third, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

in part to the extent Plaintiffs failed to exhaust their administrative remedies under California Labor Code sections 98 through 98.2 and 2699.3 prior to commencing this lawsuit, and thus this Court lacks subject matter jurisdiction.

FOURTH AFFIRMATIVE DEFENSE

5. As a fourth, separate and further affirmative defense, Defendant asserts that Plaintiffs are barred in whole or in part from recovering any damages, or any recovery to Plaintiffs must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

FIFTH AFFIRMATIVE DEFENSE

6. As a fifth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part because of the doctrines of collateral estoppel or res judicata.

SIXTH AFFIRMATIVE DEFENSE

7. As a sixth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part because Plaintiffs are estopped by their own conduct to claim any right to damages or any relief against Defendant.

SEVENTH AFFIRMATIVE DEFENSE

8. As a seventh, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part by the doctrine of laches.

EIGHTH AFFIRMATIVE DEFENSE

9. As an eighth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part by the doctrine of consent, including to the extent such claims are barred or limited by the terms of any applicable collective bargaining agreement.

NINTH AFFIRMATIVE DEFENSE

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

10. As a ninth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part by the doctrines of estoppel and waiver.

TENTH AFFIRMATIVE DEFENSE

11. As a tenth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part by the doctrine of unclean hands.

ELEVENTH AFFIRMATIVE DEFENSE

12. As an eleventh, separate and further affirmative defense, Defendant asserts that Plaintiffs are not entitled to any penalty award, including but not limited to, under sections 203 and 2699 of the Labor Code, since, at all times relevant and material herein, Defendant acted in good faith and did not willfully, knowingly or intentionally fail to comply with the Labor Code but rather acted in good faith and had reasonable grounds for believing it did not violate the Labor Code.

TWELFTH AFFIRMATIVE DEFENSE

13. As a twelfth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part to the extent there was a good faith dispute over the payment of wages to Plaintiffs, and therefore waiting time penalties are not authorized by Labor Code section 203.

THIRTEENTH AFFIRMATIVE DEFENSE

14. As a thirteenth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part by the doctrine of consent, including to the extent that such claims are barred or limited by the terms of the collective bargaining agreement and/or past practices.

FOURTEENTH AFFIRMATIVE DEFENSE

15. As a fourteenth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is preempted, in whole or in part by section 301 of the federal Labor Management Relations Act (29 U.S.C.A. §

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

185) by reason of the fact that operator standby policies are subjects of one or more collective bargaining agreements ("CBAs") covering Plaintiffs' and the putative Class members' employment, and the claims Plaintiffs purport to assert are substantially dependent on interpretation of CBA terms.

FIFTEENTH AFFIRMATIVE DEFENSE

16. As a fifteenth, separate and further affirmative defense, Defendant asserts that Plaintiffs' claim for injunctive relief, on behalf of themselves and/or the putative class, is barred because Plaintiffs and/or the putative class lack standing and/or have an adequate and complete remedy at law, and/or Plaintiffs cannot make the requisite showing, on behalf of themselves or the putative class, to obtain injunctive relief in a labor dispute under Labor Code sections 1138.1 *et seq.*

SIXTEENTH AFFIRMATIVE DEFENSE

17. As a sixteenth, separate and further affirmative defense, Defendant asserts that it is entitled to offset for any monies received by Plaintiffs from any source in compensation for their alleged economic damages and non-economic damages under the common law doctrine of offset and under the doctrine prohibiting double recovery set forth under *Witt v. Jackson*, 57 Cal.2d 57 (1961), and its progeny.

SEVENTEENTH AFFIRMATIVE DEFENSE

18. As a seventeenth, separate and further affirmative defense, Defendant asserts that the Complaint, and each purported cause of action alleged therein, fails to state a cause of action or causes of action for attorneys' fees against Defendant on any basis.

EIGHTEENTH AFFIRMATIVE DEFENSE

19. As an eighteenth, separate and further affirmative defense, Defendant asserts that Plaintiffs are not entitled to an award of prejudgment interest if they, or any of them, prevail on any or all of their claims.

NINETEENTH AFFIRMATIVE DEFENSE

20. As a nineteenth, separate and further affirmative defense, Defendant asserts that Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the Complaint,

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

because Plaintiffs have suffered no irreparable injury based on any alleged conduct of Defendant, and Plaintiffs have an adequate remedy at law for any such conduct.

TWENTIETH AFFIRMATIVE DEFENSE

21. As a twentieth, separate and further affirmative defense, Defendant asserts that the Complaint, and each and every cause of action Plaintiffs purport to allege, is barred in whole or in part because of the doctrine of release. In particular and without limitation, in or about July 2018, Plaintiffs CHARLES GAETH ("Gaeth") and JOHN LANGLITZ ("Langlitz") entered into a Joint Stipulation of Class Action Settlement and Release in the matter of *David Berlanga, Brandon Ehresman, Charles Gaeth, Michael Gonzalez, John Langlitz, and Christopher Palacio, individually and on behalf of all similarly situated current and former employees, Plaintiffs, v. Equilon Enterprises LLC dba Shell Oil Products US, CRI U.S. LP, CRI Catalyst Company LP, and Shell Pipeline Company LP*, United States District Court for the Northern District of California Case No. 3:17-cv-00282-MMC (the "Release" in "*Berlanga*"). In the Release, Gaeth and Langlitz, and each of them, generally released, discharged, and covenanted not to sue Equilon with respect to any and all claims for wages, remuneration, and/or other compensation, penalties, interest, and/or attorneys' fees, whether then known or unknown, suspected or unsuspected, and whether or not concealed or hidden, resulting from any act or omission by or on the part of Equilon, committed or omitted prior to the date of the court's Preliminary Approval Order. As the Court in *Berlanga* preliminarily approved the settlement on September 21, 2018, and granted final approval on January 22, 2019, the Release bars any and all claims by Gaeth and/or Langlitz covering the period prior and including September 21, 2018.

