KRISTINA L. HILLMAN, Bar No. 208599
JANNAH V. MANANSALA, Bar No. 249376
ALEXANDER S. NAZAROV, Bar No. 304922
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
         khillman@unioncounsel.net
         jmanansala@unioncounsel.net
         anazarov@unioncounsel.net

Attorneys for Plaintiffs MARCO DIMERCURIO,
CHARLES GAETH, JOHN LANGLITZ, and
MALCOLM SYNIGAL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, and DOES 1 THROUGH AND INCLUDING 25,<br><br>Defendants. | No. 3:19-cv-04029-JSC<br><br>[ASSIGNED FOR ALL PURPOSES TO MAGISTRATE JUDGE JACQUELINE SCOTT CORLEY]<br><br>**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>1. Failure To Pay Reporting Time Pay (IWC Wage Order No. 1-2001);<br>2. Failure To Pay All Wages Earned At Termination (Labor Code §§ 200-203);<br>3. Failure To Provide Accurate Itemized Wage Statements (Labor Code §§ 226-226.3);<br>4. Violations of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*)<br>5. Liability for Civil Penalties Under the Private Attorneys General Act, California Labor Code §§ 2698, *et seq.*<br><br>DEMAND FOR JURY TRIAL |

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

COMES NOW, PLAINTIFFS MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL ("Plaintiffs"), on behalf of themselves and a class of all others similarly situated as defined herein (the "Class"), allege on knowledge as to themselves and otherwise on information and belief, as follows:

## NATURE OF ACTION

1. This class action on behalf of operators at the Shell refinery in Martinez, California challenges a form of wage theft—the practice of scheduling refinery operators for mandatory "standby" shifts but failing to pay required reporting time pay. Standby shifts require operators to be available for work at the refinery just like regular shifts, but differ from regular shifts in that operators must wait to be contacted by their employer within an unreasonably short time before the start of the scheduled standby shift to find out whether they actually need to work the standby shift.

2. Defendant Equilon Enterprises LLC dba Shell Oil Products US ("Shell") requires its operators at its refinery in Martinez, California to work regular 12-hour shifts. In addition to their regular 12-hour shifts, operators at Shell's Martinez refinery must regularly be available for designated 12-hour standby shifts twice a day.

3. Shell requires operators at its Martinez factory to be at the ready to receive calls during two 1.5-hour time periods when assigned to cover standby shifts, which commence 30 minutes prior to the start of the scheduled standby shift and end an hour after the standby shift has started. If an operator cannot be reached during these 1.5-hour time periods, the operator is considered absent without leave and is subject to disciplinary action. If an operator is asked to work the scheduled standby shift during one of these 1.5-hour time periods, the operator must report for duties at the refinery in Martinez within a time period not to exceed 2 hours. If an operator is not contacted at all during these 1.5-hour time periods, the operator is not compensated at all by Shell, although the operator's activities have been significantly constrained.

4. These standby shifts impose tremendous costs on employees. Because Shell requires operators to be available for standby shifts, operators cannot commit to other activities such as, for example, other jobs or classes during those scheduled standby shifts and the period

2

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

1. that commences prior to the standby shifts during which they must be at the ready to receive a call and come into the worksite if asked. If operators have children or care for elders, they must make contingent childcare or elder care arrangements. They also cannot commit to social plans with friends or family.

5. Further, because Shell operators at its Martinez refinery must wait to be called 30 minutes prior to the start of each of the two scheduled standby shifts, they are inconvenienced not only for the periods of the scheduled standby shifts they must cover, but also for the 30-minute time periods before the standby shifts commence. During the time period operators must be at the ready to answer a call starting 30 minutes prior to a scheduled standby shift, they cannot do things incompatible with answering a phone call, such as sleeping, taking a class, going camping, or being at any location without cell service including, for example, elevators and numerous rural areas.

