UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO DIMERCURTO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC,<br><br>Defendant. | Case No. 19-cv-04029-JSC<br><br>**ORDER TO SHOW CAUSE RE DEFENDANT'S FAILURE TO COMPLY WITH COURT ORDER REGARDING MEDIATION** |

On July 16, 2020, at the parties' further Case Management Conference, the Court ordered the parties to file a written submission by August 17, 2020 providing the name of their private mediator and date of mediation to occur by December 31, 2020. (Dkt. No. 35.) After several extensions of this deadline, on November 6, 2020 the Court ordered the parties to file within one week a written statement identifying the mediator and date of mediation to occur by December 31, 2020. (Dkt. No. 41.)

On November 13, 2020, Plaintiffs filed a statement in which they reported that the parties held a series of conferences throughout October 2020 regarding outstanding discovery disputes, their private mediator, and selecting a date for mediation. (Dkt. No. 43 at 2.) Plaintiffs stated they accepted Defendant's proposed mediator, T. Warren Jackson, on October 20, 2020, and that Defendant's schedule required the mediation to occur in January 2021 rather than by December 31, 2020.

According to Plaintiff's statement, for two weeks following October 20, 2020—the date that Plaintiffs accepted Defendant's proposed mediator—Plaintiffs repeatedly contacted Defendant regarding the mediation date, with no dates offered by Defendant; when Plaintiffs contacted Mr. Jackson directly on November 3, 2020, he reported that, on October 21, he provided Defendant with three possible dates for mediation in January. Defendant never shared these dates with

Plaintiffs' counsel.  Plaintiffs immediately contacted Defendant, requesting that "[Defendant] let [Plaintiffs] know if any of [Mr. Jackson's proposed January dates] work for [Defendant] in the next day or two," and that, absent any confirmation, Plaintiffs would move forward assuming that Defendant "was only using the prospect of mediation as a delay tactic."  *(Dkt. No. 43 at 2.)*

After this Court issued its Order on November 6, 2020, Plaintiffs again contacted Defendant.  On November 9, 2020, Plaintiffs e-mailed Defendant regarding certain outstanding discovery issues, as well as the selection of a mediation date, and stated their willingness to meet and confer on November 10, 2020 regarding the parties' mediation.  Plaintiffs aver that they have received no communications from Defendant in response to their November 9, 2020 e-mail.  (*Id.* at 3.)

Defendant has failed to comply with this Court's Order requiring the parties to submit a statement identifying both the name of their private mediator and date of mediation.  Moreover, Defendant has refused to cooperate with Plaintiffs in complying with this Court's Order, leaving Plaintiffs' requests for assistance in selecting a mediation date—even one in January—without reply.  Defendant has filed no response to Plaintiffs' statement explaining or justifying its conduct.  Accordingly, Defendant is ORDERED TO SHOW CAUSE as to why it should not be sanctioned for its conduct and refusal to comply with this Court's orders.  *See Salamon v. Creditors Specialty Serv., Inc.*, No. C 11-172 CW, 2013 WL 415633, at *2 (N.D. Cal. Jan. 29, 2013) (citing *Unigard Sec. Ins. Co. v. Lakewood End'd & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992)).  Defendant is ordered to file a response to this Order by November 19, 2020.  The Court will schedule a hearing or telephonic conference regarding the parties' mediation deadline and briefing schedule, if necessary, following Defendants' written submission to this Show Cause Order.

**IT IS SO ORDERED.**

Dated: November 16, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2