UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO DIMERCURIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC,<br><br>Defendant. | Case No. 19-cv-04029-JSC<br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF**<br><br>Re: Dkt. No. 96 |

Before the Court is a joint letter brief regarding Defendant's request for further depositions of Plaintiffs, among other relief. (Dkt. No. 96.) Upon review of the letter, the Court concludes that oral argument is not necessary. *See* N.D. Cal. Civ. L.R. 7-1(b).

Defendant's request for further depositions of Plaintiffs is DENIED. While Plaintiffs produced some documents late, Defendant does not explain what additional questions it needs to ask Plaintiffs. Just because documents were produced late does not mean a further deposition is warranted.

Defendant's request that Plaintiffs update their initial disclosures to provide addresses of the disclosed witnesses is GRANTED. *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Plaintiffs' insistence in the meet and confer that Defendant has the addresses is unavailing. The Rule specifically requires the disclosing party to provide addresses; Plaintiffs are not permitted to carve out their own exceptions to the Rule. Further, Defendant no longer owns the refinery so any addresses they have may be out of date. But even that does not matter because the Rule requires the disclosing party to provide addresses. Plaintiffs shall provide Defendant with an updated disclosure by June 1, 2021. That Plaintiffs did not identify the witnesses who submitted declarations in support of class certification is of no moment as, at Defendant's request, the Court extended the deadline for

1 Defendant to respond to Plaintiff's class certification motion.

2 Defendant's request for updated damages disclosures is DENIED. Defendant does not provide the Court with what Plaintiff did disclose so the Court cannot determine if it is sufficient. Further, Defendant does not explain how it expects Plaintiffs to calculate such damages in light of what has been produced, whatever it is that has been produced.

Defendant's demand that Plaintiffs pay for Defendant's costs in deposing Tracy Scott is DENIED. Defendant's own declaration attests that before Defendant took Scott's deposition, Plaintiffs' counsel told him that Scott did not have any relevant information, as did Plaintiffs when deposed. (Dkt. No. 91-1 at 6 ¶ 13.)

Finally, the Court observes that the parties have a settlement conference with Judge Spero tomorrow, May 26, 2021. The Court previously vacated any ADR deadline because of the parties' inability to work cooperatively to get the information they needed for a meaningful settlement conference. Then at the March 4, 2021 case management conference, the parties indicated a willingness to engage in ADR with Plaintiffs stating a preference for a settlement conference with a magistrate judge. (Dkt. No. 76 at 13, 19.) If the parties are not in a position to have a meaningful settlement conference then they should notify the settlement judge of that position. The parties and their counsel have an obligation to ensure they are not wasting the scarce resources of the Northern District of California.

This Order disposes of Docket No. 96.

**IT IS SO ORDERED.**

Dated: May 25, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge