UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO DIMERCURIO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC,<br><br>Defendant. | Case No. 19-cv-04029-JSC<br><br>**ORDER GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. No. 123 |

The Court previously certified as a class action Plaintiffs' claims for reporting time pay, wage statements, and unfair business practices.[1] (Dkt. No. 116.)[2] The Court declined to certify the claim for waiting time penalties and invited further briefing. (*Id.* at 15–17, 20.) Before the Court are Plaintiffs' supplemental brief requesting leave to amend and class certification on that claim, the proposed Second Amended Complaint ("SAC"), and Defendant's opposition. (Dkt. Nos. 123, 122, 125.) As explained below, the Court GRANTS leave to amend and will hear argument on the class certification issue.

I.   **Leave to Amend**

"[L]eave to amend shall be freely given when justice so requires, but a district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." *Wash. State Republican Party v.*

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 12, 13.)
[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1  *Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (internal quotation marks and citation
2  omitted); *see* Fed. R. Civ. P. 15(a)(2). Among the discretionary factors, "prejudice to the
3  opposing party [] carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d
4  1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing [by the party opposing
5  amendment] of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in
6  favor of granting leave to amend." *Id.*

7  Defendant has not established prejudice. The limited number of new facts alleged in the
8  proposed SAC, related to the refinery sale, were all known to Defendant. (*See* Dkt. No. 122 ¶ 10.)
9  The SAC alleges that Plaintiffs DiMercurio, Gaeth, and Langlitz were discharged in the refinery
10 sale, (*id.* ¶¶ 11–14), and brings a waiting time penalties claim on behalf of discharged employees
11 under Labor Code Section 201, (*id.* at 11, 8). While the original complaint did not name any
12 Plaintiffs who had been discharged as opposed to resigned, it did put Defendant on notice that
13 Plaintiffs intended to assert a waiting time penalties claim on behalf of discharged employees.
14 (*See* Dkt. No. 1 ¶ 40 (citing Sections 201, 202, and 203).) And, while Plaintiffs DiMercurio,
15 Gaeth, and Langlitz's Section 201 claims did not exist at the case's outset, because they had not
16 yet been discharged, it is safe to assume that other class members had been discharged prior to that
17 time and had actionable claims under Section 201. Defendant does not identify particular
18 discovery or litigation efforts that it would or would not have undertaken had Plaintiffs amended
19 their complaint at an earlier date. Notably, the SAC broadens only the scope of the waiting time
20 penalties sub-class, not the class.

21 Nor is there undue delay, for related reasons. "[P]laintiffs were endeavoring in good faith
22 to meet the [] pleading requirements and to comply with court guidance." *Eminence Cap.*, 316
23 F.3d at 1053. Finally, amendment is not futile because it produces a waiting time penalties claim
24 that is at least arguably appropriate for class certification.

25 Because Defendant has not established prejudice or made a strong showing of any of the
26 remaining factors, leave to amend is GRANTED. *See id.* at 1052.

27 **II.   Class Certification**
28 As to class certification on the waiting time penalties claim, the Court will hear argument

on October 28, 2021 at 9:00 a.m., by Zoom video.  The Court will hold the further Case Management Conference at that time.

**IT IS SO ORDERED.**

Dated: October 20, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge