KRISTINA L. HILLMAN, Bar No. 208599
JANNAH V. MANANSALA, Bar No. 249376
ROBERTA D. PERKINS, Bar No. 153074
CAITLIN GRAY, Bar No. 305118
ALEXANDER S. NAZAROV, Bar No. 304922
MAXIMILLIAN D. CASILLAS, Bar No. 311669
KARA L. GORDON, BAR NO. 333379
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
           khillman@unioncounsel.net
           jmanansala@unioncounsel.net
           rperkins@unioncounsel.net
           cgray@unioncounsel.net
           anazarov@unioncounsel.net
           mcasillas@unioncounsel.net
           kgordon@unioncounsel.net

Attorneys for Plaintiffs MARCO DIMERCURIO
CHARLES GAETH, JOHN LANGLITZ and
MALCOLM SYNIGAL

*Additional Counsel Listed on Following Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated,<br><br>                              Plaintiffs,<br><br>        v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, and DOES 1 THROUGH AND INCLUDING 25,<br><br>                              Defendants. | No. 3:19-cv-04029-JSC<br><br>[ASSIGNED FOR ALL PURPOSES TO DISTRICT JUDGE JACQUELINE SCOTT CORLEY]<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   March 30, 2023<br>Time:  9:00 a.m.<br>Crtrm: 8 – 19th Floor<br>DJudge: Hon. Jacqueline Scott Corley |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint Filed:  June 4, 2019
1st Amend. Complt Filed: October 25, 2019
2nd Amend. Complt. Filed: Sept. 13, 2021
Trial Date:  June 12, 2023

*Additional Counsel:*

AARON KAUFMANN, Bar No. 148580
DAVID POGREL, Bar No. 203787
AMANDA EATON, Bar No. 341987
LEONARD CARDER, LLP
1999 Harrison Street, Suite 2700
Oakland, CA  94612
Telephone (510) 272-0169
Fax (510) 272-0174
Email: akaufmann@leonardcarder.com
        dpogrel@leonardcarder.com
        aeaton@leonardcarder.com

Co-Counsel for Plaintiffs MARCO DIMERCURIO,
CHARLES GAETH, JOHN LANGLITZ, and
MALCOLM SYNIGAL

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..........................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................1

I.      INTRODUCTION ...............................................................................................1

II.     FACTUAL & PROCEDURAL BACKGROUND ...........................................2

III.    THE SETTLEMENT AGREEMENT .............................................................6

IV.    CLASS COUNSELS' ATTORNEYS' FEES & LITIGATION
EXPENSE REIMBURSEMENT REQUESTS SHOULD BE
APPROVED .......................................................................................................6

      A.     A REQUEST FOR ATTORNEYS' FEES IS EVALUATED
UNDER A DEFERENTIAL STANDARD ........................................6

           1.     Class Counsels' Request for Attorneys' Fees is
Reasonable Under  the Lodestar Method ................................8

           2.     The Percentage-of-the-Fund Method Confirms the
Request for Attorneys'  Fees is Reasonable ..........................11

      B.     CLASS COUNSEL SHOULD BE REIMBURSED THEIR
OUT-OF-POCKET EXPENSES IN LITIGATING THE CASE .........14

V.     CLASS REPRESENTATIVE SERVICE AWARDS ARE
WARRANTED ..................................................................................................15

VI.    CONCLUSION...................................................................................................16

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

**TABLE OF AUTHORITIES**

**Page**

**Federal Cases**

*Baird v. BlackRock Institutional Tr. Co., N.A.*,
  No. 17-CV-01892-HSG, 2021 WL 5113030 (N.D. Cal. Nov. 3, 2021) ...................................15

*In re Bluetooth Headset Prod. Liab. Litig.*,
  654 F.3d 935 (9th Cir. 2011) .................................................................................7, 8, 11, 12

*Blum v. Stenson*,
  465 U.S. 886 (1984).........................................................................................................10

*Brown v. Hain Celestial Grp., Inc.*,
  No. 3:11-CV-03082-LB, 2016 WL 631880 (N.D. Cal. Feb. 17, 2016).......................8, 12, 13

*Craft v. Cnty. of San Bernardino*,
  642 F. Sup.2d 1113, 1127 (C.D. Cal. 2008) ....................................................................11

*Deaver v. Compass Bank*,
  No. 13-cv-00222-JSC, 2015 WL 8526982 (N.D. Cal. December 11, 2015)..............11, 12, 14

*Der-Hacopian v. DarkTrace, Inc.*,
  No. 18-CV-06726-HSG, 2020 WL 7260054 (N.D. Cal. Dec. 10, 2020) ..............................15

*DiMercurio v. Equilon Enterprises LLC*,
  Ninth Circuit Case No. 21-80098 ......................................................................................4

*Dixon v. Cushman & Wakefield Western, Inc.*,
  No. 18-cv-05813-JSC, 2022 WL 1189883 (N.D. Cal. April 21, 2022)......................... *passim*

*Foster v. Adams & Assocs.*,
  Case No. 18-cv-02723-JSC, 2022 WL 425559 (N.D. Cal. Feb. 11, 2022) .............7, 12, 13, 14

*Franco v. E-3 Sys.*,
  No. 19-cv-01453-HSG, 2021 WL 2333851 (N.D. Cal. June 8, 2021) ...........................10, 15

*Gong-Chun v. Aetna Inc.*,
  No. 1:09-CV-01995-SKO, 2012 WL 2872788 (E.D. Cal. July 12, 2012)............................11

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011, 1029 (9th Cir. 1998) ..................................................................................8

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983)......................................................................................................7, 12

*Joh v. Am. Income Life Ins. Co.*,
  No. 18-cv-06364-TSH, 2021 WL 66305 (N.D. Cal. Jan. 7, 2021)......................................10

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

**TABLE OF AUTHORITIES (cont'd)**

Page

*Laguna v. Coverall N.A.*,
  753 F.3d 918 (9th Cir. 2014), vacated on other grounds, 772 F.3d 608 (9th Cir. 2014) .................................................................................................................................7

