KRISTINA L. HILLMAN, Bar No. 208599
JANNAH V. MANANSALA, Bar No. 249376
ROBERTA D. PERKINS, Bar No. 153074
CAITLIN GRAY, Bar No. 305118
ALEXANDER S. NAZAROV, Bar No. 304922
MAXIMILLIAN D. CASILLAS, Bar No. 311669
KARA L. GORDON, BAR NO. 333379
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
        khillman@unioncounsel.net
        jmanansala@unioncounsel.net
        rperkins@unioncounsel.net
        cgray@unioncounsel.net
        anazarov@unioncounsel.net
        mcasillas@unioncounsel.net
        kgordon@unioncounsel.net

Attorneys for Plaintiffs MARCO DIMERCURIO
CHARLES GAETH, JOHN LANGLITZ and
MALCOLM SYNIGAL

*Additional Counsel Listed on Following Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARCO DIMERCURIO, CHARLES GAETH, JOHN LANGLITZ, and MALCOLM SYNIGAL on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EQUILON ENTERPRISES LLC dba SHELL OIL PRODUCTS US, and DOES 1 THROUGH AND INCLUDING 25,<br><br>Defendants. | No. 3:19-cv-04029-JSC<br><br>[ASSIGNED FOR ALL PURPOSES TO DISTRICT JUDGE JACQUELINE SCOTT CORLEY]<br><br>**DECLARATION OF JANNAH V. MANANSALA IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS**<br><br>Date:  March 30, 2023<br>Time:  9:00 a.m.<br>Crtrm: 8 – 19th Floor<br>DJudge: Hon. Jacqueline Scott Corley<br><br>Complaint Filed:  June 4, 2019<br>1stAmend.Complt Filed: October 25, 2019 |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1

2

2nd Amend. Complt. Filed: Sept. 13, 2021
Trial Date:  June 12, 2023

3    *Additional Counsel:*

4    AARON KAUFMANN, Bar No. 148580
DAVID POGREL, Bar No. 203787
5    AMANDA EATON, Bar No. 341987
LEONARD CARDER, LLP
6    1999 Harrison Street, Suite 2700
Oakland, CA  94612
7    Telephone (510) 272-0169
Fax (510) 272-0174
8    Email: akaufmann@leonardcarder.com
         dpogrel@leonardcarder.com
9            aeaton@leonardcarder.com

10   Co-Counsel for Plaintiffs MARCO DIMERCURIO,
CHARLES GAETH, JOHN LANGLITZ, and
11   MALCOLM SYNIGAL

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

I, Jannah V. Manansala, declare as follows:

1.      I am an attorney at law, admitted to practice before this Court and in all the courts of the State of California, and I am a shareholder with the law firm of Weinberg, Roger & Rosenfeld, attorneys for Plaintiffs Marco DiMercurio, Charles Gaeth, John Langlitz and Malcolm Synigal ("Plaintiffs") in the above-referenced matter.  I make this declaration based upon my personal knowledge, and, if called as a witness, I could competently testify to the facts hereinafter stated.

## I.      WEINBERG, ROGER AND ROSENFELD'S PRACTICE

2.      Weinberg, Roger & Rosenfeld is based in Emeryville, California with offices in Sacramento, Los Angeles, Las Vegas, and Honolulu.  Weinberg, Roger & Rosenfeld is one of the largest union-side labor law firms in the country.  The firm primarily represents and counsels workers, unions, and employee benefit plans in relation to all aspects of their legal needs.  Our litigation practice includes all aspects of labor and employment law.

