*MARCO DIMERCURIO et al. v. EQUILON ENTERPRISES , et al.*,
**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
OF CALIFORNIA, CASE NO. 3:19-CV-04029-JSC**

# EXHIBIT A
## TO THE DECLARATION OF JANNAH V. MANANSALA IN SUPPORT OF PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS



1375 55th Street
Emeryville, California 94608
TELEPHONE: (510) 337-1001
FACSIMILE: (510) 337-1023

STEWART WEINBERG
DAVID A. ROSENFELD
WILLIAM A. SOKOL
ANTONIO RUIZ
MATTHEW J. GAUGER
ASHLEY K. IKEDA●
LINDA BALDWIN JONES
PATRICIA A. DAVIS
ALAN G. CROWLEY
KRISTINA L. HILLMAN♣
BRUCE A. HARLAND
CONCEPCIÓN E. LOZANO-BATISTA
CAREN P. SENCER
ANNE I. YEN
KRISTINA M. ZINNEN
JANNAH V. MANANSALA
MANUEL A. BOÍGUES▼
KERIANNE R. STEELE♣
GARY P. PROVENCHER
EZEKIEL D. CARDER▶
LISL R. SOTO
JOLENE KRAMER
CAITLIN E. GRAY
TIFFANY L. CRAIN♣
XOCHITL A. LOPEZ
_____
DAVID W.M. FUJIMOTO
ALEXANDER S. NAZAROV
JERRY P.S. CHANG●
ANDREA C. MATSUOKA
KATHARINE R. McDONAGH
BENJAMIN J. FUCHS♣
WILLIAM T. HANLEY
ABEL RODRIGUEZ
COREY T. KNISS
BISMA SHAHBAZ
SEAN W. McDONALD◀
DANIELA A. ARCHILA
ALAINA L. GILCHRIST
MATTHEW J. ERLE
KARA L. GORDON
P. ANN SURAPRUIK
MAXIMILLIAN D. CASILLAS▲
CRAIG L. SCHECHTER
_____
**OF COUNSEL**
ROBERTA D. PERKINS
NINA FENDEL
ROBERT E. SZYKOWNY
ANDREA K. DON
LORI K. AQUINO●
_____

Admitted in California, unless otherwise noted
● Admitted in Hawaii
♣ Also admitted in Nevada
▼ Also admitted in Illinois
▶ Also admitted in New York and Alaska
♠ Also admitted in Minnesota
◀ Admitted in Nevada and Washington
▲ Also admitted in Idaho

## Firm Background and Qualifications

Weinberg, Roger & Rosenfeld is one of the country's largest law firms representing workers, unions, and employee benefit plans, and handles many class actions and other complex matters regularly. Weinberg, Roger & Rosenfeld currently employs over 40 attorneys with offices in Emeryville, Sacramento, Las Vegas, Los Angeles, and Honolulu.

Weinberg, Roger & Rosenfeld is currently prosecuting many class actions alleging wage and hour violations. Enforcement of Labor Code and Wage Order provisions has been central to the practice of the firm for many years. Partial lists of the firm's wage and hour cases as well as other employment-related litigation appear below.

## Selected California Wage and Hour Cases

1) *Wood v. Marathon* (N.D. Cal. June 14, 2022 and August 25, 2022) No. 19-CV-04287-YGR, dkt. 109, 120 [certifying two classes of refinery workers bringing claims for failure to pay reporting time pay under Wage Order 1-2001].

2) *DiMercurio v. Equilon* (N.D. Cal. Jan. 15, 2020) No. 19-CV-04029-JSC, 2020 WL 227262, at *6 [certifying a class of refinery workers bringing claims for failure to pay reporting time pay under Wage Order 1-2001].

3) *Marquez v. City of Long Beach* (2019) 32 Cal.App.5th [holding that minimum wage provisions of the Labor Code and the Industrial Welfare Commission (IWC) wage orders apply to public employees of charter cities].

4) *ABM Industries Overtime Litigation* (2017) 19 Cal. App. 5th 277 [class certified: defining proposed subclasses by reference to alleged wage and hour violations did not defeat ascertainability and need for individualized damage inquiries in the context of the employer's uniform policies and practices did not defeat predominance].