22. In addition, the *Berlanga* class members included all four Plaintiffs in this case, and all putative Class members in this matter who were employed by Equilon up to and including September 21, 2018. More particularly, the class in *Berlanga* included, *inter alia*: "current and former employees of any Defendant or any affiliate of a Defendant who worked as Operators at one or more of the following facilities: … (b) Equilon Enterprises LLC dba Shell Oil Products US's oil refinery in Martinez, California (the "Martinez Refinery")[.]"

23. The court-approved class release in *Berlanga* encompasses:

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

> any and all claims, judgments, liens, losses, debts, liabilities, demands, obligations, guarantees, penalties, costs, expenses, attorneys' fees, damages, indemnities, actions, causes of action, and obligations of every kind and nature in law, equity or otherwise, known or unknown, suspected or unsuspected, disclosed or undisclosed, contingent or accrued, occurring up to the execution of this Settlement Agreement and arising out of the dispute which is the subject of the Class Action or which could have been asserted in the Class Action based on the facts alleged, whether in contract, violation of any state or federal statute, rule or regulation, arising out of, concerning or in connection with any act or omission alleged in the Class Action by or on the part of Released Parties, including, without limitation, those relating to the failure to provide rest periods, inaccurate wage statements, penalties relating to the failure to provide rest periods and/or inaccurate wage statements, including PAGA penalties, or other alleged wage and hour violations and related record-keeping requirements, including, without limitation, violation of Business & Professions Code section 17200, the applicable California Industrial Welfare Commission Order, or any other California or federal laws relating to the failure to pay wages and penalties based on the facts alleged in the Complaint from January 19, 2013, through the date of Preliminary Approval. For purposes of this Settlement Agreement, "Released Claims", … also include any unknown claims that Participating Class Members do not know or suspect to exist in their favor, which if known by them, might have affected this Settlement Agreement with Defendants and release of Released Parties.

24. In the First Amended Complaint in *Berlanga*, Gaeth, Langlitz, and their co-plaintiffs alleged, *inter alia*, that Equilon had

> knowingly and intentionally failed to furnish Named Plaintiffs and the putative class members with complete and accurate itemized statements, as required by California Labor Code section 226(a). The wage statements, ***among other things***, failed to accurately provide the gross or net wages earned, including the required premium wages earned for missed rest periods, as required by California Labor Code sections 226(a)(1) and (2).

The released Class claims in *Berlanga* therefore encompassed the subject matter of Plaintiffs' Third Cause of Action insofar as the class period alleged in Plaintiffs' complaint overlaps with the *Berlanga* class period. Accordingly, the individual and class releases in *Berlanga* bar, in whole or in part, Plaintiffs' Complaint, and each and every cause of action Plaintiffs purport to allege therein.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs, and each of them, take nothing by their Complaint;

2. That the Complaint be dismissed in its entirety with prejudice;

3. That Plaintiffs, and each of them, be denied each and every demand and prayer for

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

relief contained in the Complaint.

4. For costs of suit incurred herein including reasonable attorneys' fees pursuant to Labor Code 218.5, Code of Civil Procedure section 1021.5, and any other applicable law; and

5. For such other and further relief as the Court deems just and equitable.

Dated: July 11, 2019.

LAFAYETTE & KUMAGAI LLP

By: ______________________________
Gary T. Lafayette
Attorneys for Defendant
EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
1300 CLAY STREET, SUITE 810
OAKLAND, CALIFORNIA 94612
(415) 357-4600
FAX (415) 357-4605

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. My business address is 1300 Clay Street, Suite 810, Oakland, California, 94612.

On July 11, 2019, I served the following document(s):

**EQUILON ENTERPRISES LLC DBA SHELL OIL PRODUCTS US'S ANSWER TO CLASS ACTION COMPLAINT**

The documents were served by the following means:

X By United States Mail. I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited with the United States Postal Service, in a sealed envelope with postage fully prepaid. The envelope or package was placed in the mail at Oakland, California.

__ By Overnight Delivery. I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses below. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

__ By Fax Transmission. Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission will be provided upon request.

__ By Personal Service. I caused to be personally delivered the documents to the person(s) at the address(es) listed below.

I served the document(s) on the person(s) below as follows:

Kristina L. Hillman, Esq. (SBN 208599)
Jannanh V. Manansala, Esq. (SBN 249376)
Alexander S. Nazarov, Esq. (SBN 304922)
***Weinberg, Roger & Rosenfeld***
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, CA 9450

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 11, 2019, at Oakland, California.

Denise Taylor
DENISE TAYLOR