6. Even if Shell does not ultimately call an employee asked to cover standby shifts and does not require the employee to work a standby shift, the employee has still suffered tremendous inconvenience and has forgone the opportunity to take other work that could have been scheduled for the day or evening, take a class, go camping in an area with limited cell reception, and make out-of-town plans, amongst other restrictions.

7. In short, the requirement of having to be at the ready for standby shifts twice a day and arrive at work within 2 hours of a call they must answer significantly limit employees' ability to earn other income, take classes, care for dependent family members, and enjoy time for recreation.

8. Pursuant to Wage Order 1-2001, an employee is entitled to reporting time pay when he or she "is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work." The amount of reporting time pay that must be paid "is half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay...."

9. Notwithstanding Shell's standby shift policy, Shell compensates operators only when actually required to work during the standby shift. Shell does not credit its operators at its

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

Martinez, California refinery for "reporting to work" when the employee is scheduled for a standby shift and is not told that they have to work during the standby shift. These practices have resulted, and continue to result, in Shell not paying its employees required reporting time pay.

## PARTIES

10. Plaintiff Marco DiMercurio is a citizen of the State of California, currently residing in the County of Contra Costa. He works as an operator at Shell's Martinez refinery.

11. Plaintiff John Langlitz is a citizen of the State of California, currently residing in the County of Solano. He works as an operator at Shell's Martinez refinery.

12. Plaintiff Charles Gaeth is a citizen of the State of California, currently residing in the County of Solano. He works as an operator at Shell's Martinez refinery.

13. Plaintiff Malcolm Synigal is a citizen of the State of California, currently residing in the County of Contra Costa. He previously worked as an operator at Shell's Martinez refinery and separated from Shell's employment days prior to the filing of this complaint in June 2019.

14. Shell is a Delaware corporation doing business in California and is a "person" as defined by California Labor Code section 18 and by California Business and Professions Code section 17201. Shell is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Shell's headquarters is in Houston, Texas.

15. The true names and capacities of defendants DOES 1 through 25, inclusive, whether individual, plural, corporate, partnership, associate or otherwise, are not known to Plaintiffs, who therefore sue said defendants by such fictitious names. Plaintiffs will seek leave of Court to amend this Complaint to show the true names and capacities of defendants DOES 1 through 25, inclusive, when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that each of the defendants designated herein as DOE is negligently, wantonly, recklessly, tortiously, and unlawfully responsible in some manner for the events and happenings herein referred to and negligently, wantonly, recklessly, tortiously, and unlawfully proximately and legally caused injuries and damages to Plaintiffs and the Class as herein alleged.

16. Plaintiffs are also informed and believe and thereon allege that DOES 1 to 25, at all relevant times herein, were the agents, principals, and/or alter egos of Shell and that they are

4

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

therefore liable for the acts and omissions of Shell.

17. At all times pertinent hereto, each of the said DOE defendants participated in the doing of acts hereinafter alleged to have been done by Shell and, furthermore, were the agents, servants, and/ or employees of Shell, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this putative class action under the Class Action Fairness Act of 2005.  28 U.S.C. sections 1332(d), 1453 and 1711-1715.

19. The venue of this action is appropriately in the United States District Court for the Northern District of California because Shell conducts substantial business on the territory of the Northern District, the acts alleged herein and the injury to Plaintiffs occurred in the Northern District and the state court from which this matter was removed is located in the Northern District.

## CALIFORNIA'S REPORTING TIME PAY REQUIREMENT

20. Pursuant to its authority under Labor Code section 1173, the Industrial Welfare Commission promulgated Wage Order 1-2001.  Wage Order 1-2001 applies to Shell's refinery in Martinez, California.

21. Wage Order 1-2001 mandates that employees be paid reporting time pay as follows: "Each workday an employee is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

22. Unpredictable work schedules take a toll on employees.  Without the security of a definite work schedule, workers who must be "on-call" or on "standby" are forced to make childcare arrangements, elder-care arrangements, encounter obstacles in pursuing their education, experience adverse financial effects, and deal with stress and strain on their family life.  The "on-call" or "standby" shifts also interfere with employees' ability to obtain supplemental

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

employment in order to ensure financial security for their families.