*In re M.D.C. Holdings Sec. Litig.*,
  No. CV 89-0090, 1990 WL 454747 (S.D. Cal. Aug. 30, 1990) ................................7

*Mangold v. California Pub. Utils. Comm'n*,
  67 F.3d 1470 (9th Cir. 1995) ...................................................................................7

*In re Mercury Interactive Corp.*,
  618 F.3d (9th Cir. 2000) ........................................................................................12

*Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*,
  No. 19-CV-07087-DMR, 2021 WL 4133860 (N.D. Cal. Sept. 10, 2021).........10, 11, 12

*Parker v. Cherne Contracting Corp.*,
  No. 18-CV-01912-HSG, 2021 WL 5834227 (N.D. Cal. Dec. 9, 2021) ............11, 15

*Radcliffe v. Experian Info. Solutions Inc.*,
  715 F.3d 1157 (9th Cir. 2013) .................................................................................15

*Rodriguez v. West Publishing Corp.*,
  563 F.3d 948 (9th Cir. 2009) ...................................................................................15

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) ...........................................................................6, 7, 8

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
  896 F.2d 403 (9th Cir. 1990) ...................................................................................10

*Vasquez v. Coast Valley Roofing, Inc.*,
  266 F.R.D. 482 (E.D. Cal. 2010) .............................................................................11

*Vataj v. Johnson*,
  No. 19-CV-06996-HSG, 2021 WL 5161927 (N.D. Cal. Nov. 5, 2021) ............12, 15

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ..........................................................................11, 12

*In re Washington Pub. Power Supply Sys. Secs. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ...................................................................................8

*Wren v. RGIS Inventory Specialists*,
  No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) ........................12

**State Cases**

*Greko v. Diesel, U.S.A., Inc.*,
  10-cv-02576-NC, 2013 WL 1789602 (N.D. Cal. Apr. 26, 2013)............................12

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

## TABLE OF AUTHORITIES (cont'd)

<u>Page</u>

*Laffitte v. Robert Half Int'l Inc.*,
    1 Cal. 5th 480 (2016) .................................................................................8

*Lealao v. Beneficial Calif., Inc.*,
    82 Cal. App. 4th 19 (2000) .......................................................................8, 9

**Federal Statutes**

Federal Labor Management Relations Act § 301, 29 U.S.C. 185(a) ..............................................3

**State Statutes**

Cal. Labor Code § 216 ........................................................................................8

Cal. Labor Code § 218.5 .....................................................................................8

Cal. Labor Code § 226 ........................................................................................8

Cal. Labor Code § 2698 ......................................................................................3

Cal. Labor Code § 2802 ......................................................................................8

**Rules**

Federal Rule of Civil Procedure 23 .....................................................................4

Federal Rule of Civil Procedure 30 ..................................................................3, 9

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on March 30, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of Judge Jacqueline S. Corley, United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, San Francisco, Plaintiffs/Class Representatives Marco DiMercurio, Charles Gaeth, John Langlitz, and Malcolm Synigal ("Class Representatives") will and hereby do respectfully move this Court for an order to award class counsel attorneys' fees and reimbursement for litigation expenses and to award payment to Class Representatives for their services as class representatives.

This motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the Declaration of Aaron Kaufmann; the Declaration of Jannah Manansala; the Declaration of Peter Rukin; Declarations of Class Representatives Marco DiMercurio, Charles Gaeth, John Langlitz, and Malcolm Synigal; a Proposed Order, which will be filed with the Motion for Final Approval of the Settlement; the Court's record of this action; all matters of which the Court may take notice, and any other such evidence, briefing, or argument that may be presented to the court at or before the time of hearing.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

On December 14, 2022, the Court granted preliminary approval of the class action settlement, and instructed Class Counsel to file the subject motion. Dkt. No. 181.  Accordingly, Class Counsel now requests an award of fees in the amount of **$1,065,667**, which represents one-third of the gross settlement of $3,200,000, and reimbursement of out-of-pocket litigation expenses of **$44,385.47**.  Each of the four Class Representatives seek a class service award of **$7,500** each, or **$30,000 in the aggregate**.

The fee request is fair and reasonable, as it is less than 75 percent of Class Counsels' collective lodestar in this case. Use of the lodestar method is appropriate here, given that this case involves a fee-shifting statute, and an unadjusted percentage recovery does not account for the significant motion practice required of counsel in this case.  The fee is also reasonable as a percentage of recovery method given the substantial recovery of the potential damages benefiting

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1    the class, the litigation risks when the case commenced, the complexity of this case, and Class

2    Counsels' vigilance in protecting the Class's interest and success in front of this Court.

3           The class representative service awards are reasonable as well, as they compensate each

4    Class Representative for the time and effort spent assisting Class Counsel in investigating and

5    preparing the case, preparing and sitting for depositions, assisting with written discovery,

6    participating in an all-day mediation, and the risk associated with filing a publicly available

7    lawsuit against an employer.

8                        **II.    FACTUAL & PROCEDURAL BACKGROUND**

9           In Spring 2019, Counsel began investigating concerns over whether operators were being

10   adequately compensated for working mandatory standby shifts at Shell's Martinez Refinery.

11   Manansala Decl. ¶ 20.  Counsel reviewed the relevant collective bargaining agreements,

12   interviewed several workers from the Shell refinery site, including multiple interviews with the

13   named plaintiffs Marco DiMercurio, John Langlitz, Charles Gaeth, and Malcolm Synigal, and

14   held other related meetings.  Manansala Decl. ¶ 20.  Counsel also reviewed public information

15   about Shell's operations at the Martinez refinery.  Manansala Decl. ¶ 20.  At the same time,

16   counsel invested significant resources to research the viability of claims against Shell, including

17   the application of a new legal theory asserting reporting time claims, the likelihood of success in

18   defeating a motion for summary judgment by Shell, and the ability to seek penalties for violation

19   of the Wage Order through the Private Attorney General Act.  Manansala Decl. ¶ 20.  Counsel

20   spent at least 38.1 hours on pre-complaint investigation.  Manansala Decl. ¶ 41.  Throughout the

21   litigation, counsel has spent at least 83.1 additional hours conducting informal investigations.