3.      A central part of the Weinberg firm's practice has been wage and hour class action litigation to enforce the Labor Code and Industrial Wage Commission Wage Orders.  Our firm has successfully represented employees in numerous wage and hour lawsuits brought as class actions, including, among others, the seminal *Morillon v. Royal Packing Co.*, 22 Cal. 4th 575 (2000) (holding that employees must be compensated for required time on employer-provided buses under California law); *Cicairos v. Summit Logistics, Inc.*, 133 Cal. App. 4th 949 (2005) (holding that employers have an affirmative duty to ensure that employees receive meal periods); *Bluford v. Safeway Stores, Inc.*, 216 Cal. App. 4th 864 (2013) (holding that a piece-rate compensation formula that does not compensate separately for rest periods does not comply with California minimum wage law); *Godfrey v. Oakland Port Services Corp.*, 230 Cal. App. 4th 1267 (2014) (holding that an employer may not deduct time from hours worked for meal periods owed but not taken); *Lubin v. The Wackenhut Corp.*, 5 Cal. App. 5th 926 (2016) (requiring off duty meal periods for security guards); *Marquez v. City of Long Beach*, 32 Cal. App. 5th (2019) (holding that minimum wage provisions of the Labor Code and the Industrial Welfare Commission (IWC) wage orders apply to public employees of charter cities); *ABM Industries*

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, California 94608
(510) 337-1001

1

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

*Overtime Cases*, 19 Cal. App. 5th 277 (2017)  (holding that database analysis of timekeeping and payroll records may be used as a means to show common practices for purposes of class certification and that a potentially over inclusive class definition does not preclude certification but goes to class members' recovery); *OTO, L.L.C. v. Kho*, 8 Cal. 5th 111 (2019) (holding that an employment-related arbitration agreement was unconscionable and unenforceable under Code Civ. Proc., § 1281 due in part to extraordinarily high procedural unconscionability resulting from its complexity and presentation for immediate signing without explanation); *Bartoni v. AMR West*, Alameda County Superior Court, Case No. RG08382130 (class counsel for EMTs, paramedics, and dispatchers' rest period claims, including PAGA penalties); and *SEIU-USWW et al. v. Preferred Building Services Inc.*, 70 Cal. App. 5th 403 (2021) (affirming grant of summary judgment to plaintiffs against employer that failed to retain its janitorial workforce in violation of the Displaced Janitor Opportunity Act and the Displaced Worker Protection Act).

4.     The firm has successfully prosecuted additional class actions that did not result in published decisions, including, but not limited to *Barragan et al. v. Pacific Gas and Electric Company*, Alameda Superior Court No. RG17853920 (wage and hour); *Del Castillo, et al. v. Community Child Care Counsel of Santa Clara Co.*, U.S.D.C. Northern Dist. No. 5:17-cv-07243-BLF (ERISA); and *Off Track Wagering Wage and Hour Cases*, Alameda Superior Court No. JCCP 005016 (wage and hour).

5.     The firm also represents other Operators in wage and hour lawsuits for reporting time pay brought as class actions, including, among others, *DiMercurio v. Martinez Refining Company, LLC*, (Contra Costa County) No. MSC20-01257, *Bradford v. Chevron USA, Inc.* (Contra Costa County) No. MSC19-0115, and *Wood v. Marathon* (N.D. Cal. June 14, 2022) No. 19-CV-04287-YGR.

6.     A resume detailing some of the firm's extensive experience with wage and hour class actions and other complex litigation is attached hereto as **Exhibit A**.

7.     Our firm has devoted and is willing and able to continue to devote substantial resources to this matter and will vigorously represent the class.  We have litigated this case actively since 2019.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

## II.     PROFESSIONAL EXPERIENCE

8.      In addition to the achievements listed above, I am a shareholder with the firm and was admitted to the California Bar in 2007.  My practice includes the representation of unions, their members and working people in both state and federal court, as well as in administrative proceedings.  During my more than 16 years with the firm, I have worked extensively on numerous wage and hour class actions.  I have participated substantially in wage and hour class actions where I have been appointed as class counsel in the Superior Courts for the Counties of Alameda County, Los Angeles County, San Joaquin County, and San Francisco County and in the federal district court for the Northern District of California.  I have also pursued innovative class action claims based on violations of living wage ordinances and the Displaced Janitors Opportunity Act, including in *Preferred Building Services Inc.*, which resulted in summary judgment in favor of my clients, as mentioned above.  I was also among the attorneys who actively litigated the *Cicairos*, *Bartoni*, and *Bluford* cases mentioned above.  I am class counsel in the *Wood* case mentioned above and am actively litigating the *DiMercurio* and *Bradford* class actions.  In addition to practicing law, I regularly teach a seminar covering various labor and employment law topics at the University of California, Berkeley School of Law.