5) *Lubin v. The Wackenhut Corporation* (2016) 5 Cal. App. 5th 926 [employer providing security services could not satisfy its duty under California labor laws to provide security guard employees with off-duty meal breaks by allowing client preference to dictate whether meal periods were on-duty or off-duty].

6) *Godfrey et al. v. Oakland Port Services d/b/a AB Trucking* (2014) 230 Cal.App.4th 1267 [California meal and rest break law is not preempted by the Federal Aviation Administration Authorization Act of 1994 (FAAAA)].

LOS ANGELES OFFICE
800 Wilshire Boulevard, Suite 1020
Los Angeles, CA 90017-2623
TEL 213.380.2344 FAX 213.443.5098

SACRAMENTO OFFICE
431 I Street, Suite 201
Sacramento, CA 95814-2341
TEL 916.443.6600 FAX 9163442.0244

HONOLULU OFFICE
220 South King Street, Suite 901
Honolulu, HI 96813-4500
TEL 808.528.8880 FAX 808.528.8881

LAS VEGAS OFFICE
3199 E. Warm Springs Road, Suite 400
Las Vegas, NV 89120-3150
TEL 702.508.9282 FAX 510.337.1023

  7) *Bluford v. Safeway Stores, Inc.* (2013) 216 Cal.App.4th 864 [employers must provide separate compensation for rest periods to employees covered by piece rate compensation systems].

  8) *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094 [Amicus—payments under Lab. Code § 226.7 [compensation for failure to provide meal, rest, or recovery periods is wages and not penalties—therefore three-year statute of limitations applies].

  9) *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949 [employer violated wage order by failing to give employees adequate itemized wage statements; employers have an affirmative obligation to ensure that workers are relieved of all duty for meal periods; federal "motor carrier exemption" does not apply to claims that employer failed to provide adequate itemized wage statements and did not ensure that drivers received rest breaks and duty-free meal periods; and employees were not required to arbitrate alleged violations of such California minimum labor standards].

  10) *Morillion v. Royal Packing Co.* (2000) 22 Cal.4th 575 [under California law employees must be compensated for time spent on employer-provided buses].

  11) *Perez, et al. v. Millenium Reinforcing, Inc.*, Case No. 30-2012-0058346530-2012-00583465, Orange County Superior Court [classes certified].

  12) *Off Track Wagering Wage and Hour Cases*, Alameda Superior Court No. JCCP 005016 (wage and hour).

  13) *Barragan et al. v. Pacific Gas and Electric Company*, Alameda Superior Court No. RG17853920 (wage and hour).

  14) *Gallegos v. Edgren Motors Co., Inc.*, Alameda County Superior Court No. RG17886827 (mechanic wage and hour).

  15) *Knox v. AN Imports of Stevens Creek, Inc.*, Santa Clara Superior Court No. 17CV316379 (mechanic wage and hour).

  16) *Bartoni v. American Medical Response*, Case No. RG08382130, Alameda County Superior Court [settlement in favor of class].

  17) *Maresca v. Wackenhut Services, Inc.,* Case No. BC373415, Los Angeles Superior Court [settlement in favor of class].

  18) *Gutierrez Lopez v. Burdick Painting*, Case No. 110CV184929, Santa Clara County Superior Court [class certified for unpaid overtime and other wage and hour violations].

  19) *Cisneros et al. v. Garcia Concrete*, Case No. RG09457638, Alameda County Superior Court (2011 WL 9379245) [class certified; judgment in favor of class].

  20) *Navarro et al. v. Yeager Tile Co.*, Case No. 34-2009-00053779, Sacramento County Superior Court Case [class certified].

21) *Cubias v. Menzies Aviation Group*, Case No. BC398127, Los Angeles Superior Court [settlement in favor of class].

22) *Salgado et al. v. ATC/Vancom, Inc.*, Case No. 1-07-CV-077987, Santa Clara County Superior Court.

23) *Parker v. King Security Services*, Case No. CGC-06-449368, San Francisco Superior Court [settlement in favor of class].

24) *Fitz et al. v. Able Iron Works*, Case No. BC343271, Los Angeles County Superior Court.

25) *Weddle et al. v. Frito-Lay Inc.*, Case No. C 99-05272 PJH United States District Court (N.D. Cal.).