## FACTS SPECIFIC TO PLAINTIFFS

23. Plaintiffs have worked and continue to work as operators at Shell's refinery in Martinez, California. During the course of their employment, Plaintiffs were asked to cover designated, 12-hour standby shifts twice a day. When assigned to cover standby, Plaintiffs and other operators had to be at the ready to receive a call for the period 30 minutes prior to the start of a standby shift until one hour after the standby shift commenced. Shell considered Plaintiffs and the other operators at its Martinez refinery as absent without leave and subjected them to discipline if they failed to answer a call during this time period. Shell expected Plaintiffs and other operators at its Martinez refinery to arrive at work no less than two hours later if called and asked to cover a standby shift. During their employment with Shell, Plaintiffs have frequently been scheduled to cover standby shifts, which always involved a scheduled start times and set scheduled ending times.

24. Unless Plaintiffs or other operators were asked to work a standby shift, Shell did not provide them with any compensation, including reporting time pay.

## CLASS ALLEGATIONS

25. Plaintiffs bring this action on behalf of themselves and the following ascertainable class of similarly situated persons: All operators working at the refinery of Equilon Enterprises LLC dba Shell Oil Products US in Martinez, California at any time from four years prior to the filing of this complaint up to and continuing until the time that judgment is entered in this case (the "Class").

26. This class action is brought pursuant to Federal Rule of Civil Procedure 23. Plaintiffs reserve the right to modify the description of the Class and to later designate subclasses based on the results of discovery or otherwise.

27. **Numerosity:** The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number and identities of the members of the Class are presently unknown, there are at least more than 100 members of the Class.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

28. **Ascertainability:** The identities of the members of the Class are readily ascertainable by review of Shell's records, including, but not limited to, payroll records, timekeeping records, schedules, and other documents and other business records that Shell is required by law to maintain.

29. **Commonality/Predominance:** There are predominant common questions of law and fact and a coherent community of interest amongst Plaintiffs and the claims of the Class, concerning Shell's treatment of them, including but not limited to:

   a. Whether the reporting time pay requirement that an employee "report for work" requires that Plaintiffs and the Class physically report for work.

   b. Whether Shell's requirements that its operators (1) be at the ready to receive a call or face discipline during two 1.5 hour time periods that commence a half hour before two separate standby shifts and ends an hour after the shifts' start time, and (2) arrive at work within two hours if asked to work a standby shift triggers California's reporting time pay obligations.

   c. Whether Shell's requirements that its operators (1) be at the ready to receive a call during 1.5 hour time periods that commence a half hour before each standby shift starts and ends an hour after that shift start time twice a day when on standby coverage and (2) arrive at work within two hours if asked to work the standby shift and (3) be subject to discipline if they fail to satisfy either requirement violates California policy as expressed by the state legislature's enactment of Labor Code sec. 96(k) prohibiting discipline for employees engaging in lawful off duty conduct.

   d. Whether Shell violated and continues to violate Wage Order 1-2001.

   e. Whether Shell violated Labor Code sections 200-203.

   f. Whether Shell violated Labor Code sections 226, 226.3.

   g. Whether Shell violated Cal. Bus & Professions Code section 17200.

///

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

30. **Typicality:** Plaintiffs' claims are typical of the claims of the Class in that Plaintiffs and the Class sustained damages arising out of the same policies, procedures, and/or business practices of Shell.

31. **Adequacy of Representation:** Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel who has substantial experience in prosecuting complex wage and hour class action claims.

32. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the Class is impracticable. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damage suffered by each individual of the Class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Moreover, an important public benefit will be realized by addressing the matter as a class action. The cost to the court system of adjudication of such individual litigation would be substantial. Individual litigation would also present the potential for inconsistent or contradictory judgments. Adjudication of individual Class members' claims with respect to Shell would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede the ability of other individual members of the Class to protect their interests.

33. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class proceeding.