22   Manansala Decl. ¶ 41, Kaufmann Decl. ¶ 25.

23          Between May and June 2019, counsel drafted the initial complaint and PAGA letter

24   describing the facts of the case to the Labor Workforce Development Agency and to the

25   Defendants. Manansala Decl. ¶ 21.  On June 4, 2019, Plaintiffs filed this action in state court,

26   asserting claims for failure to pay reporting time pay in violation of Industrial Welfare

27   Commission ("IWC") Wage Order 1-2001 ("Wage Order") and derivative claims. Dkt. No. 1.

28   Class Counsel spent roughly 8.6 hours drafting the initial Complaint and the PAGA notice.

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

1    Manansala Decl. ¶ 41.

2         Plaintiffs subsequently filed the operative First Amended Complaint in October 2019,

3    asserting their previous claims and adding a claim under California's Private Attorneys General

4    Act ("PAGA"), Labor Code section 2698.  Dkt. No. 18.  Class Counsel spent roughly 13.3 hours

5    drafting the First Amended Complaint.  Manansala Decl. ¶ 41.

6         Shell filed a motion to dismiss Plaintiffs' First Amended Complaint on November 8, 2019

7    on the grounds that Section 301 of the Federal Labor Management Relations Act, 29 U.S.C.

8    185(a), preempted Plaintiffs' claims and Plaintiffs failed to state a claim for relief.  Dkt. No. 19.

9    Counsel drafted an opposition to the motion to dismiss in November 2019 and prepared for oral

10   argument in January 2020.  Dkt. No. 20.  Counsel expended approximately 145.9 hours drafting

11   the opposition and preparing for the oral argument.  Manansala Decl. ¶ 41.  On January 15, 2020,

12   the Court denied Shell's motion.  Dkt. No. 26.

13        Throughout the case, the parties have completed extensive discovery.  Plaintiffs

14   propounded at least 26 requests for production, 90 interrogatories, and 34 requests for admission.

15   Manansala Decl. ¶ 24.  In response to Plaintiffs' discovery requests, and after numerous

16   discovery disputes, Defendants ultimately produced almost 1,000 pages of documents, which

17   were then carefully reviewed by Class Counsel.  Manansala Decl. ¶ 24.  To obtain these

18   documents, counsel engaged in substantial meet and confer efforts with Shell, including sending

19   multiple, lengthy meet and confer letters, preparing letter briefs for and attending discovery

20   conferences with the Court, and filing a motion for sanctions.  Manansala Decl. ¶ 24; Dkt. Nos.

21   40, 49, 50, 60, 64, 65, 67, 73, 79.  Counsel also encountered difficulties in scheduling the

22   depositions of Shell's Federal Rule of Civil Procedure 30(b)(6) witness and refinery supervisors,

23   eventually requiring court intervention.  Dkt. Nos. 73, 79.  Shell also propounded their share of

24   written discovery to each of the plaintiffs.  Manansala Decl. ¶ 24.  Between reviewing documents,

25   preparing discovery, engaging in meet and confer efforts, and drafting the motion for sanctions,

26   Counsel estimates that it spent approximately 425.7 hours on formal discovery items.  Manansala

27   Decl. ¶ 41, Kaufmann Decl. ¶ 25.

28        In March 2021, Class Counsel deposed Shell's corporate designee and three Shell

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

1   supervisory and management personnel.  Manansala Decl. ¶ 25.  Counsel also defended the

2   depositions of the four named plaintiffs.  Manansala Decl. ¶ 25.  Counsel spent at least 270.9

3   hours preparing for, taking and defending these eight depositions.  Manansala Decl. ¶ 41.

4          In March 2021, Weinberg, Roger & Rosenfeld brought in Leonard Carder to help

5   prosecute this matter.  Manansala Decl. ¶ 26.

6          From fall 2020 to April 2021, counsel engaged in significant outreach to potential class

7   members to garner additional information to support the motion for class certification.

8   Manansala Decl. ¶ 27.  Counsel spoke with approximately 30 class members.  Manansala Decl. ¶

9   27.  After conducting these interviews, counsel prepared 20 detailed, individualized declarations

10  supporting the asserted claims.  Manansala Decl. ¶ 27.  Counsel then prepared Plaintiffs' Motion

11  for Class Certification and filed that motion with the Court in April 2021.  Dkt. No. 90;

12  Manansala Decl. ¶ 27.  At the Court's request, Counsel submitted two supplemental briefs

13  regarding class certification in September 2021 and January 2022.  Dkt. Nos. 123. 141.  In

14  September 2021, Shell petitioned for Rule 23(f) appellate review of this Court's order regarding

15  class certification.  *DiMercurio v. Equilon Enterprises LLC*, Ninth Circuit Case No. 21-80098,

16  ECF No. 1.  On September 23, 2021, Plaintiffs filed their opposition.  *Id.*, ECF No. 2.  On

17  December 10, 2021, the Ninth Circuit denied Shell's petition.  *Id.*, Dkt. No. 3. Counsel spent

18  approximately 1277.8 hours on the class certification briefing and argument to this Court and the

19  Ninth Circuit.  Manansala Decl. ¶ 41; Kaufmann Decl. ¶ 25.

20         In September 2021, Plaintiffs filed their Second Amended Complaint, clarifying the

21  waiting time penalty subclasses.  Dkt. No. 122. Counsel spent approximately 14.5 hours

22  preparing the Second Amended Complaint.  Manansala Decl. ¶ 41; Kaufmann Decl. ¶ 25.

23         In January 2021, counsel prepared an amended PAGA notice, clarifying the basis of

24  Plaintiffs' PAGA claims.  Manansala Decl. ¶ 29.  Subsequently, in April 2022, Plaintiffs filed

25  their Third Amended Complaint, clarifying the basis of their PAGA claims.  Dkt. No. 157.