9.      Caitlin Gray is a shareholder at the firm.  She graduated cum laude from New York University School of Law in 2015 and was awarded the Sol D. Kapelsohn Prize for writing in the field of labor law at graduation.  Since joining Weinberg, Roger & Rosenfeld in 2015, she has litigated in state and federal court on numerous labor and employment matters.  She had primary responsibility for briefing and arguing the motions for summary adjudication of the meal period claims and preparing the opposition to the motion for decertification in the *ABM* matter referenced above (wage and hour class action on behalf of class of 50,000 janitors subjected to automatic deduction of time for meal periods).  She was also actively involved in *Preferred Building Services Inc.*  She recently obtained final approval in *Del Castillo, et al. v. Community Child Care Counsel of Santa Clara Co.*, U.S.D.C. Northern Dist. No. 5:17-cv-07243-BLF, a class action involving ERISA violations where she served as lead counsel.  She is class counsel in the *Wood* case mentioned above and is actively litigating the *DiMercurio* and *Bradford* class actions.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

3

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

10.      Roberta Perkins has been with WRR since 1997 and is of counsel.  Ms. Perkins was admitted to the California Bar in 1991 and joined WRR in 1997.  Prior to joining the firm, she worked at two small firms handling Plaintiff personal injury and product liability litigation. Ms. Perkins was among the attorneys working on the *Morillion*, *Cicairos*, and *Bluford* cases previously mentioned.  She was part of the litigation team on the *Lubin* case and recently obtained final approval in the *Del Castillo, et al. v. Community Child Care Counsel of Santa Clara Co.*, U.S.D.C. Northern Dist. No. 5:17-cv-07243-BLF (ERISA class action).  She is also working on the matter of *Wheeler, et al. v. Safeway, Inc.*, San Joaquin Superior Court No. 3:19-cv-04029-JSC (wage and hour class action).  In addition, Ms. Perkins has been approved as class counsel in *Perez, et al. v. Millennium Reinforcing Inc.*, Orange Co. Superior Court No. 30-2012 00583465; *Quintero, et al. v. KCB Towers, Inc.*, San Bernardino Co. Superior Court No. SCVSS144871; and *Proctor, et al. v. Auto Car, Inc.*, Sacramento Co. Superior Court No. 34-2013-00154012, all of which have been successfully resolved.  Ms. Perkins has also handled litigation on behalf of unions, workers and trust funds, as well as providing institutional advice to clients.  She is class counsel in the *Wood* case mentioned above and is actively litigating the *DiMercurio* and *Bradford* class actions.

11.      Alan Crowley is a shareholder at the firm.  He received his undergraduate degree from University of California, Berkeley and law degree from U.C. Hastings.  Since 1990, he has represented unions in all aspects of labor and employment law, as well as provided institutional advice to unions.  His practice has afforded him with extensive litigation experience, including cases arising out of anti-discrimination laws, duty of fair representation, and wage and hour matters.  His experience includes administrative, federal, and state trial court practice, as well as advocacy before the state and federal appellate courts.  He directly handles and oversees complex litigation, collective bargaining negotiations, organizing drives, arbitrations, political activity, class actions, internal union governance, and legislative drafting.  He is an active trial and appellate lawyer, with notable cases concerning the constitutional and statutory rights of public and private sector employees, including, *County of Los Angeles v. Los Angeles County Employee Relations Commission, SEIU Local 721 Real Party in Interest* (2013) 56 Cal. 4th 905.

**WEINBERG, ROGER &**
**ROSENFELD**
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

4

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

12.     Alexander S. Nazarov is a shareholder at the firm.  He was admitted to the California Bar in 2015.  Since October 2017, his practice includes litigating wage and hour class actions and discrimination cases.  He also performs appellate work, including work regarding constitutional questions in labor law.  He has been appointed class counsel in *Barragan et al. v. Pacific Gas and Electric Company*, Alameda Superior Court Case Number RG17853920; and *Preferred Building Services Inc.*  He is class counsel in the *Wood* case mentioned above and is actively litigating the *DiMercurio* and *Bradford* class actions.