26) *Herrera v. Evergreen International Airlines, Inc.*, Case No. BC398078, Los Angeles Superior Court [settlement in favor of class].

27) *Yarbrough et al. v. Labor Ready, Inc.*, Case No.836186-2, Alameda County Superior Court.

28) *Helix Electric, Inc. vs. Division of Labor Standards Enforcement, et al.*, Case No. 05-CV-2303, United States District Court (N.D. Cal.).

29) *Hurd et al. v. Swissport USA*, Case No. BC398126, Los Angeles Superior Court [settlement in favor of class].

30) *Quintero, et al. v. KCB Towers, Inc.*, Case No. SCVSS 144871, San Bernardino County Superior Court [class certified].

31) *Hernandez et al. v. Central Precast Concrete, Inc.*, Case No. RG05247294, Alameda County Superior Court.

32) *Gabriel Perea, et al. vs. RPM Enterprises, Inc.*, et al., Case No. 03CC00424, Orange County Superior Court.

33) *Andrea Savaglio, et al. vs. Wal-Mart Stores, Inc.*, et al., Case No. C-835687-7, Alameda County Superior Court California, and No. A110120, Court of Appeal, First Appellate District.

34) *Kelly Smith, et al. vs. Helix Electric, Inc.*, Case No. 05 ASO 3603, Sacramento County Superior Court [settlement in favor of class].

35) *German Pimental, et al. vs. Dan Tudor & Sons, Inc.*, Case No. 247852-NFT, Kern County Superior Court.

36) *Joyce Ann Archibald, et al. vs. The United States Department Of Commerce, Bureau Of The Census*, Case No. 00-473 C, United States Court of Federal Claims.

37) *Sharon Daniels, et al. vs. Eden Hospital, et al.*, Case No. 834885-6, Alameda County Superior Court.

38) *United State Of America, ex rel. vs. G.E. Chen Construction, Inc., et al.*, Case No. C 96-02341 MJJ (MEJ), United States District Court, Northern District of California.

39) *Francisco Zavala, et al. vs. Hard Drywall, Inc., et al.*, Sonoma County Superior Court.

40) *Fidel Trejo, et al. vs. Dwayne Nash Industries, Inc., et al.*, Case No. 99AS01365, Sacramento County Superior Court.

41) *Jose Medina Cortez, et al. vs. Dwayne Nash Industries, Inc., et al.*, Case No. CIV S-99-2198 LKK JFM, United States District Court, Eastern District of California.

42) *Armando Ramirez, et al. vs. Labor Ready, Inc., et al.*, Case No. 836186-2, Alameda County Superior Court.

43) *Larnel Gibson, et al. vs. Labor Connection, Inc.*, Case No. 226114, Sonoma County Superior Court.

44) *Anne Maccue-Garcia vs. Dominican Santa Cruz Hospital, et al.*, Case No. 323513, San Francisco County Superior Court.

45) *Douglas Ziegler, et al. vs. Old Country Roofing Company, et al.*, Case No. 03AS06598, Sacramento County Superior Court.

46) *Rex Ronald Chesshire vs. Kirk Witherow, et al.*, Case No. M-45188, Monterey County Superior Court.

47) *Raul Ramirez, et al. vs. Tahoe Truckee Unified School District, et al.*, Case No. TS 98/140, Nevada County Superior Court.

48) *Charles Range, et al. vs. E.L. Wills, Inc., et al.*, Case No. 794347-0, Alameda County Superior Court.

49) *United States of America, ex rel. vs. San Luis Gonzaga Construction, Inc., et al.*, Case No. C-96-02350 PJH, United States District Court, Northern District of California.

50) *Rosalina Garcia, et al. vs. Sutter Building Maintenance, Inc., et al.*, Case No. 99 AS 05842, Sacramento County Superior Court.

51) *Carlos Valdez, et al. vs. SCR Group, Inc.*, Case No. BC232166, Los Angeles County Superior Court.

52) *Antonio Velazquez, et al. vs. State Roofing Systems, Inc., et al.*, Case No. 796646-8, Alameda County Superior Court.

53) *Michael Lacy, et al. vs. Western Insulation, Inc.*, Case No. 818970-9, Alameda County Superior Court.