**FIRST CAUSE OF ACTION**
**FOR FAILURE TO PAY REPORTING TIME PAY**
**(IWC Wage Order No. 1-2001)**
**(By Plaintiffs on Behalf of Themselves and the Class Against Shell and DOES 1 Through 25)**

34. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference the preceding paragraphs of this complaint as though set forth in full at this point.

///

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

35. Wage Order 1-2001 provides that "[e]ach workday an employee is required to report for work and does report, but is not put to, work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

36. As set forth herein, Shell scheduled Plaintiffs and the Class for standby shifts that required them to be at the ready to receive a call, starting from 30 minutes prior to the scheduled start time of a standby shift to an hour after the schedule start time of such shift and face discipline if they did not answer such call. Shell also required Plaintiffs and the Class to arrive at work within two hours if asked during this 1.5-hour period to work the scheduled standby shift. Failure to answer a call or arrive at work within the time frame subjected Plaintiffs and the Class to discipline.

37. Shell has failed to pay required reporting time pay to Plaintiff and the Class, as Plaintiff and the Class were not paid reporting time pay or any compensation for having to be at the ready to work a standby shift. Shell compensated only operators asked to come to work and work the standby shift.

38. As a direct and proximate result of Shell's actions as set forth herein, Plaintiffs and the Class have been damaged in that Plaintiffs and the Class have not been paid all required reporting time pay.

**SECOND CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES EARNED AT TERMINATION**
**(Labor Code § 200 - 203)**
**(By Plaintiff Malcolm Synigal on Behalf of Himself and the Class Against Shell and DOES 1 Through 25)**

39. Plaintiffs hereby incorporate all prior paragraphs as if fully set forth herein.

40. Labor Code sections 201 and 202 require that Shell pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced.

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

The penalty cannot exceed 30 days of wages.

41. Members of the Class who have separated from Shell's employment were not paid required reporting time pay within 24 hours after a discharge, or 72 hours after a resignation, as applicable.

42. Shell's failure to pay required reporting time pay upon termination was willful.

43. As a direct and proximate result of Shell's willful conduct in not paying members of the Class all earned wages at the time their employment with Shell ended, each member of the Class whose employment with Shell ended is entitled to 30 days' wages as a penalty under Labor Code section 203.

## THIRD CAUSE OF ACTION
### FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS
(Labor Code §§ 226, 226.3)
(By Plaintiffs and the Class Against Shell and DOES 1 Through 25)

44. Plaintiffs, on behalf of themselves and the Class, hereby incorporate by reference all prior paragraphs as if fully set forth herein.

45. Pursuant to the Labor Code and the applicable Wage Order, employers must provide accurate itemized wage statements at the time employees are paid, showing accurate information for such things as total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, etc.

46. Plaintiffs and the Class were not provided with accurate itemized wage statements, as required by law. The wage statements provided did not accurately include correct numbers for total hours worked, gross wages earned, net wages earned, applicable hourly rates for the pay period at issue, and other information required by law. Reporting time pay was not accurately reported on the wage statements.

47. Plaintiffs and the Class could not easily and promptly determine from their wage statements that they had been properly paid. Reporting time pay was not accurately reported or calculated, such that no calculations could be performed to derive the accurate times, rates, and pay that should have been part of their compensation. The information to make such determinations could not be readily ascertained by the wage statement, standing alone, or without

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

reference to other documents or information.

48. As a result of Shell's failure to provide accurate itemized wage statements as required by law, Plaintiffs and the Class have been injured in the manner set forth in the Labor Code.

49. Plaintiff and the Class are entitled to the penalties set forth at Labor Code section 226(e) and/or 226.3 and/or the applicable wage order, to injunctive relief to ensure compliance with the law, to costs of suit, and reasonable attorneys' fees.

**FOURTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES**
**(Bus. & Prof. Code §§ 17200 *et seq.*)**
**(Against Shell and DOES 1 Through 25)**

50. Plaintiffs hereby incorporate by reference all prior paragraphs as if fully set forth herein.

51. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair, or fraudulent business act or practice.