26  Counsel spent approximately 8.8 hours preparing the amended PAGA notice and Third Amended

27  Complaint.  Manansala Decl. ¶ 41; Kaufmann Decl. ¶ 25.

28         Since January 2020, counsel attempted to coordinate and prepared extensively for private

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

1    mediation, as ordered by the Court.  Manansala Decl. ¶ 30.  In March 2021, after failed attempts

2    to proceed with private mediation, the Court ordered the parties to attend a mandatory settlement

3    conference with Chief Magistrate Judge Joseph Spero.  *Id.*  The parties held three settlement

4    conferences with Judge Spero on May 26, 2021, November 30, 2021, and June 14, 2022.  Dkt.

5    Nos. 98, 133, 161.  All four Plaintiffs attended all three settlement conferences.  DiMercurio

6    Decl. ¶ 12; Langlitz Decl. ¶ 12; Gaeth Decl. ¶ 12; Synigal Decl. ¶ 12.

7         Prior to the first settlement conference, Shell provided Plaintiffs with a large volume of

8    damages data regarding the hours worked by the putative Class Members, from which Class

9    Counsel built a damages model (including determining number of days worked, hours each day

10   worked, number of pay periods worked, days with multiple standby shifts, etc.).  Manansala Decl.

11   ¶ 31.  Counsel also drafted a detailed settlement conference statement for the initial conference

12   and supplemental statements for the second and third conference and prepared each of the

13   Plaintiffs for each of the conferences.  Manansala Decl. ¶ 31.  After the June 14, 2022 conference,

14   the parties accepted Chief Magistrate Judge Spero's proposal to settle the case.  Manansala Decl.

15   ¶ 31.  Counsel spent roughly 333.1 hours preparing for the mediation attempts, settlement

16   conferences, and related negotiations.  Manansala Decl. ¶ 41; Kaufmann Decl. ¶ 25.

17        The parties engaged in further efforts to prepare a written settlement agreement, which

18   was primarily drafted by Class Counsel.  Manansala Decl. ¶ 31.  The parties finalized that

19   agreement on September 8, 2023 after continued negotiations over several provisions in the

20   agreement.  Dkt. No. 172.  Class Counsel spent roughly 86.7 hours on the settlement agreement

21   drafting and negotiations after the mediator's proposal was accepted.  Manansala Decl. ¶ 41;

22   Kaufmann Decl. ¶ 25.

23        On August 30, 2022, Plaintiffs filed a motion for preliminary approval of the class action

24   settlement and conditional class certification.  Dkt. No. 171.  The motion was heard on October

25   20, 2022, at which time the Court required the parties to meet and confer regarding the class

26   notice and submit an amended notice.  Dkt. No. 177.  The parties were subsequently required to

27   submit a second amended notice.  Dkt. Nos. 179. 180.  Class Counsel spent approximately 96.9

28   hours on this motion and subsequent amended class notices.  Kaufmann Decl. ¶ 25; Manansala

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

5

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

1   Decl. ¶ 41.

2       In addition to the work detailed above, counsel approximates that it has spent 217.5 hours

3   on case management, client communications and administrative tasks throughout the course of

4   this litigation.  Kaufmann Decl. ¶ 25; Manansala Decl. ¶ 41.

5       On December 14, 2022, the Court granted preliminary approval of the class action

6   settlement.  Dkt. No. 181.

7                    ### III.   THE SETTLEMENT AGREEMENT

8       The details of the Settlement are set forth in the Class Action Settlement Agreement and

9   Release. Dkt. 172, Ex. 1 (hereinafter the "Settlement Agreement" or "SA").  A summary was set

10  forth in detail in the motion for preliminary approval.  Dkt. 171. In sum, the Settlement allocates

11  to class members a net settlement fund of at least $2,000,000, which is $3,200,000 less payments

12  made to resolve the PAGA penalty claims; attorneys' fees and costs; class representative service

13  awards; and settlement administration fees.  Dkt. 171-1, ¶¶ 7-8.  The Settlement Agreement

14  permits Class Counsel to submit an application for an award of attorneys' fees of $1,066,667[1] and

15  litigation expense reimbursement of $44,385.47.  SA § III.C.2.  The Settlement also provides that

16  the court-appointed Class Representative may petition the Court for service awards of up to

17  $7,500 each, representing $30,000 in the aggregate.  SA § III.C.1.

18      ### IV.   CLASS COUNSELS' ATTORNEYS' FEES & LITIGATION EXPENSE
19              REIMBURSEMENT REQUESTS SHOULD BE APPROVED

20  **A.   A REQUEST FOR ATTORNEYS' FEES IS EVALUATED UNDER A
        DEFERENTIAL STANDARD**

21

22      "Attorneys' fees provisions included in proposed class action settlement agreements are,

23  like every other aspect of such agreements, subject to the determination of whether the settlement

24  is 'fundamentally fair, adequate, and reasonable.'" *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th

25  Cir. 2003) (citing Fed. R. Civ. P. 23(e)).  When the proposed class action settlement includes a

26  proposed amount for attorneys' fees, "the fee award must be evaluated in the overall context of

27  _____

[1] This amount in the Settlement is a typo.  Class Counsel seeks one-third of the gross settlement
28  amount, which is $1,065,667 or $10,000 less than the stated amount.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

1   the settlement." *Foster v. Adams & Assocs.*, Case No. 18-cv-02723-JSC, 2022 WL 425559, at *8

2   (N.D. Cal. Feb. 11, 2022).