13.     Maximillian D. Casillas has been an associate at the firm since March 15, 2021.  He was admitted to the California State Bar in 2016.  After graduating from Loyola Law School, Los Angeles, he worked as a civil litigation attorney at Ellis Law Corporation where he predominantly represented personal injury plaintiffs.  After Ellis Law Corporation, Mr. Casillas worked as a civil litigation attorney at the law offices of Lurie, Zepeda, Schmalz, Hogan & Martin representing clients in business litigation and probate matters.  He is class counsel in the *Wood* case mentioned above and is actively litigating the *DiMercurio* and *Bradford* class actions.

14.     Kara L. Gordon has been an associate at Weinberg, Roger & Rosenfeld since May 2020, after graduating from the University of California, Berkeley School of Law.  They were admitted to the California State Bar in January 2021.  Their practice includes litigating wage and hour class actions, ERISA, and discrimination cases.  They are class counsel in the *Wood* case mentioned above and are actively litigating the *DiMercurio* and *Bradford* class actions.

15.     Andrew Weaver joined WRR in 2020 as an associate.  During his time at WRR, Mr. Weaver was actively involved in multiple class action cases in the office including this case.  Prior to joining WRR, Mr. Weaver worked in a small firm handling class action litigation.

16.     Paralegal Aaron Nathan was instrumental in handling the multitude of document productions and maintaining WRR's database regarding this case.  Mr. Nathan was actively involving in docketing deadlines in this matter, each was involved to some degree in the filings in this matter, including gathering and organizing exhibits, double checking exhibit references, and assisting with finalizing and filing of the documents.  Mr. Nathan reviewed documents, and each was frequently asked by attorneys to search for specific documents needed for motions,

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1    depositions, or for review.

2    ### III.    **WORK DONE IN THIS LITIGATION**

3          17.    I have personally participated in all aspects of this litigation, including the initial

4    investigation, preparing the complaint and amended complaints, preparing the opposition briefs

5    for Defendants' motions to dismiss the First Amended Complaints, discovery, preparing the

6    briefs for Plaintiffs' motion for class certification, preparing the mediation materials (including

7    the damages analysis), attending the mediation and concluding the Settlement Agreement.

8          18.    Class Counsel made every effort to litigate this action in an efficient and cost

9    effective manner by reducing duplication of effort, and maintaining a shared case file between the

10    firms.

11          19.    The specific work performed by my firm and co-counsel in prosecuting this action

12    has included the following categories of work:

13              a.    Conducting pre-filing investigations, both factual and legal;

14              b.    Drafting the initial complaint and PAGA notice;

15              c.    Conducting informal investigations, including interviewing class members;

16              d.    Preparing the First Amended Complaint;

17              e.    Preparing and arguing an opposition to the Shell's Removal to Federal

18                  Court and Shell's Motion to Dismiss the First Amended Complaint;

19              f.    Propounding written discovery, including requests for production of

20                  documents, interrogatories and third-party subpoenas for documents,

21                  reviewing voluminous documents produced in discovery, and engaging in

22                  extensive discovery meet and confer efforts;

23              g.    Preparing and taking the depositions of Shell's Federal Rule of Civil

24                  Procedure 30(b)(6) witness and three refinery supervisors;

25              h.    Preparing and defending the depositions of the named plaintiffs, Marco

26                  DiMercurio, John Langlitz, Malcolm Synigal, and Charles Gaeth;

27              i.    Preparing and arguing the motion for class certification, including

28                  preparing the initial briefing and two supplemental briefs, interviewing

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

6

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

class members and preparing class member declarations, and preparing related administrative motions;

j.     Preparing an opposition to Shell's 23(f) petition to appeal the granting of class certification;

k.     Preparing and coordinating the mailing of the class notice;

l.     Preparing the Second Amended Complaint;

m.     Preparing the amended PAGA notice and Third Amended Complaint;

n.     Preparing for three settlement conferences, including creating a damages model using documents produced in discovery, attending mediation, and engaging in post-mediation negotiations;

o.     Drafting and negotiating the settlement agreement,

p.     Preparing the motion for preliminary approval and arguing the motion for preliminary approval;

q.     Preparing the motion for attorneys' fees;

r.     Monitoring and assisting with settlement administration; and

s.     Communicating with class representatives and class members.