54) *Matthews et al. v. Petrochem Insulation, Inc.*, Case No. 2002067565, Alameda County Superior Court.

## Other Labor & Employment Litigation

1) *SEIU-USWW et al. v. Preferred Building Services Inc.* (2021) 70 Cal.App.5th 403 [affirming grant of summary judgment to plaintiffs against employer that failed to retain its janitorial workforce in violation of the Displaced Janitor Opportunity Act and the Displaced Worker Protection Act].

2) *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111 [holding that an employment-related arbitration agreement was unconscionable and unenforceable under Code Civ. Proc., § 1281 due in part to extraordinarily high procedural unconscionability resulting from its complexity and presentation for immediate signing without explanation].

3) *County of Los Angeles v. Los Angeles County Employee Relations Commission* (2013) 56 Cal.4th 905 [privacy clause of the state constitution does not excuse County from disclosing represented employees' contact information to employees' union representatives].

4) *Hulteen, et al. v. AT & T. et al.* (9th Cir. 2007) 498 F.3d 1001 [Nationwide pregnancy discrimination action on behalf of a class of women who worked for AT&T and other Bell Operating System Companies before the Pregnancy Discrimination Act was passed in 1979 and who, upon requesting a determination of their retirement benefits in and after the mid-1990s, received substantially less service credit for periods of pregnancy-related leave than other employees who took leave during the same time period for other temporarily disabling medical conditions.  Under *Pallas v. Pacific Bell* (9th Cir.1991) 940 F.2d 1324, another case in which the firm served as co-counsel for the plaintiff, the district court granted the *Hulteen* plaintiffs' motion for summary judgment in the liability phase of the case.  The firm acted as co-counsel for the plaintiff class in the district court and took the lead in opposing and defeating AT&T's interlocutory appeal to the Ninth Circuit].  (Reversed by *AT&T Corp. v. Hulteen* (2009) 556 U.S. 701.)

5) *Lupiani v. Wal-Mart Stores, Inc.* (8th Cir. 2006) 435 F.3d 842 [Employees' claims that employer's ERISA plans undermined efforts to unionize and violated employer's fiduciary duty because they contained provisions making union-represented employees ineligible for certain benefits not preempted by the NLRA.  Wal-Mart modified its Summary Plan Description and paid attorneys fees].

6) *California Labor Federation, et al. v. Labor and Workforce Development Agency* (2005) 19 Cal.App.5th 12 [obtained writ of mandate directing the LWDA to cease further dissemination of a one-sided video "news release" that the respondents had produced, at taxpayers' expense, to promote anti-worker regulations proposed by the Division of Labor Standards Enforcement under the Schwarzenegger administration, which were designed to weaken workers' meal and rest break rights and remedies under the Labor Code. The trial court ruled that the use of public funds for this purpose was improper, and that the inclusion of comments only from employers and business interests that supported and advocated for the adoption of the proposed regulations violated the basic minimum procedural requirements of the Administrative Procedures Act].

7) *Local 2-1971 of PACE Int'l Union v. Cooper* (W.D.N.C. 2005) 364 F.Supp.2d 546 [first WARN Act case establishing liability despite the employer's claim of a lockout].

8) *State Personnel Board v. Department of Personnel Administration* (2005) 37 Cal.4th 512 [State Personnel Board (SPB) sought a writ of mandate challenging provisions of memoranda of understanding between the Department of Personnel Administration and various unions, which provided for arbitration as an alternative dispute resolution mechanism for litigating disciplinary action taken against State employees. The Supreme Court held that the statutes authorizing the MOU's violated the state Constitution's mandate that SPB review disciplinary actions against state civil service employees].

9) *Reynolds v. Bement* (2005) 36 Cal.4th 1075 [Amicus—Former shop managers for corporate employer filed a class action lawsuit against employer's officers, directors, and shareholders, seeking to recover for tortious acts and for alleged misclassification of class members in violation of wage laws, which required them to work unpaid overtime hours. The Supreme Court held that the defendants were not individually liable for the alleged misclassification under statute entitling employees to recover unpaid balance of owed overtime compensation from their "employer" in civil action].