52. The actions of Shell, as herein alleged, amount to conduct which is unlawful and a violation of law. As such, said conduct constitutes an unlawful business practice, in violation of Bus. & Prof. Code sections 17200 *et seq*.

53. The actions of Shell, as herein alleged, offend established public policy and constitute an unfair business practice. This injury is not outweighed by any countervailing benefits to consumers or competition.

54. Shell's conduct as herein alleged has damaged Plaintiffs and other operators by denying them wages earned, due and payable. Plaintiffs and other operators have thus suffered injury in fact and loss of money. Under section 17200 Plaintiffs seek restitution of all monies not paid to them and other operators at Shell's Martinez, California by Defendants.

**FIFTH CASUE OF ACTION**
**Liability for Civil Penalties Under the Private Attorneys General Act,**
**California Labor Code §§ 2698,** *et seq*.

55. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

56. California Labor Code § 2699 gives any aggrieved employee the right to file an action for civil penalties on behalf of themselves and other current or former employees, for the employer's violations of the Labor Code.

57. It is in the public interest that civil penalties for violations of the Labor Code be assessed and collected by aggrieved employees acting as private attorneys general.

58. Shell's denial of reporting time pay, failure to compensate employees in a timely fashion, and provide accurate wage statements constitutes a violation of Industrial Welfare Commission Wage Order 1-2001 and California Labor Code §§ 201, 202, 203, 204 and 226.3-226.7.

59. On June 14, 2019, Plaintiffs filed a written notice online and with service to Shell via certified mail, of Plaintiffs' intent to seek PAGA penalties pursuant to the aforementioned Labor Code violations, to the Labor and Workforce Development Agency ("LWDA"). The facts and legal theories supporting the causes of action giving rise to the PAGA claims are the same as pled above.

60. The LWDA has not issued notice of its intention to pursue civil penalties or investigate Plaintiffs' claims. More than 65 days have passed since the postmark date of Plaintiffs' June 14, 2019 notice. Accordingly, Plaintiffs commence this PAGA claim for civil remedies as provided for under Labor Code § 2699.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves, and on behalf of the members of the Class, pray for judgment against Shell as follows:

A. For an order certifying the proposed Class;

B. For the attorneys appearing on the above caption to be named class counsel and for Plaintiffs to be appointed class representatives;

C. For compensatory damages in an amount according to proof with interest thereon;

D. For economic and/or special damages in an amount according to proof with interest thereon;

///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

12
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

E. For payment of unpaid wages in accordance with California labor and employment law;

F. For payment of penalties in accordance with California law, including but not limited to any penalties under the Private Attorney General Act California Labor Code §§ 2698, *et seq.*;

G. For Shell to be found to have engaged in unfair and/or unlawful competition in violation of Bus. & Prof. Code sections 17200, *et seq.*;

H. For Shell to be ordered and enjoined to make restitution to Plaintiffs and the Class, including restitutionary disgorgement, pursuant to Business and Professions Code sections 17200 *et seq.*;

I. For interest, attorneys' fees, and costs of suit under Labor Code sections 226 and 1194 and Code of Civil Procedure section1021.5 and other applicable code sections; and

J. For all such other and further relief that the Court may deem just and proper.

Dated:  October 25, 2019                    WEINBERG, ROGER & ROSENFELD
                                            A Professional Corporation


                                                    */s/ Alexander S. Nazarov*
                                            By:     ALEXANDER S. NAZAROV

                                            Attorneys for Plaintiffs MARCO DIMERCURIO,
                                            CHARLES GAETH, JOHN LANGLITZ, and
                                            MALCOLM SYNIGAL

148094\1053000

**WEINBERG, ROGER & ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

13
PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC

## **DEMAND FOR A JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: October 25, 2019

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: */s/ Alexander S. Nazarov*
ALEXANDER S. NAZAROV

Attorneys for Plaintiffs MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

14

PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:19-cv-04029-JSC