3         When evaluating the reasonableness of a fee request, courts show deference to the

4   agreement entered into between the parties. *Staton,* 327 F.3d at 966.  In considering unopposed

5   fee applications, district courts should account for the fact that "the parties are compromising

6   precisely to avoid litigation."  *Laguna v. Coverall N.A.*, 753 F.3d 918, 922 (9th Cir. 2014),

7   vacated on other grounds, 772 F.3d 608 (9th Cir. 2014) (quoting *Staton*, 327 F.3d at 966).  This

8   deference is consistent with the strong public policy of encouraging and approving non-collusive

9   settlements, including those in class actions, and avoiding unnecessary disputes from a request

10  for attorneys' fees after the matter has been resolved.  *Hensley v. Eckerhart*, 461 U.S. 424, 437

11  (1983) ("Ideally, of course, litigants will settle the amount of a fee."); *see also, In re M.D.C.*

12  *Holdings Sec. Litig.*, No. CV 89-0090, 1990 WL 454747, at *4 (S.D. Cal. Aug. 30, 1990)

13  ("Because this Court believes the parties should be encouraged to settle all their disputes as part

14  of the settlement . . . including the amount of the fee . . . if the agreed-to fee falls within a range

15  of reasonableness, it should be approved as part of the negotiated settlement.").

16        In diversity actions, such as this one, the Court is to apply state law to determine the right

17  to and method for calculating attorneys' fees.  *Dixon v. Cushman & Wakefield Western, Inc.*, No.

18  18-cv-05813-JSC, 2022 WL 1189883, at *9 (N.D. Cal. April 21, 2022), *citing Mangold v.*

19  *California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478-79 (9th Cir. 1995).  As the present case

20  presents California state law claims, California law applies to this fee request.  *See Dixon,* 2022

21  WL 1189883, *9, *citing Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

22        Where the settlement creates a common fund, California law affords courts discretion to

23  evaluate the reasonableness of the fees requested under either of two methods: the lodestar

24  method, also known as the "lodestar-multiplier" method, and the percentage method.  *Dixon,*

25  2022 WL 1189883, at *9, *citing Laffitte v. Robert Half Int'l Inc.,* 1 Cal. 5th 480, 504 (2016); *see*

26  *also In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011) (same

27  under federal law); *Foster,* 2022 WL 425559, at *8 (same).  But that "discretion must be

28  exercised so as to achieve a reasonable result."  *In re Bluetooth,* 654 F.3d at 942.  The lodestar

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

method is appropriate in class actions brought under fee-shifting statutes, such as the sections of the California Labor Code litigated here, as "the legislature has authorized the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *Id.*; 29 U.S.C. § 216(b); Cal. Labor Code §§ 218.5, 226(e), 2802(c). *See also Staton*, 327 F.3d at 965–66 (recognizing that where parties negotiate a fee under a fee-shifting statute, Courts should apply the lodestar method); *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1029 (9th Cir. 1998).

California and federal law counsel that whether a lodestar or percentage-of-the fund method is used in the first instance, courts should cross-check using the other method to ensure the reasonableness of the fee award. *Dixon,* 2022 WL 1189883, at *9, *citing Bluetooth*, 654 3d at 944-45 and *Laffite*, 1 Cal. 5th at 504.  Here, both the lodestar and the common fund methods support the reasonableness of counsels' fee request.

**1.    Class Counsels' Request for Attorneys' Fees is Reasonable Under the Lodestar Method**

Class Counsel request a total of $1,065,667 in attorneys' fees and $44,385.47 in expense reimbursement.  Class Counsels' actual lodestar is $1,536,678.50, after exercising significant billing judgment, which means the fee requested marks a negative multiplier of approximately 31%.  The lodestar method well-supports the request here.

The lodestar-multiplier method is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate.  *Bluetooth*, 654 F.3d at 941; *Lealao v. Beneficial Calif., Inc.,* 82 Cal. App. 4th 19, 26 (2000); *Dixon,* 2022 WL 1189883, at *9 (applying California law).  It is appropriate to use counsels' current rates in determining the lodestar.  *In re Washington Pub. Power Supply Sys. Secs. Litig.,* 19 F.3d 1291, 1305 (9th Cir. 1994) ("The district court has discretion to compensate delay in payment in one of two ways: (1) by applying the attorneys' current rates to all hours billed during the course of litigation; or (2) by using the attorneys' historical rates and adding a prime rate enhancement."); *Brown v. Hain Celestial Grp., Inc.,* No. 3:11-CV-03082-LB, 2016 WL 631880, at *8 (N.D. Cal. Feb. 17, 2016). The product is then increased or decreased by a multiplier depending on a variety of factors, including the quality of the representation, novelty and complexity of the issues, results obtained,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

and contingent risk borne by counsel.  *Lealao,* 82 Cal. App. 4th at 26; *Dixon,* 2022 WL 1189883, at *9.

Here, Class Counsel spent more than 3,202.3 hours (after exercising considerable billing judgment) on the litigation since its inception in June 2019.  Kaufmann Decl. ¶¶ 24-25; Manansala Decl. ¶¶ 37, 41.  This time was spent on numerous essential litigation tasks, including: (1) conducting pre-filing investigation, including legal research, witness interviews, and factual research based on publicly available sources; (2) drafting the initial complaint and PAGA notice; (3) conducting informal investigations, including interviewing class members; (4) preparing the First Amended Complaint; (5) preparing and arguing an opposition to the Shell's Removal to Federal Court and Shell's Motion to Dismiss the First Amended Complaint; (6) propounding written discovery, including requests for production of documents, interrogatories and third-party subpoenas for documents, reviewing voluminous documents produced in discovery; (7) engaging in extensive discovery meet and confer efforts, ultimately requiring a motion for sanctions and court guidance; (8) preparing and taking the depositions of Shell's Federal Rule of Civil Procedure 30(b)(6) witness and three refinery supervisors; (9) preparing and defending the depositions of the named Plaintiffs, Marco DiMercurio, John Langlitz, Malcolm Synigal, and Charles Gaeth; (10) preparing and arguing the motion for class certification, including preparing the initial briefing and two supplemental briefs, interviewing approximately 30 class members and preparing 20 class member declarations, and preparing related administrative motions; (11) preparing an opposition to Shell's 23(f) petition to appeal the granting of class certification; (12) preparing and coordinating the mailing of the class notice; (13) preparing the Second Amended Complaint; (14) preparing the amended PAGA notice and Third Amended Complaint; (14) drafting statement for mediation; (15) drafting multiple settlement conference statements, including creating damages model using documents produced in discovery, and attending three settlement conferences and follow up appearances with Chief Magistrate Judge Spero; (16) drafting and negotiating the Memorandum of Understanding and superseding Settlement Agreement; (17) drafting the motion for preliminary approval; and, of course, (18) drafting the present motion.  Manansala Decl. ¶ 19.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

In addition, Class Counsel expect to spend additional hours drafting the motion for final approval and ensuring the settlement is administered appropriately.  Kaufmann Decl. ¶ 24; Manansala Decl. ¶ 37.