20.     In Spring 2019, I began investigating concerns over whether operators were being adequately compensated for working mandatory standby shifts at Shell's Martinez Refinery.  I reviewed the relevant collective bargaining agreements, interviewed several workers from the Shell refinery site, including, in part, multiple interviews with the named plaintiffs Marco DiMercurio, John Langlitz, Charles Gaeth, and Malcolm Synigal, and held other related meetings. I also reviewed public information about Shell's operations at the Martinez refinery.  At the same time, I and other attorneys at my firm invested significant resources to research the viability of claims against Shell, including the application of a new legal theory asserting reporting time claims, the likelihood of success in defeating a motion for summary judgment by Shell, and the ability to seek penalties for violation of the Wage Order through the Private Attorney General Act.

21.     Between May and June 2019, my firm drafted the initial complaint and PAGA

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

7

letter describing the facts of the case to the Labor Workforce Development Agency and to the Defendants. On June 4, 2019, Plaintiffs filed this action in state court, asserting claims for failure to pay reporting time pay in violation of Industrial Welfare Commission ("IWC") Wage Order 1-2001 ("Wage Order") and derivative claims. Dkt. No. 1.

22.     Plaintiffs subsequently filed the operative First Amended Complaint in October 2019, asserting their previous claims and adding a claim under California's Private Attorneys General Act ("PAGA"), Labor Code section 2698. Dkt. No. 18.

23.     Shell filed a motion to dismiss Plaintiffs' First Amended Complaint on November 8, 2019 on the grounds that Section 301 of the Federal Labor Management Relations Act, 29 U.S.C. 185(a), preempted Plaintiffs' claims and Plaintiffs failed to state a claim for relief. Dkt. No. 19. My firm drafted an opposition to the motion to dismiss in November 2019 and prepared for oral argument in January 2020. Dkt. No. 20. On January 15, 2020, the Court denied Shell's motion. Dkt. No. 26.

24.     Throughout the case, the parties have completed extensive discovery. Plaintiffs propounded at least 26 requests for production, 90 interrogatories, and 34 requests for admission. In response to Plaintiffs' discovery requests, and after numerous discovery disputes, Shell ultimately produced almost 1,000 pages of documents, which were then carefully reviewed by me and other attorneys. To obtain these documents, we engaged in substantial meet and confer efforts with Shell, including sending multiple, lengthy meet and confer letters, preparing for and attending discovery conferences with the Court, and filing a motion for sanctions. *See* Dkt. Nos. 40, 49, 50, 60, 64, 65, 67, 73, 79. We also encountered difficulties in scheduling the depositions of Shell's Federal Rule of Civil Procedure 30(b)(6) witness and refinery supervisors, eventually requiring court intervention. Dkt. Nos. 73, 79. Shell also propounded their share of written discovery to each of the plaintiffs, totaling approximately 152 production requests and 80 interrogatories.

25.     In March 2021, my firm deposed Shell's corporate designee and three Shell supervisory and management personnel. We also defended the depositions of the four named Plaintiffs.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

8

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

26.     In March 2021, my firm brought in Leonard Carder to help prosecute this matter.

27.     From fall 2020 to April 2021, attorneys at my firm engaged in significant outreach to potential class members to garner additional information to support the motion for class certification.  We spoke with approximately 30 class members.  After conducting these interviews, we prepared 20 detailed, individualized declarations supporting the asserted claims. Given the detailed and lengthy nature of these declarations and the varying declarants involved, careful review and revision of these declarations in support of class certification required substantial work.  We then prepared Plaintiffs' Motion for Class Certification and filed that motion with the Court in April 2021.  Dkt. No. 90.  At the Court's request, we also submitted two supplemental briefs regarding class certification in September 2021 and January 2022.  Dkt. Nos. 123, 141.  In September 2021, Shell petitioned for Rule 23(f) appellate review of this Court's order regarding class certification.  *DiMercurio v. Equilon Enterprises LLC*, Ninth Circuit Case No. 21-80098, ECF No. 1.  On September 23, 2021, Plaintiffs filed their opposition.  *Id.*, Dkt. No. 2.  On December 10, 2021, the Ninth Circuit denied Shell's petition.  *Id.*, Dkt. No. 3.