10) *Service Employees Int'l. Union, Local 715, AFL-CIO v. Cupertino Union School Dist.* (2005) 131 Cal.App.4th 985 [public sector employees' union action to compel arbitration of a "contracting out" grievance against a school district—union did not forfeit its right to arbitrate the grievance by filing a timely, but procedurally defective, arbitration demand].

11) *City of Long Beach v. Department of Industrial Relations* (2004) 34 Cal.4th 942 [Amicus—City filed petition for writ of mandate challenging decision of Department of Industrial Relations that California's prevailing wage law ("PWL") applied to the construction of an animal shelter project that was financed in part with city funds. The Supreme Court held that the animal shelter project was not "public work" as defined by the former statute, and thus was not subject to PWL, and that an amendment to the statute redefining "public work" so as to include projects like the animal shelter applied prospectively only].

      12)     *Northern California Carpenters Regional Council v. Warmington Hercules Associates* (2004) 124 Cal.App.4th 296 [unfair business practices action against building contractors and subcontractors engaged in development of housing project for failure to pay prevailing wage under city redevelopment agency's policy—affirming denial of defendants' motion to strike complaint under California's anti-SLAPP (strategic lawsuit against public participation) statute].

      13)     *Int'l Assn. Of Machinists, Local 964 v. B.F. Goodrich* (9th Cir. 2004) 387 F.3d 1046 [judgment reaffirming lawfulness of practice of permitting full-time shop stewards to continue to draw regular wages].

      14)     *Independent Roofing Contractors v. California Apprenticeship Council* (2003) 114 Cal.App.4th 1330 [joint apprenticeship training program successfully fought a proposed geographic expansion of a "unilateral" apprenticeship program].

      15)     *Teamsters Local 856 v. Priceless, LLC* (2003) 112 Cal.App.4th 1500 [action seeking injunction to prohibit the release of individually identified earnings information pursuant to a request by a local newspaper under the California Public Records Act—affirming the granting of Union's motion for preliminary injunction, holding that the employees had a reasonable expectation of privacy in the information, and that the employees' interest in nondisclosure outweighed public interest in disclosure].

      16)     *Operating Engineers Local 3 v. Johnson* (2003) 110 Cal.App.4th 180 [County employee and her bargaining representative sued county and its chief probation officer, individually and in her official capacity, asserting claims including retaliation and invasion of privacy. The Court of Appeal affirmed the judgment awarding damages for invasion of privacy, holding that the exclusivity provision of the Workers Compensation Act did not bar the employee's constitutional privacy claim].

      17)     *City of Oakland v. Public Employees' Retirement System* (2002) 95 Cal.App.4th 29 [successful appeal of a trial court's decision to overturn a decision by the Public Employees' Retirement System Board to grant employees status].

      18)     *Associated Builders and Contractors, Inc. v. San Francisco Airports Comm.* (1999) 21 Cal.4th 352 [upholding legality of Project Labor Agreements under which companies bidding on large public works projects may be required to pay union wages, use union hiring halls, and adhere to a grievance procedure in disciplining or terminating employees].

      19)     *Security Farms v. International Broth. of Teamsters* (9th Cir. 1997) 124 F.3d 999 [farm labor damages suit removed and bankruptcy reference withdrawn].

      20)     *In re Rufener Const., Inc*. (9th Cir. 1995) 53 F.3d 1064 [labor agreements and chapter 7 bankruptcy].

      21)     *Service Employees International Union v. City of Redwood City* (1995) 32 Cal.App.4th 53 [status of fire prevention officers as peace officers for purposes of safety requirement].

22) *Lane v. IUOE Stationary Engineers* (1989) 212 Cal.App.3d 164 [duty of fair representation is not per se applicable to public employee unions when Civil Service matters are involved unless the union voluntarily agreed to afford representation].

23) *Pitman v. City of Oakland* (1988) 197 Cal.App.3d 1037 [no violation of Lab. Code § 432.7 or invasion of privacy when arrest results in conviction, even though plaintiff had not been convicted when the arrest information was disclosed].

24) *Johnson v. Transp. Agency* (1987) 480 U.S. 616 [decision to take into account the sex of a female employee in promoting her was made pursuant to an affirmative action plan that represented a moderate, flexible, case-by-case approach to effecting a gradual improvement in the representation of minorities and women in the agency's work force and was fully consistent with Title VII].