The rates used by Class Counsel to calculate their lodestar reflect "the prevailing market rates in the relevant community" for attorneys of like skill, experience, and ability.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  In support of these market rates, Class Counsel offer both their own testimony and that of a third-party attorney familiar with wage and hour and class litigation and the firms who worked up this case.  *See* Kaufmann Decl. ¶¶ 21-23; Manansala Decl. ¶ 36; Declaration of Peter M. Rukin In Support of Plaintiffs' Motion for Attorneys' Fees ¶¶ 6-8 ("Rukin Decl.").  The rates used here are comparable to ones used for awards in prior cases.  Kaufmann Decl. ¶¶ 21-22 ; Manansala Decl. ¶ 36; Rukin Decl. ¶ 7.  Such showing is sufficient to establish the prevailing market rates.  *See United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (noting sufficient evidence of market rates shown through counsel's own testimony, prior awards, and testimony from other attorneys in the community); *Dixon*, 2022 WL 1189883, *11 (same) (*quoting Phelps Dodge*).  Further, the rates claimed here are within the rates that have been approved in this district for similar work.  *See Dixon,* 2022 WL 1189883, *11*; Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.,* No. 19-CV-07087-DMR, 2021 WL 4133860, at *6 (N.D. Cal. Sept. 10, 2021) (approving rates of $600 to $800 for attorneys and $200 for a law clerk); *Franco v. E-3 Sys.,* No. 19-cv-01453-HSG, 2021 WL 2333851, at *7 (N.D. Cal. June 8, 2021) (approving rates of $700 and $550 for attorneys with 18 and 9 years' experience, respectively*); Joh v. Am. Income Life Ins. Co.,* No. 18-cv-06364-TSH, 2021 WL 66305, at *8 (N.D. Cal. Jan. 7, 2021) (approving rates between $415 and $800 in a wage and hour class action case).  While the court need not and does not decide that the exact rates requested by counsel are reasonable, they are at least within the range of reasonableness required to use the lodestar figure as a cross check.  *See Joh*, 2021 WL 66305, at *7 ("Where a lodestar is merely being used as a cross-check, the court may use a rough calculation of the lodestar." (internal quotation marks and citation omitted)).  Class Counsels' experience, reputation, and ability more than justify the hourly rates used in calculating counsels' lodestar (which are their current rates).

10

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1    Kaufmann Decl. ¶¶ 4-19; Manansala Decl. ¶¶ 2-16; Rukin Decl. ¶ 6-8.

2           An enhancing multiplier on the lodestar is well-warranted here, as detailed below, the

3    result for the class is excellent, the quality of the representation has been high, the case has

4    presented novel and complex issues, and counsel bore contingent risk.  Here, however, counsel

5    only asks for 69 percent of their lodestar; such a negative multiplier, underscores the

6    reasonableness of the requested fee award.  *See Dixon v. Cushman & Wakefield Western, Inc.*,

7    No. 18-cv-05813-JSC, 2022 WL 1189883, at *12 (N.D. Cal. April 21, 2022) (finding .92

8    multiplier of lodestar supported awarding a 30 percent of common fund award); *Parker v. Cherne*

9    *Contracting Corp.*, No. 18-CV-01912-HSG, 2021 WL 5834227, at *8 (N.D. Cal. Dec. 9, 2021)

10   (finding reasonable a fee request of $750,000 that was roughly 66 percent of expected lodestar);

11   *Moreno v. Cap. Bldg. Maint. & Cleaning Servs.,* No. 19-CV-,07087-DMR, 2021 WL 4133860, at

12   *6 (negative multiplier of lodestar strongly suggests reasonableness of negotiated fee) (N.D. Cal.

13   Sept. 10, 2021); *Gong-Chun v. Aetna Inc.,* No. 1:09-CV-01995-SKO, 2012 WL 2872788, at *23

14   (E.D. Cal. July 12, 2012) (recognizing requested fee that is below the lodestar "suggests that the

15   negotiated fee award is reasonable").

16          2.      **The Percentage-of-the-Fund Method Confirms the Request for Attorneys'**
17                  **Fees is Reasonable**

18          The fee requested here is also reasonable under the percentage-of-the fund method.

19          The Ninth Circuit has generally established 25 percent of a common fund as a

20   "benchmark" award for attorney fees, with 20 to 30 percent as the usual range.  *Vizcaino v.*

21   *Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Deaver v. Compass Bank*, No. 13-cv-

22   00222-JSC, 2015 WL 8526982, at *10 (N.D. Cal. December 11, 2015).  However, the "exact

23   percentage [awarded] varies depending on the facts of the case, and in 'most common fund cases,

24   the award exceeds that benchmark.'"  *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491

25   (E.D. Cal. 2010).  In large cases, it makes sense to reduce the benchmark award to prevent

26   windfall profits.  *Bluetooth*, 654 F.3d at 942.  Conversely, this Court has observed "cases with

27   relatively small fund of under $10 million will 'often result in fees above 25%.'"  *Dixon,* 2022

28   WL 1189883, *10 (quoting *Craft v. Cnty. of San Bernardino,* 642 F. Sup.2d 1113, 1127 (C.D.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

11

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

Cal. 2008); *see also Greko v. Diesel, U.S.A., Inc.*, 10-cv-02576-NC, 2013 WL 1789602, at *11

(N.D. Cal. Apr. 26, 2013) ("it is common practice to award attorney's fees at a higher percentage

than the twenty-five percent (25%) benchmark in cases that involve a relatively small—i.e., under