28.     In September 2021, Plaintiffs filed their Second Amended Complaint, clarifying the waiting time penalty subclasses.  Dkt. No. 122.

29.     In January 2021, we prepared an amended PAGA notice, clarifying the basis of Plaintiffs' PAGA claims.  Subsequently, in April 2022, Plaintiffs filed their Third Amended Complaint, clarifying the basis of their PAGA claims.  Dkt. No. 157.

30.     Since January 2020, we attempted to coordinate and prepared extensively for private mediation, as ordered by the Court.  In March 2021, after failed attempts to proceed with private mediation, the Court ordered the parties to attend a mandatory settlement conference with Magistrate Judge Joseph Spero.  The parties held three settlement conferences with Judge Spero on May 26, 2021, November 30, 2021, and June 14, 2022.  Dkt Nos. 98, 133, 161.  All four Plaintiffs attended all three settlement conferences.

31.     Prior to the first settlement conference, Shell provided Plaintiffs with a large volume of damages data regarding the hours worked by the putative Class Members, from which Class Counsel built a damages model (including determining number of days worked, hours each

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

1   day worked, number of pay periods worked, days with multiple standby shifts, etc.).  We also

2   drafted a detailed settlement conference statement for the initial conference and supplemental

3   statements for the second and third conference and prepared each of the Plaintiffs for each of the

4   conferences.  After the June 14, 2022 conference, the parties accepted Chief Magistrate Judge

5   Spero's proposal to settle the case.

6          32.     The parties engaged in further efforts to prepare a written settlement agreement,

7   which was primarily drafted by Class Counsel.  The parties finalized that agreement on

8   September 8, 2022 after continued negotiations over several provisions in the agreement.

9   Dkt. No. 172.

10          33.     On August 30, 2022, Plaintiffs filed a motion for preliminary approval of the class

11   action settlement and conditional class certification.  Dkt. No. 171.  The motion was heard on

12   October 20, 2022, at which time the Court required the parties to meet and confer regarding the

13   class notice and submit an amended notice.  Dkt. No. 177.  The parties were subsequently

14   required to submit a second amended notice.  Dkt. Nos. 179, 180.

15          34.     On December 14, 2022, the Court granted preliminary approval of the class action

16   settlement.  Dkt. No. 181.

17          35.     WRR's clients, Mr. DiMercurio, Mr. Langlitz, Mr. Gaeth, and Mr. Synigal, were

18   actively involved in this case.  They provided critical information about their experiences while

19   employed by Shell and information about Shell's practices at the outset of this case.  Throughout

20   the litigation, Mr. DiMercurio, Mr. Langlitz, Mr. Gaeth, and Mr. Synigal asked for periodic

21   updates on the case status, and remained available and was responsive to our calls and inquiries.

22   Mr. DiMercurio, Mr. Langlitz, Mr. Gaeth, and Mr. Synigal understood responded to multiple sets

23   of document requests and interrogatories propounded by Shell, and sat for deposition in March

24   2021.  Mr. DiMercurio, Mr. Langlitz, Mr. Gaeth, and Mr. Synigal also attended all three

25   settlement conferences with Judge Spero.

26   **IV.    WEINBERG, ROGER AND ROSENFELD'S LODESTAR AND EXPENSES**

27          36.     Weinberg, Roger and Rosenfeld establishes hourly rates for its attorneys and

28   paralegal staff, based on the prevailing rates charged by San Francisco Bay Area practitioners.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

10

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

These hourly rates take into account the billing rate charged by for-profit San Francisco Bay Area law firms and are comparable to ones used for awards in prior cases.