25) *Stuart v. Civil Service Commission* (1985) 174 Cal.App.3d 201 [Civil Service Rules which were inconsistent with the Charter of the City and County which had established the Civil Service Commission could not conflict with provisions of the Charter.  Therefore, where the Civil Service Rules that allowed for a shorter period of time to challenge a job interview than the Charter, the Charter controlled].

26) *George Day Constr. Co. v. United Bhd. of Carpenters & Joiners, Local 354* (9th Cir. 1984) 722 F.2d 1471 [Established that party who attends arbitration and permits arbitrator to decide the arbitrability question waives right to independent judicial evaluation on that issue].

27) *Mezey v. State of California* (1984) 161 Cal.App.3d 1060 [Effort on behalf of a state college instructor who was terminated in 1950 for failure to sign a loyalty oath but was not brought until 1981, was barred by the statute of limitations].

28) *Sheet Metal Workers' International Assn. Local No. 252 v. Standard Sheet Metal, Inc.* (9th Cir. 1983) 699 F.2d 481 [Established that failure to move to vacate arbitration award waives all defenses to enforcement].

29) *San Jose Federation of Teachers v. Superior Court* (1982) 132 Cal.App.3d 861— [Established the right of an arbitrator to reserve jurisdiction to resolve disputes concerning implementation of his award, and established that the court has the ability to confirm such an award].

30) *San Francisco Unified School District v. Superior Court* (1981) 116 Cal.App.3d 231—[Established parameters for discovery surrounding dismissal actions brought in connection with termination of certificated employees of school districts].

31) *Noguera v. North Monterey County Unified School District* (1980) 106 Cal.App.3d 64 [Established rights of employees of a public school district upon unification with another school district].

32) *Jarvis v. Corey* (1980) 28 Cal.3d 562 [Established the right of unions representing state employees to negotiating retroactive compensation with the State of California].

33) *Peralta Federation of Teachers v. Peralta Community College District* (1979) 24 Cal.3d 369 [Established right to tenure on behalf of part-time teachers employed by a community college district and to compensation at appropriate rate of pay based on semesters and percentage of full time taught].

34) *People v. General Motors Corp.* (1978) 78 Cal.App.3d 94 [Union did not breach the duty of fair representation when it negotiated a reasonable resolution of a grievance on behalf of a member].

35) *Ofsevit v. Trustees of Cal State University and Colleges* (1978) 21 Cal.3d 763 [Prohibited the California State University from firing a non-tenured instructor because of his exercise of free speech].

36) *Campbell Elementary Teachers Association v. Abbott* (1978) 76 Cal.App.3d 796 [Established principles and interpreted statutes concerning mass layoffs of teachers].

37) *United Teachers of Oakland v. Oakland Unified School District* (1977) 75 Cal.App.3d 322 [Established rights of teachers to assignment following return from sabbatical leave].

38) *Winters v. Unemployment Insurance Appeals Board* (1976) 63 Cal.App.3d 41 [Precedential decision concerning the obligation of the school district to send notices of layoff to teachers; dictated the contents of such notice].

39) *deGroat v. Newark Unified School District* (1976) 162 Cal.App.3d 538 [Overturned termination of a school teacher terminated for alleged unprofessional conduct because he had permitted a poetry reading which district administrators deemed to be offensive].

40) *Carpenters 46 County Conference Bd. v. Construction Industry Stabilization Committee* (N.D.Cal. 1975) 393 F.Supp. 480 [Union challenged Construction Industry Stabilization Committee (CISC) disapproval of a wage increase the union was scheduled to receive under collective bargaining agreement].

41) *Social Workers Union Local 535 v. Alameda County Welfare Department* (1974) 11 Cal.3d 382 [Established right of public employees to be represented by labor unions in meetings which might lead to disciplinary action.  The case was decided in advance of the United States Supreme Court's decision in *Weingarten*].

42) *In re Coleman* (1974) 12 Cal.3d 568 [Union officers cannot be held in contempt of court order prohibiting mass picketing unless it can be shown that the individual supervised and directed the conduct which constituted the violation of the order].

43) *In re Brown* (1973) 9 Cal.3d 612 [Individuals participating in a demonstration could not be convicted of disturbing the peace since the activity was constitutionally protected and the individuals were engaged in neither violence nor disruption].