$10 million dollar—settlement fund."  This Court has awarded 30 to 33.3 percent in relative small

wage and hour and ERISA matters.  *See, e.g., Dixon,* 2022 WL 1189883 (awarding fee equal to

30% of possible $4.9 million settlement amount where only $3.8 million was paid out to settle

wage and hour claims); *Foster*, 2022 WL 425559 (fee award of 33.3% of $3 million settlement in

ERISA case); *Deaver,* 2015 WL 8526982 (fee award of 33.3% of $500,000 settlement of wage

and hour claims); *see also Moreno*, 2021 WL 4133860, *4-7 (awarding 3.33% fee).  And when

using the percentage method to cross-check a lodestar-based award, courts in this district have

awarded fee amounts that approach or exceed 40 percent of a common fund in class actions,

including within the wage and hour context.  *Wren*, 2011 WL 1230826, at *28 (concluding that

court would award 42% of common fund in wage and hour class action if percentage of fund

approach was used); *Brown v. Hain Celestial Grp., Inc.*, No. 3:11-CV-03082-LB, 2016 WL

631880, at *8-9 (N.D. Cal. Feb. 17, 2016) (awarding fee equivalent to approximately 47% of cash

in common fund and approximately 38% when coupons included with cash).

      The Court cannot simply "use[] a mechanical or formulaic approach that results in an

unreasonable reward"; it must consider whether special circumstances warrant a departure from

the normal percentage.  *Bluetooth*, 654 F.3d at 944 (quoting *In re Mercury Interactive Corp.*, 618

F.3d at 992 (9th Cir. 2000)).  Those special circumstances include: "(1) the result obtained for the

class; (2) the effort expended by counsel; (3) counsel's experience; (4) counsel's skill; (5) the

complexity of the issues; (6) the risks of non-payment assumed by counsel; (7) the reaction of the

class; and (8) the comparison of the benchmark with counsel's lodestar."  *Wren v. RGIS Inventory

Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *27 (N.D. Cal. Apr. 1, 2011); *Vizcaino*,

290 F.3d at 1048–50.

      The overall result and benefit the settlement affords the class is "most critical factor in

granting a fee award."  *Deaver,* 2015 WL 8526982, *11; *see also Vataj v. Johnson,* No. 19-CV-

06996-HSG, 2021 WL 5161927, at *9 (N.D. Cal. Nov. 5, 2021) (same, citing *Hensley*, 461 U.S.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

at 436).  Here, the success obtained warrants a substantial upward adjustment from the benchmark award.  The *net* settlement fund will provide the class members with approximately 70 percentage recovery of their reporting pay time claim—the gravamen of the litigation here, assuming the Court grants the request for $1,065,667 in fees and $30,000 for class representative awards.  This recovery provides for an exceptional result for the class members and aggrieved employees.  In addition, the State of California will receive $37,500 in funds, through the settlement of the PAGA claim, and the aggrieved employees will receive another $12,500.  SA § III.B.3.a.

No class member has opted out of the case to date, suggesting support for the settlement. Should there be no objection to the fees requested here would also support the award requested. *Foster,* 2022 WL 425559, at *10 (noting lack of objection to fees supported the award requested); *Dixon*, *11 (noting no opt-outs and not objections supporting fee requested).

As in other cases where awards have been granted above the benchmark, "th[is] litigation has been protracted, contentious, and intensely fought."  *Brown*, 2016 WL 631880, at *9.  Over the course of the litigation, Class Counsel successfully defeated Shell's motion to dismiss and then won class certification, Dkt. Nos. 26, 116, 144; a loss at any of these junctures could have defeated the case in whole.  While this motion practice proceeded, Class Counsel also engaged in significant discovery efforts, including propounding at least 26 requests for production, 34 requests for admission and 90 interrogatories; responding to 152 production requests and 80 interrogatories; taking 4 depositions; defending 4 depositions; participating in numerous meet and confer letters, related emails and telephone calls; and reviewing almost 1,000 pages of documents.  Manansala Decl. ¶ 24.  Class Counsel also interviewed approximately 30 class members and ultimately obtained declarations from 20 of them in support of the motion for class certification.  *Id.*, ¶ 27.

An increase from the benchmark rate is also warranted because of the complexity of the legal issues raised by this case, the associated risk in litigating such a complex case, and the skill involved in prevailing on important motions and obtaining a sizeable settlement.  Here, the Class Representatives, through their counsel, pursued a theory for reporting time pay that extending

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

application of existing law to workers required to be available for set periods of time and, if needed, be able to report promptly to the refinery to work a shift.  Defendant asserted at every juncture, including on its motion to dismiss, that the case theory was not supported by existing law. Because Class Counsel took this case on a contingency basis, their time and out-of-pocket expenses would have been a lost had defendant succeeded here.  Thus, as in other cases, the risks and counsel skill and work quality in overcoming those risks, support an upward departure from the 25 percent benchmark.  *See Foster*, 2022 WL 425559, at *10 (noting counsel's skill and quality of work and contingent nature of the action supported a 33.3% fee award); *Deaver*, 2015 WL 8526982, at *11 (noting skill and experience of counsel and contingent nature of case supported 33.3% award).

Finally, a comparison with the lodestar suggests a benchmark award would significantly undercompensate counsel for its efforts.  A benchmark award, which would result in fees of $800,000, would significantly undercompensate counsel for its efforts, providing counsel with compensation for only 52 percentage of its collective lodestar.  *See* Kaufmann Decl. ¶¶ 24-25; Manansala Decl. ¶¶ 39, 41.  Thus, if the percentage method is used, an upward adjustment is warranted. The factor that the one-third fee request here would still result in a negative multiplier—31 percentage discount—strongly suggests the award requested is reasonable. *Foster*, 2022 WL 425559, at *11 (noting a negative multiplier supports reasonableness of the negotiated fee) (citing cases).

In sum, each factor used to consider the reasonableness of a benchmark percentage award—and adjust such percentage accordingly—militates in favor of an upward adjustment of the benchmark percentage.  Considering these factors together, an award of 33.3 percent of the common fund is reasonable and puts such request in line with awards this Court has awarded in similar settings.  *Cf. Foster*, 2022 WL 425559, at *11; *Deaver*, 2015 WL 8526982, at *12 (citing cases awarding 30 to 33.3 percent).