37.     Every new case that comes into the firm is assigned a matter number and all attorneys and paralegals working on a matter are required to enter the time spent and a description of the work performed into the billing program, ProLaw, under the assigned matter number.  This case was no different.  I have reviewed the billing statements maintained by the firm for this case. Over the life of this case through January 11, 2023, 9 professionals from the Weinberg firm logged a total of approximately 2,862.9 hours for work on this case.  Additional time will be incurred in preparing the motion for final approval and ensuring the settlement is administered appropriately.

38.     The legal services provided in this case reflect a high level of experience and skill. The case involved sophisticated legal issues regarding reporting time pay, waiting time penalties, wage statement penalties, a "voluntarily worked" defense, and the sufficiency of PAGA notices to the LWDA.  Many of the legal issues had limited authority, which impacted Plaintiffs' theories and analysis of their claims.  Both firms and all of the attorneys working on this matter are highly skilled and experienced in wage and hour class actions.

39.     The following is the summary lodestar report for the attorneys (with year of law school graduation) and legal assistants at Weinberg, Roger and Rosenfeld that worked on this matter:

| WEINBERG, ROGER, AND ROSENFELD LODESTAR SUMMARY | | | |
|---|---|---|---|
| | **Hourly Rate** | **Total Hours** | **Total** |
| Jannah Manansala (2006) | $625 | 556 | $347,500.00 |
| Alan Crowley (1999) | $675 | 37 | $24,975.00 |
| Roberta Perkins (1990) | $750 | 57.6 | $43,200.00 |
| Caitlin Gray (2015) | $485 | 79.4 | $38,509.00 |
| Alexander Nazarov (2014) | $445 | 889.9 | $395,560.50 |
| Maximillian Casillas (2016) | $415 | 77.9 | $32,328.50 |
| Andrew Weaver (2017) | $400 | 140.9 | $56,360.00 |
| Kara Gordon (2020) | $345 | 939.5 | $324,127.50 |
| Aaron Nathan (senior paralegal) | $275 | 85.7 | $23,567.50 |
| **Total:** | | **2862.9** | **$1,286,128.00** |

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

40.     Note that the hours reflected here capture time entries through January 11, 2023; class counsel will continue to work on this matter through final approval and administration of the settlement.  In the exercise of billing judgment, I also have *not* included attorneys and paralegals who documented less than 20 hours devoted to this matter.  I also eliminated all law clerk work on the matter.  Those law clerks helped substantially with the class member communications and legal research in this case.  These hours also do not account for my many hours involving my firm's initial intake of the matter including our initial interviews of workers regarding facts relevant to the case and our initial research analysis regarding the legal strengths of our case when doing intake of this matter.  There are also countless brief telephone calls with co-counsel, short e-mails, and brief inner-office meetings regarding this case that do not get recorded in the billable hours for this matter.  I anticipate spending several hours on the subject motion and on the amended motion for final approval, along with many hours addressing class member questions and concerns and disputes as to their settlement shares and other settlement administration matters.  Thus, the hours stated above do not reflect all time spent on this case.

41.     I can provide the detailed time records for the Court's *in camera* review upon request.  To provide further detail on how my firm's hours were spent on this matter, I worked with staff to categorize the time entries according to the following project-based tranches:

|   | **Category of Work** | **Time Spent by WRR** |
|---|---|---|
| 1. | Conducting case investigation, both factual and legal; | 38.1 |
| 2. | Drafting the initial complaint and PAGA notice; | 13.3 |
| 3. | Conducting informal investigations; | 80.6 |
| 4. | Preparing the First Amended Complaint; | 7.5 |
| 5. | Preparing and arguing an opposition to Shell's Removal to Federal Court and Shell's motion to dismiss the First Amended Complaint, and related administrative motions; | 145.9 |
| 6. | Conducting discovery, including propounding written discovery, reviewing voluminous documents produced in discovery, engaging in discovery meet and confer efforts, and preparing a motion for sanctions related to discovery disputes; | 421.1 |
| 7. | Preparing and taking/defending the deposition of Shell's supervisors, Shell's 30(b)(6) witness, and the named Plaintiffs, Marco DiMercurio, John Langlitz, Malcolm Synigal, and Charles Gaeth; | 270.2 |