44) *Comings v. State Board of Education* (1972) 23 Cal.App.3d 94 [Employees may not be terminated for activities occurring away from employment unless there was some connection or nexus to their employment].

45) *Bekiaris v. Board of Education* (1972) 6 Cal.3d 575 [Established the right of probationary employees to be free from termination or other discipline because of activities related to the exercise of First Amendment rights].

46) *Governing Board v. Brennan* (1971) 18 Cal.App.3d 396 [Public school teacher may be terminated for persistent violation of laws relating to use of controlled substances].

47) *Berkeley Federation of Teachers v. Berkeley Unified School District* (1966) 178 Cal.App.3d 775 [Set out guidelines concerning the manner in which adult school teachers may obtain permanent status].

48) *United States of America, ex rel. International Brotherhood et al. v. G.E. Chen Construction, Inc.,* C-96-2341 MJJ (N.D.Cal.) [false claims for labor violations].

49) *San Francisco Police Officers Ass'n v. City and County of San Francisco*, No. 324635, San Francisco Superior Court [San Francisco Police Officers Association and several individual officers sought injunctive relief to prohibit the city, the police commission, and the police chief from taking any further punitive action against the individual officers in disciplinary proceedings initiated by the office of citizen complaints—affirming a decision of the trial court granting the officers' request for a preliminary injunction because the city failed to notify each officer of its proposed disciplinary action within the statutory one-year period].

## Litigation on Behalf of ERISA Trust Funds

1) *Beck v. PACE International Union* (9th Cir. 2005) 427 F.3d 668 [merger into a multiemployer plan is a permissible way of terminating a single-employer pension plan, and the single employer owes a fiduciary duty to participants to consider the option impartially]. (Reversed by *Beck v. PACE Int'l Union* (2007) 551 U.S. 96.)

2) *Pension Trust Fund for Operating Engineers v. Federal Ins. Co.* (9th Cir. 2002) 307 F.3d 944 [$7 million judgment enforcing the duty of the defendant insurance company to defend on a fiduciary policy issued on behalf of our trust fund client].

3) *In re Tobacco Cases II* (2001) 93 Cal.App.4th 183, review granted, review dismissed sub nom *Operating Engineers Local 12 Fund v. Phillip Morris Inc.*, 59 P.3d 149, 128 Cal.Rptr.2d 74 (Cal. Nov. 20, 2002, No. S102633).

4) *California Ironworkers Field Pension Trust v. Loomis Sayles & Co.* (9th Cir. 2001) 259 F.3d 1036 [ERISA fiduciary breach in bond investments].

5) *Stationary Engineers Local 39 Health & Welfare Trust Fund v. Philip Morris Co.* (N.D.Cal. 1998) 1998 WL 476265 [tobacco-related injury to health plans].

6) *McMorgan & Co. v. First California Mortg. Co.* (N.D. Cal. 1995) 916 F.Supp. 966 [ERISA fiduciary breach by servicer of construction mortgages].

7) *Carpenters Health and Welfare Trust Fund for California v. Tri-Capital* (9th Cir. 1994) 25 F.3d 849 [ERISA preemption of State construction remedies].

8) *Operating Engineers Health and Welfare Trust Fund v. Mega Life and Health Ins. Co.*, No. C 02-04072 CRB (N.D.Cal.) [The firm represented ERISA trust fund in suit against insurer, seeking reimbursement under a stop loss policy for claims paid to five beneficiaries—requirement that proof of loss be submitted within 90 days applied to claims under the policy, but insurer failed to prove prejudice from the fund's untimely notice of claims].

9) *Pension Trust Fund Operating Engineers v. The Chubb Corporation*, *et al.* (N.D. Cal. No. C 99-0708-WHA) [Federal court action on behalf of pension trust fund under its fiduciary insurance policy for breach of insurer's duty to defend.  The case settled after the Ninth Circuit ruled that the insurer did, in fact, breach its duty to defend].

10) *Del Castillo, et al. v. Community Child Care Counsel of Santa Clara Co.*, U.S.D.C. Northern Dist. No. 5:17-cv-07243-BLF (ERISA).

147731\1297442