### B.   CLASS COUNSEL SHOULD BE REIMBURSED THEIR OUT-OF-POCKET EXPENSES IN LITIGATING THE CASE

Counsel that has created a common fund for the benefit of the class is entitled to be

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1  reimbursed from that fund for their reasonable litigation expenses.  *Dixon,* 2022 WL 1189883,

2  *12.

3      Here, Class counsel have incurred a total of $44,385.47 in out-of-pocket expenses, which

4  have been well-documented. Kaufmann Decl. ¶ 26; Manansala Decl. ¶ 44.  Yet Class Counsel

5  only seek $1,065,667 for all fees and $44,385.47 costs counsel have incurred and will incur in

6  connection with this case. The request here is thus imminently reasonable and should be granted.

7      **V.    CLASS REPRESENTATIVE SERVICE AWARDS ARE WARRANTED**

8      Plaintiffs request service $7,500 for Plaintiffs Marco DiMercurio, Charles Gaeth, John

9  Langlitz and Malcolm Synigal.  Service awards "are designed to 'compensate class

10  representatives for work done on behalf of the class, to make up for financial or reputational risk

11  undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a

12  private attorney general.'" *Parker*, 2021 WL 5834227, at *8 (*quoting Rodriguez v. West

13  Publishing Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009).)  "Service awards as high as $5,000 are

14  presumptively reasonable in" the Northern District. *Vataj*, 2021 WL 5161927, at *10.  This Court

15  has granted higher award where plaintiffs face a reputational risk by filing suit against an

16  employer, *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2021 WL

17  5113030, at *9 (N.D. Cal. Nov. 3, 2021) (granting award of $10,000), and has recognized that

18  "[i]ncentive awards may also be especially appropriate in wage-and-hour class actions," because

19  of the risk plaintiffs' face to their reputation.  *Franco v. E-3 Sys.*, No. 19-CV-01453-HSG, 2021

20  WL 2333851, at *8 (N.D. Cal. June 8, 2021).

21      Nonetheless, district courts "must scrutinize carefully the awards so that they do not

22  undermine the adequacy of the class representatives." *Radcliffe v. Experian Info. Solutions Inc.*,

23  715 F.3d 1157, 1163 (9th Cir. 2013).  And, when evaluating proposed awards, this Court has

24  considered the "the actions the plaintiff has taken to protect the interests of the class, the degree to

25  which the class has benefitted from those actions . . . and the amount of time and effort the

26  plaintiff expended in pursuing the litigation." *Parker*, 2021 WL 5834227, at *9.  This Court has

27  also considered the extent to which the service awards are "disproportionate to the monetary

28  award that other class members would receive." *Der-Hacopian v. DarkTrace, Inc.*, No. 18-CV-

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1   06726-HSG, 2020 WL 7260054, at *8 (N.D. Cal. Dec. 10, 2020) (granting incentive payment that

2   was five times average payment to class member, but denying requested payment, which would

3   have been fifty times more than average payment received).

4       Messrs. DiMercurio, Gaeth, Langlitz and Synigal each deserve an award of $7,500

5   because of the assistance that they provided throughout the case.  Manansala Decl. ¶ 35;

6   DiMercurio Decl.; Gaeth Decl. ¶¶ 6-13; Langlitz Decl. ¶¶ 6-13; Synigal Decl. ¶¶ 6-13.  All four

7   Plaintiffs provided counsel extensive assistance in developing this case before the litigation

8   occurred, and continued to provide assistance as the case progressed, by among other things,

9   providing declarations in support of motions, and attending three settlement conferences in this

10   lawsuit.  Manansala Decl. ¶ 35; DiMercurio Decl. ¶¶ 6-13; Gaeth Decl. ¶¶ 6-13; Langlitz Decl. ¶¶

11   6-13; Synigal Decl. ¶¶ 6-13.  Each Plaintiff also prepared for and sat for their deposition in March

12   2021.  Manansala Decl. ¶ 35; DiMercurio Decl. ¶ 9; Gaeth Decl. ¶ 9; Langlitz Decl. ¶ 9; Synigal

13   Decl. ¶ 9.  Plaintiffs have each spent over fifty-seven hours working on this case.  DiMercurio

14   Decl. ¶ 6; Gaeth Decl. ¶ 6; Langlitz Decl. ¶ 6; Synigal Decl. ¶ 6.

15       **VI.**    <u>**CONCLUSION**</u>

16       In light of the foregoing, Plaintiffs respectfully request that the Court grant the motion for

17   attorneys' fees and expenses and class representative service awards.

18   Dated:  January 12, 2023        WEINBERG, ROGER & ROSENFELD
                                 A Professional Corporation

19

20                                     */s/ Jannah V. Manansala*

21              By:    KRISTINA L. HILLMAN
                          JANNAH V. MANANSALA

22                             ROBERTA D. PERKINS
                          CAITLIN GRAY

23                             ALEXANDER S. NAZAROV
                          MAXIMILLIAN D. CASILLAS

24                             KARA L. GORDON

25                             Attorneys for Plaintiffs MARCO DIMERCURIO
                          CHARLES GAETH, JOHN LANGLITZ and

26                             MALCOLM SYNIGAL

27   ///

28   ///

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

16

PLS' NOT. OF MOT & MOT FOR AWARD OF ATTYS' FEES AND MPA IN SUPPORT THEREOF
Case No. 3:19-cv-04029-JSC

1

Dated:  January 12, 2023                    LEONARD CARDER, LLP

2

3                                                    _/s/ Aaron Kaufmann_
                                   By:      AARON KAUFMANN
4                                           DAVID POGREL
                                            AMANDA EATON
5
                                   Co-Counsel for Plaintiffs MARCO DIMERCURIO
6                                  CHARLES GAETH, JOHN LANGLITZ and
                                   MALCOLM SYNIGAL
7

8
    148094\1331906
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

17