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

| | Category of Work | Time Spent by WRR |
|---|---|---|
| 8. | Preparing and arguing the motion for class certification and supplemental briefing, including interviewing class members and preparing class member declarations, preparing related administrative motions, preparing an opposition to Shell's 23(f) petition to appeal the granting of class certification, and coordinating the mailing of class notice; | 1185.7 |
| 9. | Preparing the Second Amended Complaint; | 13.5 |
| 10. | Preparing the Third Amended Complaint and amended PAGA notice; | 8 |
| 11. | Preparing for three settlement conferences, including creating a damages model using documents produced in discovery, attending mediation, and engaging in post-mediation negotiations; | 268.6 |
| 12. | Drafting and negotiating the settlement agreement; | 54.1 |
| 13. | Drafting the motion for preliminary approval and arguing the motion for preliminary approval; | 11.3 |
| 14. | Drafting the motion for attorneys' fees; | 147.7 |
| 15. | Case management and administrative tasks; and | 173 |
| 16. | Other communications with class representatives and class members. | 22.2 |
| | **Total:** | 2862.9 |

42.     The efforts of class counsel were not duplicative and were necessary to achieve a substantial benefit to the Class Members.  All of the work performed by Plaintiffs' counsel added value to the case and was reasonably necessary to give Plaintiffs and the Class Members the best possible chance for a favorable outcome.  Class Counsel staffed and managed the litigation as efficiently as possible, recognizing the opposition faced over the 3 years of litigation from the team of lawyers at Lafayette & Kumagai LLP.

43.     Given the intensity with which this case was litigated by the parties, there were times when this case demanded and received 100% of the working attorneys' and paralegals' time.  For example, the class certification motion and the supplemental briefing demanded an enormous amount of attorney and paralegal time, as did responding to Shell's motion to dismiss Plaintiffs' first amended complaint.  The motion for class certification and supplemental briefings filed by Plaintiffs required a significant time commitment over the course of several months, as did preparing for and attending three settlement conferences with Judge Spero.  The concentrated and demanding work on this case not only prevented me from taking on new cases, it seriously

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

impacted my ability to work on the other cases for which I was and am responsible, and the client representation matters I routinely handle. Preparing for and taking depositions, finalizing filings, and meeting with Class Counsel required me to frequently clear my calendar, and required late night and weekend work from the team of attorneys who worked on this case in the last few years.

44.     Our Accounting Department enters all case-related costs in the ProLaw system by matter number and did so in this case. Case related costs were shared between co-counsel. To date, the Weinberg firm has incurred $43,539.94 in case-related costs. Costs continue to be incurred in connection with this case. A summary of the out-of-pocket expenses incurred by Weinberg, Roger and Rosenfeld from the beginning of this case through January 11, 2023 is as follows:

| Expense Type | Amount |
|---|---|
| Filing | $1,585.66 |
| Service and Courier Fees | $1,942.68 |
| PACER | $201.00 |
| Westlaw/LexisNexis | $9,887.78 |
| Deposition Expenses | $13,014.45 |
| Meet and Confer Expenses[1] | $5,601.15 |
| Court and Arbitration Transcripts | $2,326.30 |
| Postage\UPS | $136.47 |
| Photocopy/Printing | $2,394.90 |
| Mediation Fees | $6,450.00 |
| **Total:** | **$43,539.94** |

///
///
///
///
///

---

[1] Transcript and zoom recording expenses incurred to comply with special discovery procedures ordered by the Court to address the parties' disputes.

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC

1     45.     This table was prepared using the case-related cost data provided by the

2     Accounting Department.  Should the Court wish to see the print outs of costs incurred by year, the

3     documents will be provided.

4          I declare under penalty of perjury under the laws of the State of California that the

5     foregoing is true and correct.  Executed January 12, 2023, at Emeryville, California.

6

7                                             */s/ Jannah V. Manansala*

8                                             JANNAH V. MANANSALA

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28     148094\1316447

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

15

DECL. OF JANNAH V. MANANSALA ISO PLS' MOT. FOR AWARD OF ATTY.S' FEES & EXPENSES
Case No. 3:19-cv-04029-JSC